Patrice L. Bishop (182256)
pbishop@aftlaw.com
ABRAHAM, FRUCHTER
   & TWERSKY, LLP
9440 Santa Monica Blvd.
Bank of America Building
Suite 301
Beverly Hills, CA 90210
Tel: (310) 279-5125
Fax: (212) 279-3655

*Counsel for Proposed Lead Plaintiff*
*Trust of the Retirement System*
*of the UPR*

[*Additional Counsel on Signature Page*]

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUMEN MAKAVEEV, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>RXSIGHT, INC., RON KURTZ, and SHELLEY THUNEN,<br><br>Defendants. | Case No. 8:25-cv-01596-FWS (KESx)<br><br><u>CLASS ACTION</u><br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF THE TRUST OF THE RETIREMENT SYSTEM OF THE UPR FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF LEAD COUNSEL**<br><br>Date:   October 23, 2025<br>Time:  10:00 am<br>Crtrm: 10D – 10th Floor<br>Judge: Hon. Fred W. Slaughter |

[Caption Continues on Next Page]

OLGA GÉMESI, Individually and on Behalf of All Others Similarly Situated,

Plaintiff,

v.

RXSIGHT, INC., RON KURTZ, and SHELLEY THUNEN,

Defendants.

Case No. 8:25-cv-02093

The Trust of the Retirement System of the UPR (the "UPR Retirement Trust or "Movant"), through its undersigned counsel, respectfully submits this Memorandum of Points and Authorities in support of its Motion (the "Motion"): (1) consolidating the above-captioned actions; (2) appointing the UPR Retirement Trust as Lead Plaintiff pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"); and (3) approving the UPR Retirement Trust's selection of the law firm Abraham, Fruchter & Twersky, LLP ("AF&T") as Lead Counsel.

## I.    INTRODUCTION

The above-captioned class actions (the "Actions") are brought on behalf of purchasers of RxSight, Inc. ("RxSight" or the "Company") securities.  The claims asserted arise under Sections 10(b) and 20(a) of the Exchange Act, 15 U.S.C. §§78j(b) and 78t(a).  The Actions should be consolidated pursuant to this Court's authority under Rule 42(a) of the Federal Rules of Civil Procedure.

Both *Makaveev v. RxSight, Inc., et al.,* Case No. 8:25-cv-01596-FWS (KESx) ("Makaveev") and *Gémesi v. RxSight, Inc.*, Case No. 8:25-cv-02093 ("Gémesi") allege similar wrongful conduct and claims.  The primary difference between the two actions is that the Gémesi's class period begins on May 7, 2024, while the Makaveev's class period begins on November 7, 2024.  *See* Gémesi Dkt. 1, ¶4; Makaveev Dkt. 1, ¶1. Based on the independent investigation of the UPR Retirement Trust, the extended class period of May 7, 2024, through July 8, 2025, would best protect the interests of the putative Class members and would likely lead to the greatest potential recovery for the Class.

Notwithstanding this assessment, the law is clear that for the purposes of appointing the Lead Plaintiff under the PSLRA, the longest, most inclusive class period governs.  *See In re Elan Corp. Sec. Litig.*, No. 1:08-cv-08761-AKH, 2009 WL 1321167, at *1 (S.D.N.Y. May 11, 2009); *see also Plumbers & Pipefitters*

*Local 562 Pension Fund v. MGIC Inv. Corp.*, 256 F.R.D. 620, 625 (E.D. Wis. 2009); *In re BP, PLC Sec. Litig.*, 758 F. Supp. 2d 428, 434 (S.D. Tex. 2010). Accordingly, the Class Period alleged in the Gémesi (May 7, 2024, through July 8, 2025) is relied upon for this Motion.

Pursuant to the PSLRA, the Court is to appoint as lead plaintiff the movant who possesses the largest financial interest in the outcome of the Action and who satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The UPR Retirement Trust makes this Motion seeking appointment as Lead Plaintiff based upon its belief that it has the largest financial interest in the relief sought by the Class and is otherwise a typical and adequate representative of the Class. Further, the UPR Retirement Trust, a sophisticated institutional investor, is the exact type of plaintiff that Congress sought to have serve as Lead Plaintiff when it enacted the PSLRA. The UPR Retirement Trust has a significant financial interest in the litigation and the ability to supervise and monitor counsel. Moreover, the UPR Retirement Trust fully understands the Lead Plaintiff's obligations to the Class under the PSLRA and is willing and able to undertake those responsibilities to ensure the vigorous and efficient prosecution of this Action.

The UPR Retirement Trust has also demonstrated its adequacy through its selection and retention of AF&T, a law firm with substantial experience in prosecuting securities class actions, to serve as Lead Counsel for the Class. Therefore, as discussed in greater detail below, the UPR Retirement Trust respectfully requests that this Court appoint it as Lead Plaintiff and approve its selection of counsel as Lead Counsel.

