ROBBINS GELLER RUDMAN
  & DOWD LLP
DANIELLE S. MYERS (259916)
MICHAEL ALBERT (301120)
JUAN CARLOS SANCHEZ (301834)
KENNETH P. DOLITSKY (345400)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
dmyers@rgrdlaw.com
malbert@rgrdlaw.com
jsanchez@rgrdlaw.com
kdolitsky@rgrdlaw.com

Proposed Lead Counsel for Proposed Lead Plaintiff

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| RUMEN MAKAVEEV, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>RxSIGHT, INC., et al.,<br><br>Defendants. | Case No. 8:25-cv-01596-FWS-DFM<br><br><u>CLASS ACTION</u><br><br>MICHIGAN LABORERS' PENSION FUND'S OPPOSITION TO COMPETING LEAD PLAINTIFF MOTIONS<br><br>DATE:  October 23, 2025<br>TIME:  10:00 a.m.<br>JUDGE:  Hon. Fred W. Slaughter<br>CTRM:  10D |

4938-9189-5151.v1

## I.  INTRODUCTION

On September 22, 2025, three competing motions were filed by class members seeking appointment as lead plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"): (1) Michigan Laborers' Pension Fund (the "Pension Fund"); (2) Dr. David Goldman; and (3) Trust of the Retirement System of the UPR ("UPR Trust").  *See* ECF 22, 26, 30.[1]  On October 1, 2025, UPR Trust filed a notice of non-opposition acknowledging that the Pension Fund "possesses the 'largest financial interest' among the movants" and "is presumed to be the 'the most adequate plaintiff.'"  *See* ECF 34.  On October 2, 2025, Dr. Goldman filed a response noting that "the Michigan Laborers' Pension Fund (the 'Pension Fund') has the largest financial interest in this Case."  ECF 35.[2]  As such, the Pension Fund's motion is effectively unopposed.

Based on information contained in the lead plaintiff motions, the Pension Fund is the "most adequate plaintiff" within the meaning of the PSLRA as it possesses the "largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure."  15 U.S.C. §78u-4(a)(3)(B)(iii)(I).  With over $250,000 in losses incurred during the Class Period, the Pension Fund's financial interest "in the relief sought by the class" is undeniably more than that of any other movant:

---

[1]  All movants agree that: (1) the related actions *Makaveev v. RxSight, Inc.*, No. 8:25-cv-01596 (C.D. Cal.); and *Gémesi v. RxSight, Inc.*, No. 8:25-cv-02093 (C.D. Cal.) should be consolidated; and (2) the longer Class Period alleged in the *Gémesi* action should control for purposes of the Action.

[2]  Unless otherwise noted, all emphasis is added and citations are omitted.

- 1 -



In accordance with the PSLRA, the Pension Fund is therefore entitled to a strong presumption that it is the "most adequate plaintiff" because it has the largest financial interest in the litigation and made a *prima facie* showing of its typicality and adequacy. *See* ECF 23 at 4-6; 15 U.S.C. §78u-4(a)(3)(B)(iii)(I). That presumption can only be rebutted "upon proof" that the Pension Fund is inadequate or atypical. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii)(II). There are no facts, let alone any "proof," suggesting that the Pension Fund is somehow unfit to represent the class.

To the contrary, the Pension Fund – an institutional investor with experience serving as a fiduciary – is a qualified lead plaintiff candidate committed to vigorously prosecuting this litigation on behalf of all class members. In addition, the Pension Fund has chosen counsel with decades of experience litigating securities class actions. Accordingly, the Pension Fund is the "most adequate plaintiff" pursuant to the PSLRA.

Because the Pension Fund has the largest financial interest and satisfies the Rule 23 requirements, the Pension Fund respectfully requests that the Court grant its lead plaintiff motion.

