UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:25-cv-01596-FWS-KES                  Date: October 6, 2025
Title: Rumen Makaveev v. RxSight, Inc. *et al.*

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| Damian Velazquez for Rolls Royce Paschal | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**PROCEEDINGS:**    ORDER GRANTING MICHIGAN LABORERS' PENSION FUND'S UNOPPOSED MOTION FOR CONSOLIDATION OF ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF LEAD COUNSEL [22] AND DENYING ALL OTHER SUCH MOTIONS [26] [30]

     Plaintiff Ruman Makaveev brings this putative securities class action against Defendants RxSight, Inc. ("RxSight"), Ron Kurtz, and Shelley Thunen, alleging that "Defendants made materially false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business, operations, and prospects." (Dkt. 1 (Complaint) ¶ 5.) Three movants—Michigan Laborers' Pension Fund (the "Pension Fund"), Trust of the Retirement System of the UPR ("UPR Retirement Trust"), and David Goldman ("Goldman")—and their counsel filed motions to consolidate cases, for appointment as lead plaintiff, and for approval of lead counsel. (Dkts. 22-23 ("Pension Fund Motion"), 26-27 ("UPR Motion"), 30-31 ("Goldman Motion").) The Pension Fund opposes the UPR Motion and the Goldman Motion. (Dkt. 37.) The UPR Retirement Trust and Goldman filed documents indicating they do not oppose the Pension Fund Motion, but remain ready and willing to represent the class if the court finds the Pension Fund does not meet the appointment criteria. (Dkts. 34-35.) Defendants also filed a notice of non-opposition to the motions. (Dkt. 36.) The Pension Fund Motion is therefore now unopposed. (*See* Dkt. 37 at 1.)

     The court finds these matters appropriate for resolution without oral argument. *See* Fed. R. Civ. P. 78(b) ("By rule or order, the court may provide for submitting and determining

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 8:25-cv-01596-FWS-KES | Date: October 6, 2025 |
| Title: Rumen Makaveev v. RxSight, Inc. *et al.* | |

motions on briefs, without oral hearings."); C.D. Cal. L.R. 7-15 (authorizing courts to "dispense with oral argument on any motion except where an oral hearing is required by statute"). Accordingly, the hearing set for October 23, 2025, is **VACATED** and off calendar. Based on the state of the record, as applied to the relevant law, the Pension Fund Motion is **GRANTED** and the UPR Motion and Goldman Motion are **DENIED.**

**I.     Analysis**

The court considers (1) consolidation, (2) appointment of a lead plaintiff, and (3) approval of lead counsel.

**A.     Consolidation**

This case was the first lawsuit against Defendants regarding the alleged securities violations filed in the Central District of California. A second case was filed against the same Defendants alleging the same claims based on the same facts in the Central District around two months later. *Gémesi v. RxSight, Inc., et al.*, Case No. 8:25-cv-02093 (C.D. Cal. September 16, 2025) ("*Gémesi*").

Where cases before a court "involve a common question of law or fact," the court may "(1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a). The decision whether to consolidate cases or issue other orders under Rule 42(a) is left to the broad discretion of the district court. *Inv'rs Research Co. v. U.S. Dist. Court for the Cent. Dist. of Cal.*, 877 F.2d 777, 777 (9th Cir. 1989). If there is a common question of law or fact, courts "weigh[] the saving of time and effort consolidation would produce against any inconvenience, delay, or expense that it would cause." *Huene v. United States*, 743 F.2d 703, 704 (9th Cir. 1984). "The party seeking consolidation bears the burden of establishing that the judicial economy and convenience benefits of consolidation outweigh any prejudice." *Single Chip Sys. Corp. v. Intermec IP Corp.*, 495 F. Supp. 2d 1052, 1057 (S.D. Cal. 2007). "If more than one action on behalf of a class asserting substantially the same [securities claims] has been filed, and any party has sought to consolidate those actions for pretrial purposes or for trial, the court

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:25-cv-01596-FWS-KES                                                         Date: October 6, 2025
Title: Rumen Makaveev v. RxSight, Inc. *et al.*

shall not [appoint a lead plaintiff] until after the decision on the motion to consolidate is rendered." 15 U.S.C.A. § 78u-4(a)(3)(B)(ii).

All movants and Defendants agree that this case should be consolidated with *Gémesi*. (*See* Pension Fund Mot. at 3; UPR Motion at 1; Goldman Mot. at 8-9; Dkt. 36 at 2.) And the court in its discretion finds that consolidation is appropriate. *See Inv'rs Research*, 877 F.2d at 777. The two cases involve identical Defendants and identical factual and legal questions. Substantial judicial economy and convenience will be achieved by handling the two cases together, including by holding a single jury trial (if it turns out one is needed). *See Single Chip*, 495 F. Supp. 2d at 1057. The time and effort saved through consolidation outweighs any minimal inconvenience, delay, or expense consolidation will cause. *See Huene*, 743 F.2d at 704. The Pension Fund Motion is therefore **GRANTED** as to consolidation of cases.

