Gregory L. Watts, State Bar No. 197126
Email: gwatts@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
95 South State Street, Suite 1000
Salt Lake City, UT 84111
Telephone: (801) 401-8510
Facsimile: (866) 974-7329

Diane M. Walters, State Bar No. 148136
Email: dwalters@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, California 94304-1050
Telephone: (650) 493-9300
Facsimile: (866) 974-7329

*Attorneys for Defendants*
*RxSight, Inc., Ron Kurtz,*
*and Shelley Thunen*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## SOUTHERN DIVISION

| | |
|---|---|
| In re RxSIGHT, INC. SECURITIES LITIGATION<br><br><br>This Document Relates To:<br><br>ALL ACTIONS. | Case No. 8:25-cv-01596-FWS-KES<br><br>CLASS ACTION<br><br>**DEFENDANTS' NOTICE OF INCORPORATION BY REFERENCE AND REQUEST FOR JUDICIAL NOTICE**<br><br>Date: May 28, 2026<br>Time: 10:00 a.m.<br>Courtroom: 10D, 10th Floor<br>Judge: Hon. Fred W. Slaughter |

Defendants, RxSight, Inc. ("RxSight" or the "Company") and Ron Kurtz and Shelley Thunen (the "Individual Defendants," collectively with RxSight, "Defendants") hereby request that the Court consider certain documents incorporated by reference in Plaintiff's consolidated Amended Complaint (the "CAC" or "¶ _"; ECF No. 46) and/or take judicial notice of certain documents submitted in support of Defendants' motion to dismiss the CAC ("Motion to Dismiss"), attached as Exhibits 1-14 to the Declaration of Diane M. Walters ("Walters Declaration").

**ARGUMENT**

The Supreme Court has held that, in ruling on a motion to dismiss a Section 10(b) claim, "courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007); *see also Wochos v. Tesla, Inc.*, 985 F.3d 1180, 1185 (9th Cir. 2021) ("When reviewing a motion to dismiss," courts "may also consider 'materials incorporated into the complaint by reference' and any 'matters of which [courts] may take judicial notice.'") (citation omitted).  As set forth below, the Court may consider the exhibits to the Walters Declaration because all of the exhibits are either incorporated by reference in the Complaint and/or are proper subjects of judicial notice.

**I.      THE COURT MAY CONSIDER DOCUMENTS INCORPORATED BY REFERENCE IN THE CAC**

Incorporation by reference "is a judicially created doctrine that treats certain documents as though they are part of the complaint itself." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018), *cert. den.*, 587 U.S. 1014 (2019).  Under this doctrine, the Court may consider a document "if the plaintiff

DEFENDANTS' NOTICE OF INCORPORATION BY REFERENCE & RJN
CASE NO. 8:25-CV-01596-FWS-KES

-1-

refers extensively to the document or the document forms the basis of the plaintiff's claim." *Id.* (citation omitted).  The doctrine permits courts to consider the full text of documents that a complaint quotes or references in order to "prevent plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims." *Id.*

The Ninth Circuit and district courts consider documents that are incorporated by reference in evaluating whether a complaint satisfies the pleading requirements of the Private Securities Litigation Reform Act ("PSLRA").  *See Prodanova v. H.C. Wainwright & Co.*, 993 F.3d 1097, 1105 (9th Cir. 2021) ("Our review includes the face of the complaint, all materials incorporated into the complaint by reference, and evidence properly subject to judicial notice.") (citation omitted); *Zucco Partners, LLC v. Digimarc Corp.,* 552 F.3d 981, 991 (9th Cir. 2009) (Courts in "reviewing a complaint's scienter allegations under the PSLRA must 'consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.").

Courts routinely consider SEC filings, press releases, earnings call transcripts, and other documents incorporated by reference in a plaintiff's complaint in evaluating motions to dismiss.  *See, e.g.*, *PAR Inv. Partners, L.P. v. Aruba Networks, Inc.*, 681 F. App'x 618, 620 (9th Cir. 2017) (considering risk disclosures regarding competition in SEC Form 10-K and finding that "[g]iven these disclosures" the challenged statements regarding competition "were not materially misleading and therefore do not satisfy the heightened pleading standards under the [PSLRA]"); *McGovney v. Aerohive Networks, Inc.*, 367 F. Supp. 3d 1038, 1051 (N.D. Cal. 2019) (considering earnings call transcripts and SEC filings as incorporated by reference into the complaint); *Okla. Firefighters Pension & Ret. Sys. v. IXIA*, 2015 WL 1775221, at *15 (C.D. Cal. Apr. 14, 2015) (finding that the court could consider

SEC Forms 4 not expressly referenced in the complaint under the doctrine of incorporation by reference)*; Patel v. Parnes*, 253 F.R.D. 531, 545 (C.D. Cal. 2008) ("Courts may consider securities offering and corporate disclosure documents referenced in a complaint.").

