UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| In re RxSIGHT, INC. SECURITIES LITIGATION<br><br>_____<br><br>This Document Relates To:<br><br>ALL ACTIONS.<br>_____ | Case No. 8:25-cv-01596-FWS-KES<br><br><u>CLASS ACTION</u><br><br>[PROPOSED] ORDER DENYING DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT |

4919-0142-5817.v1

Presently before the Court are the Motion to Dismiss Amended Complaint (ECF 47) filed by defendants RxSight, Inc., Ron Kurtz, and Shelley Thunen (collectively, "Defendants") (the "Motion"), seeking dismissal of Lead Plaintiff Michigan Laborers' Pension Fund's ("Plaintiff") Amended Complaint for Violations of the Federal Securities Laws (ECF 46) (the "Complaint"), and Plaintiff's Memorandum in Opposition to Defendants' Motion to Dismiss Amended Complaint ("Opposition") (ECF 50).

Having considered the papers submitted in support of and in opposition to the Motion and the arguments of counsel, for the reasons set forth herein, the Court finds that Plaintiff has satisfied the pleading requirements of the Private Securities Litigation Reform Act of 1995 ("PSLRA") and Federal Rule of Civil Procedure 9(b), and adequately alleges violations of §§10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act"), Rule 10b-5(b), and Item 303 of Regulation S-K.[1]

Accordingly, for the reasons set forth below, the Court **DENIES** Defendants' Motion in its entirety.

## I.    THE COMPLAINT ADEQUATELY PLEADS FALSITY

Under the PSLRA, a securities fraud complaint must "'specify each statement alleged to have been misleading'" and "'the reason or reasons why the statement is misleading.'" *In re VeriFone Holdings, Inc. Sec. Litig.*, 704 F.3d 694, 701 (9th Cir. 2012) (citation omitted); *In re Daou Sys., Inc.*, 411 F.3d 1006, 1022 (9th Cir. 2005). To determine falsity, "the court applies the objective standard of a 'reasonable investor'" and does "not require a 'strong inference of fraud'" but rather "the ***reasonable inference*** standard of plausibility set out in *Twombly* and *Iqbal*." *Glazer Cap. Mgmt., L.P. v. Forescout Techs., Inc.*, 63 F.4th 747, 764, 766 (9th Cir. 2023) (citations omitted; emphasis in original).

---

[1]   Defendants do not challenge elements of a Rule 10b-5 claim apart from falsity and scienter, and they do not challenge Plaintiff's §20(a) claim on independent grounds. Memorandum of Points and Authorities in Support of Defendants' Motion to Dismiss (ECF 47-1) at 23.

- 1 -

4919-0142-5817.v1

Here, Plaintiff identifies each statement and its source, speaker, and date chronologically, providing specific factual reasons why each statement was misleading by time period.[2] For example, Plaintiff alleges that Defendants' statements about cohort and utilization growth were misleading because Defendants later admitted contemporaneously knowing the opposite based on internal data; and that Defendants' statements about patient outcomes were misleading because they reflected controlled study data while uncontrolled real-world outcomes materially differed. Such allegations adequately plead the falsity of Defendants' alleged misrepresentations under the PSLRA. *See, e.g.*, *Karinski v. Stamps.com, Inc.*, 2020 WL 281716, at *9 (C.D. Cal. Jan. 17, 2020) ("quot[ing] specific statements and then explain[ing] in the subsequent paragraphs why they are allegedly false and misleading" satisfies the PSLRA).

## II. THE COMPLAINT ADEQUATELY PLEADS SCIENTER

To plead scienter under the PSLRA, a complaint must plead with particularity facts giving rise to a "strong inference" that defendants acted with intent to deceive or with deliberate recklessness. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322-23 (2007); *VeriFone Holdings*, 704 F.3d at 701; *Daou Sys.*, 411 F.3d at 1022. Courts must consider the allegations collectively and determine whether the inference of scienter is at least as compelling as any opposing inference. *Tellabs*, 551 U.S. at 322-23.

The Court finds that the Complaint raises a strong inference of scienter because it alleges that Defendants later admitted observing flat utilization and adoption challenges during the same period in which they publicly described accelerating adoption and utilization, which alone supports a strong inference of scienter.[3] *See In re Apple Inc. Sec. Litig.*, 2020 WL 6482014, at *10 (N.D. Cal. Nov. 4, 2020). The

---

[2] *E.g.*, Complaint, ¶¶73, 75-76, 78, 82-83, 85-86, 91-92, 95, 99-100, 104, 106, 110-113, 117-118.

[3] Complaint, ¶¶148-159.

- 2 -

Complaint's allegations that Defendants referenced internal data and customer feedback when making the challenged statements further support a strong inference of scienter.[4]  *See Reese v. Malone*, 747 F.3d 557, 572 (9th Cir. 2014) (defendants' reference to internal reports or data supports a strong inference of scienter); *see also Baron v. Hyrecar Inc.*, 2022 WL 17413562, at *13 (C.D. Cal. Dec. 5, 2022) ("'particularized allegations that defendants had actual access to the disputed information raise a strong inference of scienter'") (citation omitted).

The Complaint's core operations allegations also independently support a strong inference of scienter, *Constr. Laborers Pension Tr. of Greater St. Louis v. Funko Inc.*, 166 F.4th 805, 832 (9th Cir. 2026), as do allegations regarding: (a) insider trading and the secondary public offering; (b) the reward rebate system; (c) executed SOX certifications; and (d) other statements made by the Individual Defendants throughout the Class Period.[5]

Considering all of these allegations holistically, the Complaint raises an inference of scienter that is at least as compelling as any competing inference. *Tellabs*, 551 U.S. at 322-23.[6]

## III. THE COMPLAINT ADEQUATELY PLEADS AN ITEM 303 CLAIM

Item 303 requires disclosure of "known trends or uncertainties that have had or that are reasonably likely to have a material favorable or unfavorable impact on net sales or revenues or income from continuing operations."  17 C.F.R. §229.303(b)(2)(ii).  Item 303 violations can support Rule 10b-5 liability where the omission renders other statements misleading.  *Macquarie Infrastructure Corp. v. Moab Partners, L.P.*, 601 U.S. 257, 265 (2024).

---

[4]  Complaint, ¶¶148-159.

[5]  *See* Complaint, ¶¶148-168.

[6]  Plaintiff adequately pleads a §20(a) claim having adequately pleaded a §10(b) claim.  *See Ind. Pub. Ret. Sys. v. Rivian Auto., Inc.*, 2025 WL 2426714, at *7 (C.D. Cal. Aug. 20, 2025).

- 3 -

4919-0142-5817.v1

The Complaint alleges that Defendants were aware of worsening adoption trends and flat utilization rates that were likely to materially impact the Company's operations and revenue. Plaintiff further alleges that Defendants omitted these trends while making affirmative statements describing strong adoption and utilization growth.[7] These allegations are sufficient at the pleading stage to support an Item 303 claim. *See In re ON24, Inc. Sec. Litig.*, 2026 WL 45259, at *3 (9th Cir. Jan. 7, 2026).

## IV. CONCLUSION

Having considered the papers submitted in support of and in opposition to Defendants' Motion to Dismiss Amended Complaint, the argument of counsel, and good cause appearing therefor, the Court hereby **ORDERS** that Defendants' Motion to Dismiss Amended Complaint is **DENIED**.

IT IS SO ORDERED.

DATED: _____     _____

THE HONORABLE FRED W. SLAUGHTER
UNITED STATES DISTRICT JUDGE

---

[7] Complaint, ¶¶144-147.

- 4 -

4919-0142-5817.v1