///

///

///

## II.   STATEMENT OF FACTS

RxSight is a medical technology company specializing in light adjustable intraocular lenses used in cataract surgery.[1]  During the Class Period, Defendants repeatedly represented that RxSight was experiencing strong adoption of its system, robust demand for its products, and positioned for continued growth. Those statements were materially false and misleading.  In truth, RxSight faced mounting adoption problems that led to declining sales and utilization, while demand for its products was far weaker than Defendants represented.  As a result, RxSight was unlikely to meet its previously issued financial guidance. When the truth emerged through disclosures of declining Light Delivery Device sales, lower utilization, and slashed revenue guidance, the Company's stock price dropped nearly 38% in a single day. This collapse caused substantial financial losses to investors.

## III.   ARGUMENT

### A.   The UPR Retirement Trust is the Most Adequate Lead Plaintiff

The PSLRA provides a method for determining the "most adequate plaintiff" to serve as Lead Plaintiff in a securities fraud class action.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii).  First, the plaintiff must file a complaint or make a timely motion to be appointed lead plaintiff.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa). Second, the proposed lead plaintiff needs to have "the largest financial interest in the relief being sought by the [C]lass."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb). Third, the proposed lead plaintiff needs to "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc); *see also In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002).

---

[1] This summary of the Statement of Facts is based on the allegations in the Makaveev Complaint.

The UPR Retirement Trust believes it is the "most adequate plaintiff" because it satisfies all three elements. Accordingly, the UPR Retirement Trust should be appointed as Lead Plaintiff.

### 1. The UPR Retirement Trust Timely Moved for Appointment as Lead Plaintiff

Under the PSLRA, any class member may move for appointment as Lead Plaintiff within 60 days of the publication of notice that the first action asserting substantially the same claims has been filed. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i). On July 22, 2025, notice of Makaveev was published via Business Wire and provided September 22, 2025, as the deadline to submit lead plaintiff applications. *See* Bishop Decl. Ex. 1. The UPR Retirement Trust satisfies this requirement through the filing of this Motion.

### 2. The UPR Retirement Trust Has the Largest Financial Interest in the Relief Sought

The UPR Retirement Trust should be appointed Lead Plaintiff because it has the largest financial interest in this litigation as a result of having suffered losses from its purchases of RxSight common stock during the Class Period. 15 U.S.C. § 78u4(a)(3)(B)(iii)(I)(bb); Bishop Decl. Ex. 2-3. To the best of Movant's knowledge, there is no other applicant seeking Lead Plaintiff appointment that has a larger financial interest in the litigation, either individually or as an appropriate group. Accordingly, the UPR Retirement Trust has the largest financial interest among those seeking appointment as Lead Plaintiff and is the presumptive "most adequate plaintiff." 15 U.S.C. § 78u-4(a)(3)(B)(iii).

### 3. The UPR Retirement Trust Satisfies the Requirements of Rule 23

A lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). Rule

4

23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied:

> (1) the class is so numerous the joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a). "[T]he appointed lead plaintiff must only make a preliminary showing of adequacy and typicality at this stage of the litigation in contrast to the class certification stage[.]" *Perlmutter v. Intuitive Surgical, Inc.*, 2011 WL 566814, at *12, n.18 (N.D. Cal. Feb. 15, 2011); *see also Ferrari v. Gisch,* 225 F.R.D. 599, 606 (C.D. Cal. 2004) (only preliminary showing required), *citing Erikson v. Cornerstone Propane Ptnrs. LP*, 2003 WL 22232387, *3 (N.D. Cal. Sept. 15, 2003). Here, the UPR Retirement Trust satisfies both the typicality and adequacy requirements of Rule 23, thereby justifying its appointment as Lead Plaintiff.

Generally, the test of typicality "is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct." *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992), *citing Schwartz v. Harp*, 108 F.R.D. 279, 282 (C.D. Cal. 1985); *see also Mild v. PPG Indus., Inc.,* No. 2:18-cv-04231-RGK-JEM, 2019 WL 3345714, at *3 (C.D. Cal. July 25, 2019) (typicality satisfied where the proposed lead plaintiff shared substantially similar questions of law and fact with other members of the class and the claims arose from the same course of conduct by defendants), *quoting Armstrong v. Davis,* 275 F.3d 849, 868 (9th Cir. 2001). The UPR Retirement Trust's claims are typical of the claims of other purchasers of RxSight securities

because, like all members of the putative class, it purchased RxSight securities during the Class Period at prices artificially inflated by defendants' allegedly and materially false and misleading statements and omissions and suffered damages when the truth was revealed.  The UPR Retirement Trust's claims arise from the same course of events as all Class members and require the same legal arguments in order to prove defendants' liability.  As such, the UPR Retirement Trust satisfies the typicality requirement. *See Real v. Yuga Labs, Inc.,* No. 22-cv-c-8909-FMO-PLAx, 2023 WL 8000329, at *2 (C.D. Cal. Nov. 7, 2023) ("The test of typicality is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct."), *citing Wolin v. Jaguar Land Rover N. Am., LLC*, 617 F.3d 1168, 1175 (9th Cir. 2010).