## II.    ARGUMENT

According to the unambiguous language of the PSLRA, "[t]he 'most capable' plaintiff – and hence the lead plaintiff – is the one who has the greatest financial stake

- 2 -

4938-9189-5151.v1

in the outcome of the case, so long as he meets the requirements of Rule 23." *In re Cavanaugh*, 306 F.3d 726, 729 (9th Cir. 2002); 15 U.S.C. §78u-4(a)(3)(B)(iii).

"The Court should follow a 'three-step process for identifying the lead plaintiff pursuant to these criteria.'" *Roberti v. OSI Sys., Inc.*, 2014 WL 12845727, at *2 (C.D. Cal. Mar. 17, 2014) (quoting *Cavanaugh*, 306 F.3d at 729). The first step – publication of the pendency of this Action – has been completed. *See* ECF 24-1. In the next two steps, courts consider "potential lead plaintiffs one at a time, starting with the one who has the greatest financial interest, and continuing in descending order *if and only if* the presumptive lead plaintiff is found inadequate or atypical." *Cavanaugh*, 306 F.3d at 732.

### A. Only The Pension Fund Qualifies for the "Most Adequate Plaintiff" Presumption

#### 1. The Pension Fund Has the Largest Financial Interest

The second step consists of identifying the presumptive lead plaintiff. During this second stage of the three-step lead plaintiff inquiry, "'the district court must compare the financial stakes of the various plaintiffs and determine which one has the most to gain from the lawsuit.'" *In re Cheetah Mobile, Inc. Sec. Litig.*, 2021 WL 99635, at *2 (C.D. Cal. Jan. 12, 2021) (quoting *Cavanaugh*, 306 F.3d at 730). While the PSLRA does not delineate how financial interest should be assessed, the vast majority of courts in this District consider loss under the last-in, first-out ("LIFO") methodology the most important factor. *Ferreira v. Funko, Inc.*, 2020 WL 3246328, at *5 (C.D. Cal. June 11, 2020) ("Courts in the Ninth Circuit tend to employ the final method [(losses suffered)] and to use a 'last in, first out ('LIFO') methodology.'"); *Cheetah Mobile*, 2021 WL 99635, at *3 ("[T]he Court elects to follow the approach advanced by courts in the Ninth Circuit, elevating the importance of [losses suffered]."); *see also Ziqi Zhang v. 17 Educ. & Tech. Grp. Inc.*, No. 2:22-cv-02249-FWS-RAO, ECF 55 at 5 (C.D. Cal. Oct. 21, 2022) (Slaughter, J.) (this Court looking solely to claimed losses to evaluate largest financial interest). Examining each

- 3 -

4938-9189-5151.v1

movant's trading, it is apparent that the Pension Fund possesses the largest loss (more than 28% larger than the loss claimed by Dr. Goldman). *Compare* ECF 24-4 (the Pension Fund's loss chart evidencing LIFO losses of $253,462) *with* ECF 32-5 (Dr. Goldman's loss chart evidencing LIFO losses of $197,583) *and* ECF 28-3 (UPR Trust's loss chart evidencing LIFO losses of $171,400).

In sum, the Pension Fund possesses the largest financial interest. Pursuant to the PSLRA's process, "further inquiry must focus on [the Pension Fund] alone and be limited to determining whether [it] satisfies the other statutory requirements." *Cavanaugh*, 306 F.3d at 732.