    **B.**    **Appointment of Lead Plaintiff**

A plaintiff who seeks to bring a securities class action under the Private Securities Litigation Reform Act ("PSLRA") must, within 20 days of the filing of the complaint, publish a notice of the putative class action's pendency, claims, and purported class period "in a widely circulated national business-oriented publication or wire service." 15 U.S.C. § 78u-4(a)(3)(A)(i). Any member of the purported class then has 60 days from the date on which the notice is published to file a motion to be appointed lead plaintiff. *Id.*

The Complaint in this case was filed on July 22, 2025. That same day, a notice was published through Business Wire advising potential class members of, among other things, the claims alleged in the Complaint, the Class Period, and the 60-day deadline for class members to move to be appointed as lead counsel. (Dkt. 24 (Declaration of Danielle S. Myers, "Myers Decl.") ¶ 2, Ex. A.) The Pension Fund timely filed this motion for appointment as lead plaintiff. (Pension Fund Mot. at 5.) Although two other movants also filed such a motions, they have both since advised that they do not oppose the Pension Fund Motion. (Dkts. 34-35.) The Pension Fund submits a PSLRA certification, in which it attests that it has reviewed the Complaint, authorized the filing of the motion for appointment as lead plaintiff, is willing to serve as representative of the class, and describes the relevant securities transactions the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:25-cv-01596-FWS-KES                                Date: October 6, 2025
Title: Rumen Makaveev v. RxSight, Inc. *et al.*

Pension Fund made during the class period. (Myers Decl. ¶ 2, Ex. C.) The court finds the Pension Fund has satisfied the procedural requirements of the PSLRA.

     In choosing a lead plaintiff, courts presume that the most adequate plaintiff is the person or entity that (1) either filed the complaint or a motion in response to the publication of notice of the action, (2) has the largest financial interest in the relief sought by the class, and (3) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *see In re Cavanaugh*, 306 F.3d 726, 729–30 (9th Cir. 2002) (explaining that the "presumptively most adequate plaintiff—and hence the presumptive lead plaintiff"—is "the one who has the largest financial interest in the relief sought by the class" and otherwise satisfies the requirements of Rule 23). The Pension Fund states that it suffered a loss of $253,462.82 on its purchases of relevant securities during the class period, and "[t]o the best of its counsel's knowledge, there are no other plaintiffs with a larger financial interest." (Pension Fund Mot. at 5; Myers Decl. ¶ 2, Ex. D; *see also* Dkt. 37 at 2 (chart comparing movants' losses), 3-4.) The UPR Retirement Trust and Goldman both recognize that the Pension Fund has the largest financial interest among the movants. (Dkt. 34 at 1; Dkt. 35 at 1.)[1]

     The Pension Fund has also made a sufficient preliminary showing that it can satisfy Rule 23's typicality and adequacy requirements.[2] *See Cavanaugh*, 306 F.3d at 730 (explaining that for purposes of appointing a lead plaintiff, the focus is only on the typicality and adequacy prongs of Rule 23(a)). A prospective lead plaintiff's claims are typical of other class members' claims when they arise from the same course of conduct that gives rise to the claims of the class members and are based on the same legal theory. *Zhu v. UCBH Holdings, Inc.*, 682 F. Supp. 2d 1049, 1053 (N.D. Cal. 2010) (citing *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992)). The Pension Fund is an RxSight investor that seeks to bring suit on behalf of other investors who acquired RxSight securities during the class period. (*See* Pension Fund Mot. at

---

[1] "Defendants take no position as to the appointment of lead plaintiff and/or the selection of counsel." (Dkt. 36 at 3.)

[2] "Defendants do not concede that this litigation should be certified as a class action or that any movant is a proper class representative. Defendants reserve all rights to challenge class certification or the adequacy or typicality of the lead plaintiff, if and when such a motion is filed, pursuant to Federal Rule of Civil Procedure 23." (Dkt. 36 at 3.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:25-cv-01596-FWS-KES                                              Date: October 6, 2025
Title: Rumen Makaveev v. RxSight, Inc. *et al.*

---

5-6; *see also* Dkt. 37 at 4 ("The Pension Fund satisfies the typicality requirement as its claims are essentially identical to those of all other class members and relies on the same factual and legal arguments.").) The Complaint alleges that Defendants' misrepresentations have resulted in losses for those investors. (*See* Compl. ¶ 5.) The court finds the Pension Fund makes a sufficient preliminary showing that the Pension Funds' claims are typical of the claims of the other members of the investor class. (*See* Pension Fund Mot. at 5-6.)