Because the exhibits cited below form the basis of Plaintiff's claims and/or are referred to extensively in the CAC, the Court may consider the full text and context of the relevant documents in evaluating the allegedly misleading statements and omissions. *See, e.g.*, *Kang v. PayPal Holdings, Inc.*, 620 F. Supp. 3d 884, 896 (N.D. Cal. 2022) ("incorporation by reference of this exhibit is necessary to assess the veracity of the challenged statement in context"). As the Ninth Circuit has stated, consideration of the "full text" of such documents, "including portions which were not mentioned in the complaint[,]" is appropriate in the context of a motion to dismiss. *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1405 n.4 (9th Cir. 1996); *In re Nvidia Corp. Sec. Litig.*, 768 F.3d 1046, 1058 n.10 (9th Cir. 2014) (because plaintiffs "rely[] on portions" of the declaration "in their complaint, we may properly consider the declaration in its entirety")

Accordingly, Defendants respectfully request that the Court consider the following documents, which form the basis of Plaintiff's claims and/or are referred to extensively in the CAC, under the incorporated by reference doctrine:

1.  **Exhibit 1:** Excerpts from RxSight's Form 10-K for the fiscal year 2023 ("FY23"), filed with the SEC on February 28, 2024. Plaintiff alleges that Dr. Kurtz and Ms. Thunen signed Sarbanes-Oxley ("SOX") certifications for the Form 10-K filed on February 28, 2024 (¶¶23-24) and cites SOX certifications as purported evidence of scienter (¶164).

2.  **Exhibit 3**: Excerpts from RxSight's Form 10-K for FY24, filed with the SEC on February 25, 2025. Plaintiff alleges that the Form 10-K filed on February 25, 2025 purportedly "failed to disclose material information required pursuant to

DEFENDANTS' NOTICE OF INCORPORATION BY REFERENCE & RJN
CASE NO. 8:25-CV-01596-FWS-KES

-3-

Item 303 [of SEC Regulation S-K] concerning the then-known trend of adoption gaps and challenges, flat adoption, and slowing adoption by cohort[.]"   ¶147. Because Plaintiff alleges that the FY24 Form 10-K failed to disclose material information, the FY24 Form 10-K forms the basis of Plaintiff's claims.

3.   **Exhibit 4**:  FactSet transcript of RxSight's conference call on April 3, 2025.  The April 3, 2025 conference call is referenced in the CAC at ¶¶64-65, 111-16, 134-136.  The April 3, 2025 conference call is referenced extensively in the CAC, and Plaintiff alleges that Defendants made allegedly false and misleading statements and/or omissions during the April 3, 2025 conference call that form the basis of Plaintiffs' claims.  *See, e.g.*, ¶¶111-116; *see also* ¶¶134-136 (loss causation allegations).

4.   **Exhibit 5**:  S&P Global transcript of RxSight's conference call on July 8, 2025. The July 8, 2025 conference call is referenced in the CAC at ¶¶13, 18, 66-69, 121-123, 137-143.   Plaintiff references the July 8, 2025 conference call extensively in the CAC, and it forms the basis of Plaintiff's claims.  Plaintiff alleges that the putative class period ends on July 8, 2025 when the "truth" purportedly was revealed.  ¶¶121-123; *see also* ¶¶137-140 (loss causation allegations).

5.   **Exhibit 6:**  Excerpts from RxSight's Form S-3 filed with the SEC on May 8, 2024 (defined in the CAC as "Offering Materials").  The Offering Materials are referenced in the CAC at ¶¶ 81, 82, 83(a)-(d), 84.  Plaintiff alleges that the Offering Materials contained allegedly false and misleading statements and/or omissions that form the basis of plaintiffs' claims.  *E.g.*, ¶¶82-84.

6.   **Exhibit 7**:  S&P Global transcript of RxSight's 3Q2024 earnings call on November 7, 2024.  The November 7, 2024 earnings call is referenced in the CAC at ¶¶15, 62, 99(a)-(b), 100(a)-(b), 101, 128-130, 158-159.  The November 7, 2024 earnings call is referenced extensively in the CAC, and Plaintiff alleges that Defendants made false and misleading statements and/or omissions during the

DEFENDANTS' NOTICE OF INCORPORATION BY REFERENCE & RJN
CASE NO. 8:25-CV-01596-FWS-KES

-4-

November 7, 2024 earnings call that form the basis of Plaintiff's claims. *See, e.g.*, ¶¶99-100; *see also* ¶¶128-130 (loss causation allegations).