The UPR Retirement Trust similarly satisfies the adequacy requirement of Rule 23 to "fairly and adequately protect the interests of the class."  Fed. R. Civ. P. 23(a)(4).  "With respect to adequacy, the Ninth Circuit uses a two-prong test to determine whether the representative parties meet this standard: '(1) do the named plaintiffs and their counsel have any conflicts of interest with other class members and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?'" *See Real,* 2023 WL 8000329, at *2, *quoting Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 985 (9th Cir. 2011); *see also Knox v. Yingli Green Energy Holding Co.*, 136 F. Supp. 3d 1159, 1165 (C.D. Cal. 2015) (requirement is met if "there are no conflicts between the representative and class interests and the representative's attorneys are qualified, experienced, and generally able to conduct the litigation."), *quoting  Richardson v. TVIA, Inc.*, No. C 06-06304, 2007 WL 1129344, *4-5 (N.D. Cal. Apr. 16, 2007) (*citing* Fed. R. Civ. P. 23(a)(4)) (further citation omitted).

Movant satisfies these elements because its substantial financial stake in the outcome of this litigation provides the incentive to represent the claims of the Class

vigorously, and it does not have interests that are antagonistic to the Class. Indeed, the UPR Retirement Trust is a sophisticated institutional investor, the type of investor Congress specifically sought to encourage to lead securities class actions in enacting the PSLRA. *See* H.R. Conf. Rep. No. 104369, at 34 (1995), as reprinted in 1995 U.S.C.C.A.N. 730, 733 (1995) (explaining that "increasing the role of institutional investors in class actions will ultimately benefit shareholders and assist courts by improving the quality of representation in securities class actions"); *Koffsmon v. Green Dot Corp.,* No. CV 19-10701 DDP (Ex), 2021 WL 3473975, at *4 (C.D. Cal. Aug. 6, 2021) ("Courts have indeed recognized that, '[i]n enacting the PSLRA, Congress unequivocally expressed its preference for securities fraud litigation to be directed by large institutional investors.'"), *quoting Knisley v. Network Assocs., Inc.,* 77 F. Supp. 2d 1111, 1115-16 (N.D. Cal. 1999. Movant satisfies the requirements of Section 21(a)(3)(B) and is presumptively the most adequate plaintiff. This presumption has not been, and cannot be, rebutted by proof that Movant "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." *See* 15 U.S.C. § 78u4(a)(3)(B)(iii)(II). Therefore, for the reasons stated above, the Court should appoint the UPR Retirement Trust as Lead Plaintiff.

**B.     The UPR Retirement Trust's Selection of Counsel Should Be Approved**

The PSLRA expressly provides that "[t]he most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 78u4(a)(3)(B)(v). The Court should not disturb a proposed lead plaintiff's choice of counsel unless it is necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

The UPR Retirement Trust has selected and retained AF&T to serve as Lead Counsel. AF&T has the commitment and ability to accomplish the required tasks because it has extensive experience and is highly competent in prosecuting similar

actions.  *See* Bishop Decl. Ex. 4 (firm resumé); *see also In re SunEdison, Inc. Sec. Litig.*, No. 16-md-02742-PKC, ECF No. 103 (S.D.N.Y. Dec. 22, 2016) (appointing AF&T lead counsel); *accord, e.g., Godinez v. Alere Inc., et al.*, No. 1:16-cv-10766 (PBS), ECF No. 152 (D. Mass. Dec. 22, 2017) (appointing AF&T co-lead counsel); *Utesch v. Lannett Company Inc., et al.*, No. 2:16-cv-05932 (WB), ECF No. 53 (E.D. Pa. Mar. 20, 2017) (appointing AF&T lead counsel); *Silverstrand Investments v. AMAG Pharmaceuticals et al.*, No. 1:10-cv-10470 (NMG), 10 ECF No. 24 (D. Mass Jul. 27, 2010) (same).

## IV.    CONCLUSION

The UPR Retirement Trust has satisfied each of the PSLRA's requirements for appointment as lead plaintiff.  Accordingly, the UPR Retirement Trust respectfully requests that the Court grant its motion that it be appointed Lead Plaintiff and that its selection of AF&T as Lead Counsel be approved.

ABRAHAM, FRUCHTER
& TWERSKY, LLP

Dated:  September 22, 2025          By: */s/ Patrice L. Bishop*
                                        Patrice L. Bishop
                                        9440 Santa Monica Blvd.
                                        Bank of America Building
                                        Suite 301
                                        Beverly Hills, CA 90210
                                        Tel:    (310) 279-5125
                                        Email: pbishop@aftlaw.com

///

///

///

8

ABRAHAM, FRUCHTER
 & TWERSKY, LLP
Mitchell M.Z. Twersky
Atara Twersky
Lawrence D. Levit
Dylan A. Berger
450 Seventh Avenue, 38th Floor
New York, NY  10123
Tel:    (212) 279-5050
Fax:    (212) 279-3655
Email: mtwersky@aftlaw.com
        atwersky@aftlaw.com
        llevit@aftlaw.com
        dberger@aftlaw.com

*Counsel for Proposed Lead Plaintiff Trust of the Retirement System of the UPR*

9