**B.  The Pension Fund Also Satisfies the Rule 23 Requirements**

Because the Pension Fund possesses the greatest financial interest, the next question is whether it "otherwise satisfies the requirements of Rule 23." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). At this stage, the Rule 23 determination is limited to typicality and adequacy. *Cavanaugh*, 306 F.3d at 730. As evidenced by the information provided by the Pension Fund in its lead plaintiff application, there is no question that it is both typical of the putative class and adequate. *See* ECF 23 at 5-6. The Pension Fund satisfies the typicality requirement as its claims are essentially identical to those of all other class members and relies on the same factual and legal arguments. *Id.* The Pension Fund is also adequate because, among other things, its interests are aligned with those of other class members because all class members purchased RxSight, Inc. securities and were negatively impacted by defendants' alleged wrongdoing. Moreover, the Pension Fund is a sophisticated institutional investor with vast experience serving as a fiduciary on behalf of its participants and beneficiaries. As such, the Pension Fund is not just highly incentivized to vigorously prosecute this Action, but firmly committed to maximizing the recovery for putative class members harmed by the alleged wrongdoing. In addition, the Pension Fund selected a lead counsel that is highly qualified to prosecute this securities fraud class action. *See In re Enron Corp. Sec., Derivative & ERISA Litig.*, 586 F. Supp. 2d 732,

- 4 -

789-90, 797 (S.D. Tex. 2008) (Robbins Geller as sole lead counsel obtaining the largest securities recovery of all time; court finding that "it is one of the most successful law firms in securities class actions, if not the preeminent one, in the country"); *Karinski v. Stamps.com, Inc.*, No. 2:19-cv-01828-MWF-SK, ECF 215 at 2 (C.D. Cal. Mar. 17, 2022) (Approving $100 million settlement in a securities class action filed against Stamps.com and finding that: "Lead Counsel has pursued the Litigation and achieved the Settlement with skill, perseverance, and diligent advocacy[.]").

Because the Pension Fund has the largest financial interest and satisfies Rule 23's requirements, it is the presumptively "most adequate plaintiff."

### C.   The Presumption in the Pension Fund's Favor Cannot Be Rebutted

To rebut the presumption in favor of the Pension Fund's appointment as lead plaintiff, the PSLRA requires competing movants to submit "proof" that the Pension Fund "will not fairly and adequately protect the interests of the class," or are "subject to unique defenses." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II). None exists. Because Dr. Goldman and UPR Trust claim smaller losses than the Pension Fund and cannot rebut the presumption that the Pension Fund is the most adequate plaintiff, their motions must be denied. Indeed, pursuant to the PSLRA's sequential process, the Court may only consider Dr. Goldman's motion "if and *only if* [the Pension Fund is] found inadequate or atypical." *Cavanaugh*, 306 F.3d at 732. Because the Pension Fund is "both willing to serve and satisfies the requirements of Rule 23," Dr. Goldman and UPR Trust's motions should be denied. *Id.* at 730.

## III.   CONCLUSION

The Pension Fund suffered the greatest loss and demonstrated its ability to satisfy Rule 23's typicality and adequacy requirements. Dr. Goldman and UPR Trust acknowledge that the Pension Fund claims the largest financial interest and they have

- 5 -

4938-9189-5151.v1

not provided any of the proof necessary to rebut the presumption in favor of the Pension Fund. Accordingly, the Pension Fund's motion should be granted.

DATED: October 2, 2025

Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
DANIELLE S. MYERS
MICHAEL ALBERT
JUAN CARLOS SANCHEZ
KENNETH P. DOLITSKY

                s/ Danielle S. Myers
_____
            DANIELLE S. MYERS

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
dmyers@rgrdlaw.com
malbert@rgrdlaw.com
jsanchez@rgrdlaw.com
kdolitsky@rgrdlaw.com

Proposed Lead Counsel for Proposed Lead Plaintiff

WATKINS, PAWLICK, CALATI
  & PRIFTI, PC
LAUREN CRUMMEL
1423 E. Twelve Mile Road
Madison Heights, MI  48071
Telephone:  248/658-0797
248/658-0801 (fax)
lcrummel@wpcplaw.com

Additional Counsel

## LOCAL RULE 11-6.2 CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for the Pension Fund, certifies that this brief contains 1,507 words, which complies with the word limit of L.R. 11-6.1.

DATED: October 2, 2025

                s/ Danielle S. Myers
_____
            DANIELLE S. MYERS

- 6 -

4938-9189-5151.v1