A prospective lead plaintiff is "adequate" if the person or entity does not have conflicts of interest with the proposed class. When evaluating whether a class representative is adequate, courts assess whether it has interests antagonistic to the class, and whether its counsel have the necessary capabilities and qualifications. *In re Emulex Corp.*, 210 F.R.D. 717, 720 (C.D. Cal. 2002). There is no evidence of any conflicts of interest between the Pension Fund and other RxSight investors. (*See* Pension Fund Mot. at 5-6.) The Pension Fund's interests align with those of other class members because each member of the class purchased RxSight securities relying on Defendants' allegedly misleading statements. (*See* Compl. ¶ 5; Pension Fund Mot. at 5-6; *see also* Dkt. 37 at 4 ("The Pension Fund is also adequate because, among other things, its interests are aligned with those of other class members because all class members purchased RxSight, Inc. securities and were negatively impacted by defendants' alleged wrongdoing.").) And the Pension Fund has represented that it is willing and able to undertake the responsibility of serving as lead plaintiff and has retained experienced counsel. (Myers Decl. ¶ 2, Ex. C.) Accordingly, because the court finds the Pension Fund has satisfied all three statutory elements under 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I), the court **GRANTS** the Pension Fund Motion as to designation as lead plaintiff in this case.

### C. Approval of Lead Counsel

The PSLRA provides that once the court has selected the most adequate plaintiff, the "most adequate plaintiff shall, subject to approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 78u-4(a)(3)(B)(v). The statute grants the court discretionary authority to refuse to approve a lead plaintiff's selection of counsel. *In re Cohen*, 586 F.3d 703, 709 (9th Cir. 2009). The Pension Fund has selected Robbins Geller Rudman & Dowd LLP as its counsel. The court has reviewed the information submitted about the firm, (Pension Fund Mot. at 6-7 & n.3), and observes that the firm has successfully served as counsel in many other

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 8:25-cv-01596-FWS-KES | Date: October 6, 2025 |
| Title: Rumen Makaveev v. RxSight, Inc. *et al.* | |

securities class actions and its attorneys have extensive experience in handling large, complex securities litigation. (*See id.*; *see also* Dkt. 37 at 4-5 (collecting cases in which courts praised the firm's work).) Accordingly, the court **GRANTS** the Pension Fund's motion as to approval of lead counsel.

## II.    Disposition

For the foregoing reasons, the Pension Fund Motion is **GRANTED**.  The UPR Retirement Trust Motion and the Goldman Motion are **DENIED.**  Accordingly, the court **ORDERS** as follows:

Pursuant to 15 U.S.C. §78u-4(a)(3)(B), Michigan Laborers' Pension Fund is **APPOINTED** Lead Plaintiff for the class.  Pursuant to 15 U.S.C. §78u-4(a)(3)(B)(v), Lead Plaintiff's selection of Robbins Geller Rudman & Dowd LLP as Lead Counsel is **APPROVED**.

Pursuant to Rule 42(a) of the Federal Rules of Civil Procedure, *Makaveev v. RxSight, Inc. et al.*, Case No. 8:25-cv-01596-FWS-KES; and *Gémesi v. RxSight, Inc. et al.*, Case No. 8:25-cv-02093-FWS-DFM are hereby **CONSOLIDATED.**  The court designates *Makaveev v. RxSight, Inc. et al.*, Case No. 8:25-cv-01596-FWS-KES as the lead case.  The court respectfully **DIRECTS** the Clerk to administratively close *Gémesi v. RxSight, Inc. et al.*, Case No. 8:25-cv-02093-FWS-DFM.  No further filings shall be made in *Gémesi*.

All future filings shall be made only in the lead case with the following caption:

//
//
//
//
//
//
//
//

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:25-cv-01596-FWS-KES                                             Date: October 6, 2025
Title: Rumen Makaveev v. RxSight, Inc. *et al.*

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION**

| | |
|---|---|
| In re RXSIGHT, INC. SECURITIES LITIGATION | Case No. 8:25-cv-01596-FWS-KES <br> <u>CLASS ACTION</u> |
| This Document Relates To: <br> ALL ACTIONS. | |

    In the future, when a document being filed pertains to all actions, the phrase "All Actions" shall appear immediately after the phrase "This Document Relates To:". When a document applies to one, but not both, of the actions, the document shall list, immediately after the phrase "This Document Relates To:", the docket number for the individual action to which the document applies, along with the last name of the first-listed plaintiff in said action.

    The parties shall notify the court of any securities class actions arising out of substantially similar facts and claims on behalf of purchasers of RxSight, Inc. securities subsequently filed in, or transferred to, this District within a reasonable time of becoming aware of such related action, and provide the parties' positions on whether such actions should be consolidated into this action, so that the court may consider whether consolidation is appropriate.

    This Order is entered without prejudice to the rights of any party to apply for severance of any claim or action, with good cause shown.

    Unless the parties stipulate otherwise, a Consolidated Complaint shall be filed in the lead case on or before **October 27, 2025**.

    **IT IS SO ORDERED.**