7. **Exhibit 8**: S&P Global transcript of RxSight's 1Q2025 earnings call on May 7, 2025. The May 7, 2025 earnings call is referenced in the CAC at ¶¶117, 118(a)-(e), 119(a)-(j), 120. Plaintiffs allege that Defendants made false and misleading statements and/or omissions during the May 7, 2025 earnings call that form the basis of Plaintiff's claims. *See, e.g.*, ¶¶117-119.

8. **Exhibit 9**: Wells Fargo report dated July 10, 2024. The July 10, 2024 Wells Fargo report is referenced in the CAC at ¶¶ 14, 60-61, 89, 93, 126-127. Plaintiff cites the July 10, 2024 Wells Fargo report extensively in the CAC, and the report forms the basis of Plaintiff's claims. *See, e.g.*, ¶89.

9. **Exhibit 12:** S&P Global transcript of RxSight's 4Q24 and FY24 earnings call on February 25, 2025. The February 25, 2025 earnings call is referenced in the CAC at ¶¶106-108. Plaintiff alleges that Defendants made allegedly false and misleading statements and/or omissions during the February 25, 2025 earnings call that form the basis of Plaintiff's claims. *See, e.g.*, ¶106.

## II. THE COURT ALSO MAY TAKE JUDICIAL NOTICE OF THE EXHIBITS

Courts may take judicial notice of information "not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

### A. SEC Filings

Judicial notice of RxSight's SEC filings is appropriate because they are matters of public record and "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). Courts routinely take judicial notice of documents filed with the SEC in evaluating motions

to dismiss pursuant to the PSLRA. *See Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1064 n.7 (9th Cir. 2008) (holding that the district court properly took judicial notice of SEC filings); *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1278 (11th Cir. 1999) ("SEC filings are generally recognized as the most accurate and authoritative source of public information about a company."); *Waterford Twp. Police v. Mattel, Inc.*, 321 F. Supp. 3d 1133, 1143 (C.D. Cal. May 24, 2018) (courts may take judicial notice of information that is "publicly available to reasonable investors at the time the defendant made the allegedly false statements"), *aff'd sub nom., Castro v. Mattel, Inc.*, 794 F. App'x 669 (9th Cir. 2020); *ScripsAmerica, Inc. v. Ironridge Glob. LLC*, 119 F. Supp. 3d 1213, 1231 (C.D. Cal. 2015) ("the court will take judicial notice of . . . documents filed with the SEC"); *Okla. Firefighters*, 2015 WL 1775221, at *15-16 (same).

Courts also routinely take judicial notice of Forms 4 and proxy statements filed with the SEC in evaluating defendants' transactions in company securities. *See, e.g., Curry v. Yelp Inc.*, 875 F.3d 1219, 1226 n.2 (9th Cir. 2017) (noting that the Forms 4 "indicate that the vast majority of Individual Defendants' stock sales were made pursuant to a Rule 10b5-1 plan"); *Park v. GoPro, Inc.*, 2019 WL 1231175, at *7 (N.D. Cal. Mar. 15, 2019) (taking judicial notice of fact that defendants "sold their shares pursuant to a 10b5-1 plan"); *Veal v. LendingClub Corp.*, 2020 WL 3128909, at *5 (N.D. Cal. June 12, 2020) (taking judicial notice of Form 4 reflecting defendants' purchases of company stock), *aff'd*, 2021 WL 4281301 (9th Cir. Sept. 21, 2021); *In re SolarCity Corp. Sec. Litig.*, 274 F. Supp. 3d 972, 988 (N.D. Cal. 2017) (courts "have taken judicial notice of SEC Form 4 and proxy statements, even when those documents were not referenced in the pleadings in order to prove that stock sales were made or were not made").

Defendants request that the Court take judicial notice of the following

documents, which were publicly filed with the SEC[1]:

1.    **<u>Exhibit 1</u>:**  Excerpts from RxSight's Form 10-K for FY23, filed with the SEC on February 28, 2024.

2.    **<u>Exhibit 2</u>**:  RxSight's February 25, 2025 press release, filed with the SEC as Exhibit 99.1 to SEC Form 8-K on February 25, 2025.

3.    **<u>Exhibit 3</u>**:  Excerpts from RxSight's Form 10-K for FY24, filed with the SEC on February 25, 2025.

4.    **<u>Exhibit 6</u>:**  Excerpts from RxSight's Form S-3 filed with the SEC on May 8, 2024.

5.    **<u>Exhibit 10</u>:**  Forms 4 filed with the SEC on behalf of Dr. Ron Kurtz during the putative class period.

6.    **<u>Exhibit 11</u>**:  Forms 4 filed with the SEC on behalf of Shelley Thunen during the putative class period.

**7.    <u>Exhibit 13</u>**:  Excerpts of RxSight's annual proxy statement, filed with the SEC on April 21, 2025.

**B.    Conference Call Transcripts**

Courts may also take judicial notice of transcripts of company conference calls.  *See, e.g.*, *Waterford Twp. Police*, 321 F. Supp. 3d at 1143 ("It is appropriate for the Court to take judicial notice of [transcripts from earnings calls]"); *Patel*, 253 F.R.D. at 546-47 (same); *Golub v. Gigamon Inc.*, 372 F. Supp. 3d 1033, 1043 (N.D. Cal. 2019) (taking judicial notice of conference call transcripts), *aff'd*, 847 F. App'x 368 (9th Cir. 2021).

Because Plaintiff alleges that Defendants made false and misleading statements during each of the conference calls referenced below, and because

---

[1] As discussed in Section I, *supra*, Exhibits 1, 3, and 6 to the Walters Declaration also are properly considered by the Court as they are incorporated by reference in the CAC.

Plaintiff provides only partial excerpts of the challenged statements, Defendants ask that the Court take judicial notice of the full text of the transcripts in evaluating the allegedly misleading statements in context. *See, e.g.*, *Lowe v. Tandem Diabetes Care, Inc.*, 2024 WL 1898473, at *5 (S.D. Cal. Apr. 30, 2024) (taking judicial notice of investor/analyst conference call transcripts; "Plaintiffs quote from these conference calls extensively and many of Defendants' allegedly false or misleading statements upon which Plaintiffs base their claims occurred during these calls").

Accordingly, judicial notice of the following documents attached as exhibits to the Walters Declaration is appropriate[2]:

1. **Exhibit 4**:  FactSet transcript of RxSight's conference call on April 3, 2025.  The April 3, 2025 conference call is referenced in the CAC at ¶¶64-65, 111-15, 134-136.

2. **Exhibit 5**:  S&P Global transcript of RxSight's conference call on July 8, 2025.  The July 8, 2025 conference call is referenced in the CAC at ¶¶13, 18, 66-69, 121-123, 137-143.

3. **Exhibit 7**:  S&P Global transcript of RxSight's 3Q2024 earnings call on November 7, 2024.  The November 7, 2024 earnings call is referenced in the CAC at ¶¶15, 62, 99(a)-(b), 100(a)-(b), 101, 128-130, 158-159.

4. **Exhibit 8**:  S&P Global transcript of RxSight's 1Q2025 earnings call on May 7, 2025.  The May 7, 2025 earnings call is referenced in the CAC at ¶¶117, 118(a)-(e), 119(a)-(j), 120.

5. **Exhibit 12:**  S&P Global transcript of RxSight's 4Q24 and FY24 earnings call on February 25, 2025.  The February 25, 2025 earnings call is referenced in the

---

[2] As discussed in Section I, *supra*, Exhibits 4, 5, 7, 8, and 12 to the Walters Declaration also are properly considered by the Court as they are incorporated by reference in the CAC.

CAC at ¶¶106-108.

## C. Government Web Sites

Public materials available on federal agency websites—such as the FDA's—are proper subjects of judicial notice because they are publicly available and derived from sources whose accuracy cannot reasonably be questioned. *See, e.g.*, *Sneed v. AcelRx Pharms., Inc.*, 2024 WL 2059121, at *4 (C.D. Cal. May 7, 2024) ("The Court takes judicial notice of . . . pages from the AcelRx and FDA Websites, which are publicly available and thus proper subjects for judicial notice"), *aff'd*, 147 F.4th 1123 (9th Cir. 2025); *Funke v. Sorin Grp. USA, Inc.*, 147 F. Supp. 3d 1017, 1123 n.1 (C.D. Cal. 2015) ("The Court hereby takes judicial notice of that document because it is a public document available on the FDA website").

Accordingly, Defendants respectfully request that the Court take judicial notice of the following exhibit:

1.    **Exhibit 14**:  Excerpts of the Summary of Safety and Effectiveness Data for RxSight, Inc.'s Light Adjustable Lens and Light Delivery Device, available on the U.S. Food and Drug Administration's web site at:

https://www.accessdata.fda.gov/cdrh_docs/pdf16/P160055B.pdf.

* * *

WHEREFORE, Defendants respectfully request that the Court consider and take judicial notice of the above-referenced documents in connection with Defendants' Motion to Dismiss the Complaint.

Dated: February 13, 2026

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By: /s/   *Diane M. Walters*
        Diane M. Walters

*Attorneys for Defendants RxSight, Inc., Ron Kurtz, and Shelley Thunen*