ROBBINS GELLER RUDMAN
  & DOWD LLP
SPENCER A. BURKHOLZ (147029)
LAURA ANDRACCHIO (187773)
CHRISTOPHER R. KINNON (316850)
ASHLEY G. PYLE (364175)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
spenceb@rgrdlaw.com
landracchio@rgrdlaw.com
ckinnon@rgrdlaw.com
apyle@rgrdlaw.com

Lead Counsel for Lead Plaintiff

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| In re RxSIGHT, INC. SECURITIES LITIGATION | Case No. 8:25-cv-01596-FWS-KES |
| | <u>CLASS ACTION</u> |
| This Document Relates To: | PLAINTIFF'S RESPONSE TO DEFENDANTS' NOTICE OF INCORPORATION BY REFERENCE AND REQUEST FOR JUDICIAL NOTICE |
| ALL ACTIONS. | |
| | DATE:        May 28, 2026<br>TIME:        10:00 a.m.<br>CTRM:        10D<br>JUDGE:      Hon. Fred W. Slaughter |

4905-3671-9257.v1

**TABLE OF CONTENTS**

**Page**

I.     Introduction ........................................................................................... 1

II.    Legal Standard........................................................................................ 2

III.   Defendants' Request for Judicial Notice Should Be Denied .......................... 3

    A.    Defendants Improperly Seek Judicial Notice of Entire, Voluminous Documents.................................................................. 3

    B.    Exhibits 1, 2, 3, 6, 10, 11, 13, and 14 May Not Be Judicially Noticed Where Defendants Seek to Resolve Disputed Facts............... 4

    C.    Exhibits 4, 5, 7, 8, and 12 Are Not Subject to Judicial Notice ............. 8

IV.    Defendants' Request for Incorporation By Reference Is an Improper Attempt to Advance Defendants' Own Factual Narrative ........................... 10

    A.    Incorporation By Reference of RxSight's Forms 10-K (Exhibits 1 and 3) is Improper .............................................................. 10

    B.    Incorporation By Reference of RxSight's Conference Call Transcripts, RxSight's Form S-3, and a Wells Fargo Report (Exhibits 4, 5, 6, 7, 8, 9, and 12) is Improper ..................................... 12

V.     Conclusion............................................................................................ 13

4905-3671-9257.v1

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Alghazwi v. Beauty Health Co.*,
801 F. Supp. 3d 982 (C.D. Cal. 2025)..........................................................4, 6, 7

*Baron v. Hyrecar Inc.*,
2022 WL 17413562 (C.D. Cal. Dec. 5, 2022) ...................................................6, 7

*Curry v. Yelp Inc.*,
875 F.3d 1219 (9th Cir. 2017)................................................................................7

*Funke v. Sorin Grp. USA, Inc.*,
147 F. Supp. 3d 1017 (C.D. Cal. 2015)..................................................................7

*Golub v. Gigamon Inc.*,
372 F. Supp. 3d 1033 (N.D. Cal. 2019) ..................................................................8

*In re Biovie Inc. Sec. Litig.*,
2025 WL 947667 (D. Nev. Mar. 27, 2025)..........................................................7, 8

*In re Doximity, Inc. Sec. Litig.*,
2025 WL 1449598 (N.D. Cal. May 13, 2025) ..........................................6, 9, 10

*In re Green Dot Corp. Sec. Litig.*,
2024 WL 1356253 (C.D. Cal. Mar. 29, 2024) ....................................2, 4, 12, 13

*In re Immune Response Sec. Litig.*,
375 F. Supp. 2d 983 (S.D. Cal. 2005) ....................................................................3

*In re Mattel, Inc. Sec. Litig.*,
2021 WL 1259405 (C.D. Cal. Jan. 26, 2021)......................................................12

*In re NVIDIA Corp. Sec. Litig.*,
768 F.3d 1046 (9th Cir. 2014)..............................................................................12

*In re Obalon Therapeutics, Inc.*,
2019 WL 4729461 (S.D. Cal. Sep. 25, 2019) ......................................................6

*In re Semtech Corp. Sec. Litig.*,
2025 WL 2884810 (C.D. Cal. Oct. 7, 2025).......................................................6, 9

4905-3671-9257.v1

**Page**

*In re SolarCity Corp. Sec. Litig.*,
 274 F. Supp. 3d 972 (N.D. Cal. 2017)..................................................................... 7

*In re Stac Elecs. Sec. Litig.*,
 89 F.3d 1399 (9th Cir. 1996) ................................................................................ 12

*In re Tracht Gut, LLC*,
 836 F.3d 1146 (9th Cir. 2016) .............................................................................. 10

*Kang v. PayPal Holdings, Inc.*,
 620 F. Supp. 3d 884 (N.D. Cal. 2022)................................................................... 12

*Khoja v. Orexigen Therapeutics, Inc.*,
 899 F.3d 988 (9th Cir. 2018) ........................................................................*passim*

*Lowe v. Tandem Diabetes Care Inc.*,
 2024 WL 1898473 (S.D. Cal. Apr. 30, 2024) ........................................................ 8

*Maiman v. Talbott*,
 2010 WL 11421950 (C.D. Cal. Aug. 9, 2010) ........................................................ 5

*McGovney v. Aerohive Networks, Inc.*,
 367 F. Supp. 3d 1038 (N.D. Cal. 2019) ............................................................... 10

*Okla. Firefighters Pension & Ret. Sys. v. IXIA*,
 2015 WL 1775221 (C.D. Cal. Apr. 14, 2015)....................................................... 11

*PAR Inv. Partners, L.P. v. Aruba Networks, Inc.*,
 681 F. App'x 618 (9th Cir. 2017)......................................................................... 10

*Park v. GoPro, Inc.*,
 2019 WL 1231175 (N.D. Cal. Mar. 15, 2019) ....................................................... 7

*Patel v. Parnes*,
 253 F.R.D. 531 (C.D. Cal. 2008) ........................................................................... 8

*Prodanova v. H.C. Wainwright & Co., LLC*,
 993 F.3d 1097 (9th Cir. 2021)............................................................................... 10

- iii -

**Page**

*Reina-Rodriguez v. United States*,
    655 F.3d 1182 (9th Cir. 2011) ................................................................... 8

*Rollins v. Dignity Health*,
    338 F. Supp. 3d 1025 (N.D. Cal. 2018) ................................................... 9

*Sneed v. AcelRx Pharms., Inc.*,
    2024 WL 2059121 (N.D. Cal. May 7, 2024) ........................................... 7

*United States v. Corinthian Colls.*,
    655 F.3d 984 (9th Cir. 2011) ................................................................... 4

*Veal v. LendingClub Corp.*,
    2020 WL 3128909 (N.D. Cal. June 12, 2020) ......................................... 7

*Waterford Twp. Police v. Mattel, Inc.*,
    321 F. Supp. 3d 1133 (C.D. Cal. 2018) ................................................... 8

*Zucco Partners, LLC v. Digimarc Corp.*,
    552 F.3d 981 (9th Cir. 2009) ................................................................. 10

**STATUTES, RULES, AND REGULATIONS**

Federal Rules of Evidence
    Rule 201(a) ................................................................................................ 5
    Rule 201(b) ......................................................................................... 2, 3, 5
    Rule 201(b)(1) ......................................................................................... 2, 8
    Rule 201(b)(2) ......................................................................................... 2, 8

- iv -

Lead Plaintiff Michigan Laborers' Pension Fund ("Plaintiff") hereby respectfully submits this response to Defendants' Notice of Incorporation by Reference and Request for Judicial Notice (ECF 48) (the "Request"). The Request seeks to add to Plaintiff's Complaint 14 extraneous documents, which are attached to the Declaration of Diane M. Walters (ECF 47-2) ("Walters Decl.") and filed in support of Defendants' Notice of Motion and Motion to Dismiss Amended Complaint (ECF 47) ("MTD").[1]

## I.    Introduction

The Ninth Circuit has warned against "a concerning pattern in securities cases like this one: exploiting the[] procedures [of judicial notice and incorporation-by-reference doctrine] improperly to defeat what would otherwise constitute adequately stated claims at the pleading stage." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018). Nevertheless, Defendants[2] ask the Court to judicially notice and/or incorporate by reference 14 extrinsic documents totaling over 450 pages in support of their MTD—several of which they use to improperly introduce into the record facts not alleged in the Complaint. Request at 3-5.

Although the ***existence*** of some of these exhibits may not be in dispute, the truth of facts contained within them (and the inferences Defendants seek to draw from them) certainly are. Here, Defendants' Request seeks to use voluminous exhibits to present an alternative set of "facts" to dispute Plaintiff's well-pleaded allegations. But the Ninth Circuit has held that this "overuse and improper application of judicial notice and the incorporation-by-reference doctrine" is improper. *See Khoja*, 899 F.3d at 998-99 ("If defendants are permitted to present their own version of the facts at the pleading stage . . . it becomes near impossible for even the most aggrieved plaintiff to

[1]    "Complaint" refers to the Amended Complaint for Violations of the Federal Securities Laws (ECF 46). Unless otherwise noted, all "¶__" and "¶¶__" references are to the Complaint, emphasis is added and citations are omitted.

[2]    "Defendants" refer to RxSight, Inc. ("RxSight"), Ron Kurtz ("Kurtz"), and Shelley Thunen ("Thunen").

- 1 -

4905-3671-9257.v1

demonstrate a sufficiently 'plausible' claim for relief."). Because Defendants draw upon those exhibits to create factual disputes, the Court cannot accept them as true in considering Defendants' MTD. *Id.*

For the reasons below, the Court should deny Defendants' Request. Alternatively, should the Court consider Defendants' exhibits for their truth in deciding the MTD or any disputed issue of fact, Plaintiff respectfully requests discovery concerning these documents under Federal Rule of Civil Procedure 56(f) before the Court adjudicates Defendants' MTD.

## II.    Legal Standard

"Generally, district courts may not consider material outside the pleadings when assessing the sufficiency of a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Khoja*, 899 F.3d at 998. When "'matters outside the pleading are presented to and not excluded by the court,' the 12(b)(6) motion converts into a motion for summary judgment under Rule 56." *Id.* In that case, "both parties must have the opportunity 'to present all the material that is pertinent to the motion.'" *Id.*

The judicial notice and incorporation-by-reference doctrines are two limited exceptions to this rule. Courts may take judicial notice of matters of public record "not subject to reasonable dispute" pursuant to Federal Rule of Evidence 201. Fed. R. Evid. 201(b). A fact is "not subject to reasonable dispute" if it is "generally known" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(1)-(2). "But a court cannot take judicial notice of ***disputed*** facts contained in such public records." *Khoja*, 899 F.3d at 999. Accordingly, the Ninth Circuit requires a district court to "'consider—and identify—which fact or facts it is [judicially] noticing.'" *In re Green Dot Corp. Sec. Litig.*, 2024 WL 1356253, at *3 (C.D. Cal. Mar. 29, 2024).

The "incorporation-by-reference doctrine" treats certain documents as though they are part of the complaint itself. *Khoja*, 899 F.3d at 1003. However, a document must be referred to "extensively" by Plaintiff to be incorporated by reference: "'[T]he

- 2 -

mere mention of the existence of a document is insufficient to incorporate [its] contents'" under Ninth Circuit law. *Id.* at 1002. Furthermore, "if the document merely creates a defense to the well-pled allegations in the complaint, then that document did not necessarily form the basis of the complaint. Otherwise, defendants could use the doctrine to insert their own version of events into the complaint to defeat otherwise cognizable claims." *Id.* (citing, *inter alia*, *In re Immune Response Sec. Litig.*, 375 F. Supp. 2d 983, 995-96 (S.D. Cal. 2005)) (declining to incorporate exhibits not mentioned or relied on in the complaint but offered "as evidence that Defendants did not commit [a] securities violation"); *see also id.* at 1014 ("Although plaintiffs are ordinarily afforded the benefit of every favorable inference, the incorporation-by-reference doctrine can allow defendants to exploit that benefit for themselves."). The Ninth Circuit therefore holds that the incorporation-by-reference doctrine cannot be used as "a tool for defendants to short-circuit the resolution of a well-pleaded claim." *Id.* at 1003.

## III. Defendants' Request for Judicial Notice Should Be Denied

### A. Defendants Improperly Seek Judicial Notice of Entire, Voluminous Documents

Defendants request judicial notice of 13 lengthy exhibits, including hundreds of pages of U.S. Securities and Exchange Commission ("SEC") filings, entire conference call transcripts, and an excerpt from an FDA website, without identifying a single specific fact for the Court to notice in any of them. Request at 7-9 (seeking judicial notice of Exhibits 1-8 and 10-14). For this reason alone, their Request should be denied. *See Khoja*, 899 F.3d at 999 ("Just because the document itself is susceptible to judicial notice does not mean that every assertion of fact within that document is judicially noticeable for its truth."). A request for judicial notice must supply the Court with "necessary information" to "consider—and identify"—the specific fact or facts it may judicially notice from a document. Fed. R. Evid. 201(b); *Khoja*, 899 F.3d at 999. Defendants do not do so here. Instead, they ask the Court to notice in their

- 3 -

4905-3671-9257.v1

entirety Exhibits 2, 4, 5, 7, 8, 10, 11, 12, and 14, which include complete conference call transcripts and SEC filings, and to notice unspecified "excerpts" of entire SEC filings at Exhibits 1, 3, 6, and 13 totaling ***over 300 pages***.  Request at 6-9.

Without being referred to particular adjudicative facts in each lengthy exhibit, the Court cannot conduct the analysis required under Federal Rule of Evidence 201. *See, e.g.*, *Green Dot*, 2024 WL 1356253, at *3 ("Although it is clear that Defendants want this Court to take judicial notice of the contents, and not merely the existence, of these documents, Defendants' RJN does not identify any particular facts.  This Court cannot, therefore, conduct the analysis required under Rule 201.").  This deficiency alone warrants denial.

**B.    Exhibits 1, 2, 3, 6, 10, 11, 13, and 14 May Not Be Judicially Noticed Where Defendants Seek to Resolve Disputed Facts**

Exhibits 1, 2, 3, 6, 10, 11, and 13 are SEC filings made by Defendants on SEC Forms 10-K, 8-K, S-3, 4, and 14A.  Request at 7.  Although courts may take judicial notice of the existence and contents of SEC filings, they may not take notice of the truth of the matters asserted therein.  *See Alghazwi v. Beauty Health Co.*, 801 F. Supp. 3d 982, 1001 (C.D. Cal. 2025) (taking judicial notice of the existence and contents of SEC filings but denying notice to the extent defendants sought to have the court accept the truth of the contents); *see also Khoja*, 899 F.3d at 999.  Similarly, "a court cannot take judicial notice of disputed facts" in SEC filings.  *Khoja*, 899 F.3d at 999; *United States v. Corinthian Colls.*, 655 F.3d 984, 999 (9th Cir. 2011) (courts "may not, on the basis of evidence outside of the Complaint, take judicial notice of facts favorable to Defendants that could reasonably be disputed").[3]

---

[3]    Defendants' authorities on judicial notice of SEC filings rely on case law predating *Khoja*.  Request at 5-6.  Under *Khoja*, while courts may take judicial notice of SEC filings, such notice is strictly limited to the existence of the documents and the fact that certain statements were made—not for the truth of the matters asserted therein. *See* 899 F.3d at 998-1000 (warning that courts may not take judicial notice of disputed facts in public records and cautioning against the "overuse and improper application" of judicial notice in securities cases).

4905-3671-9257.v1

Here, Defendants rely on these filings in their MTD not merely to establish the existence of the documents but for the truth of representations in them and to dispute Plaintiff's well-pleaded allegations. For example, Defendants rely on Exhibits 1-3 to assert RxSight's reported revenues and cautionary statements about guidance—none of which Plaintiff pleads—thereby improperly injecting factual disputes about disclosures into a pleading determination. Memorandum of Points and Authorities in Support of Defendants' Motion to Dismiss (ECF 47-1) ("Mem.") at 3-5. Defendants' improper use of these exhibits is clear because they cite only to these exhibits—not to any paragraph in the Complaint—for the facts they attempt to inject into the record. Mem. at 4. Defendants also cite "excerpts" of Exhibit 3, the fiscal year ("FY") 2024 Form 10-K, for the truth of the number of LAL (light adjustable lens) surgeries performed and LDDs (light delivery devices) installed, and for the purpose of disputing and undermining Plaintiff's allegations about patient outcomes and sources thereof. *Id.* at 9 (again without any complaint references). In seeking judicial notice for these purposes, Defendants improperly ask the Court to accept the accuracy and significance of reported figures and to draw inferences adverse to Plaintiff to make inappropriate merits determinations at the pleading stage. *See Khoja*, 899 F.3d at 999-1000; *Maiman v. Talbott*, 2010 WL 11421950, at *7 (C.D. Cal. Aug. 9, 2010) ("judicial notice should not be taken of the ***truth*** of their [SEC filings] contents").

Defendants request that the Court take judicial notice of RxSight's February 25, 2025 press release (Exhibit 2) is also improper because this press release is not alleged in the Complaint. Request at 7; *see also* Mem. at 4 (citing Exhibit 2 for RxSight's FY 2024 revenue results, which are not alleged in the Complaint). Judicial notice is limited to adjudicative facts that are relevant and necessary to the resolution of the motion. Fed. R. Evid. 201(a)-(b). The February 25, 2025 press release is not necessary to the Court's analysis of Plaintiff's claims because Plaintiff does not allege it or the representations contained in it. Exhibit 2 therefore falls outside the proper

- 5 -

4905-3671-9257.v1

scope of judicial notice at the pleading stage. *Baron v. Hyrecar Inc.*, 2022 WL 17413562, at *6 (C.D. Cal. Dec. 5, 2022).

Defendants cite Exhibit 6 (RxSight's Form S-3) to counter Plaintiff's allegations that Defendants misled investors about the efficacy of the RxSight System,[4] invoking Phase 4 study data represented in the Form S-3 to argue that clinical results were accurate and supported their public statements. Mem. at 8. Although the Court may take judicial notice of the existence and contents of the Form S-3, it may not accept as true the clinical data reported therein or rely on it to resolve factual disputes or negate Plaintiff's claim. *See Alghazwi*, 801 F. Supp. 3d at 1001; *Khoja*, 899 F.3d at 999; *In re Semtech Corp. Sec. Litig.*, 2025 WL 2884810, at *4 (C.D. Cal. Oct. 7, 2025) (denying request for judicial notice "[b]ecause Defendants offer these documents to challenge the truth of Plaintiff's factual allegations"); *In re Doximity, Inc. Sec. Litig.*, 2025 WL 1449598, at *2 (N.D. Cal. May 13, 2025) (denying judicial notice as defendants' request was an attempt to characterize the facts at the pleadings stage and put facts in dispute). Similarly, Defendants improperly cite Exhibit 14, excerpts of an FDA study, to dispute Plaintiff's allegations that the study results misled investors about non-study, uncontrolled outcomes. Mem. at 8 n.5. But as the Ninth Circuit explained in *Khoja*, judicial notice is improper where "there is a reasonable dispute as to what the report establishes." 899 F.3d at 1001. Here, the parties dispute whether the FDA study establishes the misleading nature of Defendants' statements and omissions about patient outcomes in the study, which differed materially from patient outcomes in non-study settings, so that judicial notice of Exhibit 14 is improper. *See In re Obalon Therapeutics, Inc.*, 2019 WL 4729461, at *4 (S.D. Cal. Sep. 25, 2019) (denying judicial notice where plaintiffs adequately

---

[4] ¶¶73, 75-76, 78, 80, 82.

- 6 -

disputed that certain facts purportedly disclosed by agency reports are contrary to the well-pleaded factual allegations of the complaint).[5]

Finally, Defendants introduce Exhibits 10, 11, and 13 to establish that Kurtz's and Thunen's stock sales were purportedly made pursuant to Rule 10b5-1 plans and the percentage of Kurtz's holdings sold, so as to dispute the suspicious nature of these Defendants' sales and thus their scienter. Mem. at 19-20. But SEC filings may not be judicially noticed to negate a defendant's state of mind. *Alghazwi*, 801 F. Supp. 3d at 1001 (holding that "to the extent they ask the Court to notice the truth of the stock sales disclosed in the SEC Forms 4 for purposes of negating scienter, the request is denied"); *see also Hyrecar*, 2022 WL 17413562, at *6 (refusing to judicially notice a Form 14A proxy statement filed with the SEC because it was "not necessary for the court's analysis"); *In re Biovie Inc. Sec. Litig.*, 2025 WL 947667, at *7 (D. Nev. Mar. 27, 2025) (citing *Khoja*, 899 F.3d at 999) (holding that judicial notice is inappropriate "to resolve disputed facts regarding Defendants' mental state and . . . good faith."[6]

---

[5] Defendants' authorities confirm the narrow scope of judicial notice. Mem. at 9. In *Sneed v. AcelRx Pharms., Inc.*, 2024 WL 2059121, at *4 (N.D. Cal. May 7, 2024), the court expressly declined to "take notice of the truth of any of the facts asserted in these documents." And in *Funke v. Sorin Grp. USA, Inc.*, 147 F. Supp. 3d 1017, 1025 (C.D. Cal. 2015), judicial notice was limited to resolving a discrete, objectively verifiable fact—whether adverse event reports existed before 2013. Here, Defendants use Exhibit 14 to present disputed facts and competing interpretations. Judicial notice is therefore improper. *See Khoja*, 899 F.3d at 1000-01.

[6] Defendants' reliance on *Veal v. LendingClub Corp.*, 2020 WL 3128909, at *5 (N.D. Cal. June 12, 2020) and *In re SolarCity Corp. Sec. Litig.*, 274 F. Supp. 3d 972, 988 (N.D. Cal. 2017) ignores recent case law in this Circuit. Request at 6. In *Alghazwi*, the court held "[t]o the extent [defendants] ask the Court to notice the truth of the stock sales disclosed in the SEC Forms 4 for purposes of negating scienter, the request is denied." 801 F. Supp. 3d at 1001. That is precisely what Defendants attempt here. Moreover, Defendants' case law is inapposite. *Park v. GoPro, Inc.*, 2019 WL 1231175, at *23 (N.D. Cal. Mar. 15, 2019) (involved a small, non-discretionary stock sale made shortly after the alleged misstatements); *Veal*, 2020 WL 3128909, at *5 (taking judicial notice where plaintiffs did not object); *Curry v. Yelp Inc.*, 875 F.3d 1219, 1226 n.2 (9th Cir. 2017) (noting that plaintiffs failed to allege or provide any evidence of defendants' prior trading history—even after being given the opportunity to amend—when considering Forms 4).

- 7 -

### C.    Exhibits 4, 5, 7, 8, and 12 Are Not Subject to Judicial Notice

Defendants also seek judicial notice of FactSet and S&P Global transcripts of RxSight's conference calls on April 3, 2025, July 8, 2025, November 7, 2024, May 7, 2025, and February 25, 2025.  Request at 8 (Exhibits 4, 5, 7, 8, and 12).  Transcripts of investor calls or conferences are generally not considered part of the "public record" and therefore not appropriate for judicial notice.  *Biovie*, 2025 WL 947667, at *7 (denying judicial notice of transcripts because they "were not filed with the SEC and are not otherwise part of the public record").  In fact, these transcripts disclaim their own accuracy, precluding judicial notice.  Fed. R. Evid. 201(b)(1)-(2); *see, e.g.*, Walters Decl., Ex. 5 at 15 ("S&P Global and any third party providers . . . do not guarantee the accuracy [or] completeness . . . of the Content.").  The same disclaimer appears on the last page of every other transcript.  Further, because "[r]easonable people could debate what exactly this conference call disclosed," these exhibits are not appropriate for judicial notice.  *Khoja*, 899 F.3d at 1000 (quoting *Reina-Rodriguez v. United States*, 655 F.3d 1182, 1193 (9th Cir. 2011)) (holding it improper to judicially notice a transcript when its substance "is subject to varying interpretations, and there is a reasonable dispute as to what the [transcript] establishes").[7]

Moreover, Defendants improperly rely on Exhibits 5 and 12 to dispute Plaintiff's well-pleaded allegations concerning Defendants' admissions of slowing cohort adoption and declining utilization on the July 8, 2025 earnings call.  *See* Mem.

---

[7]    Defendants' reliance on *Waterford Twp. Police v. Mattel, Inc.*, 321 F. Supp. 3d 1133, 1143 (C.D. Cal. 2018) and *Golub v. Gigamon Inc.*, 372 F. Supp. 3d 1033, 1043 (N.D. Cal. 2019) are misplaced.  There, the court noticed transcripts where authenticity and accuracy were not disputed.  Here, by contrast, Plaintiff opposes judicial notice because the transcripts are subject to competing interpretations—indeed, Defendants advance their own.  *See* Mem. at 21; Request at 7.  Defendants' additional authorities confirm the limited scope of judicial notice—*i.e.*, that courts may consider what information was publicly available to the market and the fact that such materials were filed.  Request at 7.  As courts in this Circuit make clear, the "truth of the content, and the inferences properly drawn" from SEC filings are "not a proper subject of judicial notice under Rule 201."  *Patel v. Parnes*, 253 F.R.D. 531, 546 (C.D. Cal. 2008); *see also Lowe v. Tandem Diabetes Care Inc.*, 2024 WL 1898473, at *5 (S.D. Cal. Apr. 30, 2024) (taking judicial notice only as to what information was available to the market at the time of the challenged statements).

- 8 -

4905-3671-9257.v1

at 21.  Rather than identifying any indisputable fact, Defendants ask the Court to adopt their preferred, competing factual interpretation of "cohorts" and reject Plaintiff's allegations as "mistakenly mix[ing] different concepts."  *Id.*  This is improper.  *See Rollins v. Dignity Health*, 338 F. Supp. 3d 1025, 1031 (N.D. Cal. 2018) ("Defendants repeatedly do what *Khoja* forbids—ask the Court to take judicial notice of documents that they then use as a basis to challenge the factual averments in the complaint.").  Judicial notice cannot be used to resolve such interpretive disputes at the pleading stage.  *See Semtech*, 2025 WL 2884810, at *4 (denying request for judicial notice where defendants offered "documents to challenge the truth of Plaintiff's factual allegations"); *see also Doximity*, 2025 WL 1449598, at *2 (denying judicial notice as defendants' request was an attempt to characterize the facts at the pleadings stage and put facts in dispute).

Likewise, Defendants offer Exhibits 7 and 8 (earnings call transcripts from November 2024 and May 2025) to support their argument that Plaintiff does not allege facts showing that the ophthalmology data pleaded by Plaintiff at ¶¶99 and 118 was inaccurate.  Mem. at 8 n.4.  But Plaintiff pleads that the data was misleading because it did not reflect patient outcomes in real-world, non-controlled settings.  In other words, Defendants improperly ask the Court to credit their preferred "version of the facts" and data and to ignore Plaintiff's well-pleaded allegations that these statements misled investors.  Mem. at 8; *Khoja*, 899 F.3d at 999.  Because Exhibits 7 and 8 are offered to contradict and alter Plaintiff's allegations rather than to establish indisputable facts, judicial notice should be denied.

The Complaint alleges that Defendants made false and misleading statements in the April 3, 2025 conference call that concealed the true reasons for the decline in RxSight's sales and utilization.[8]  In response, Defendants rely on Exhibit 4, a transcript of the April 3, 2025 conference call, to advance their own disputed and

---

[8]  *E.g.*, ¶¶111-112.

- 9 -

4905-3671-9257.v1

unalleged explanation for the lowered revenue forecast, which they ask the Court to accept as true. Mem. at 4 (citing Exhibit 4 for Kurtz's statement that negative wealth effects impacted IOL (intraocular lens) procedures, which Plaintiff does not plead (*see* ¶112)). But under *Khoja*, judicial notice is not a proper mechanism to permit competing narratives, resolve factual disputes, or displace Plaintiff's well-pleaded allegations with Defendants' competing account. 899 F.3d at 998-99; *see also Doximity*, 2025 WL 1449598, at *2.

For all of these reasons, Defendants' Request should be denied.

**IV.   Defendants' Request for Incorporation By Reference Is an Improper Attempt to Advance Defendants' Own Factual Narrative**

Defendants' Request for incorporation by reference should be denied or, at a minimum, strictly limited. As the Ninth Circuit explained, "it is improper to assume the truth of an incorporated document if such assumptions only serve to dispute facts stated in a well-pleaded complaint." *Khoja*, 899 F.3d at 1003.[9] Nor may courts use incorporated materials to negate allegations or draw inferences adverse to the plaintiff at the motion to dismiss stage. *Khoja*, 899 F.3d at 1003 (citing *In re Tracht Gut, LLC*, 836 F.3d 1146, 1150 (9th Cir. 2016)).[10]

**A.   Incorporation By Reference of RxSight's Forms 10-K (Exhibits 1 and 3) is Improper**

Defendants say they seek to incorporate "excerpts" from RxSight's 2023 and 2024 Forms 10-K (Exhibits 1 and 3) because Plaintiff alleges that Kurtz and Thunen

---

[9]   Defendants' authorities put the cart before the horse. Request at 2. Although *Prodanova v. H.C. Wainwright & Co., LLC*, 993 F.3d 1097, 1105 (9th Cir. 2021) and *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 991 (9th Cir. 2009) recognize that courts may consider documents incorporated by reference, that principle applies only where the documents are properly subject to incorporation in the first place. That threshold requirement is not met here.

[10]   Defendants' authorities are inapposite. Request at 2-3. *PAR Inv. Partners, L.P. v. Aruba Networks, Inc.*, 681 F. App'x 618, 620 (9th Cir. 2017), does not analyze the incorporation-by-reference doctrine. *McGovney v. Aerohive Networks, Inc.*, 367 F. Supp. 3d 1038, 1051 (N.D. Cal. 2019) takes judicial notice where plaintiffs did not object or otherwise respond to the request—unlike here.

- 10 -

4905-3671-9257.v1

signed certifications pursuant to §906 of the Sarbanes-Oxley Act of 2002 ("SOX") in Exhibit 1 and failed to disclose relevant trends in Exhibit 3. Request at 3. However, Defendants did not submit "excerpts" of these documents but instead submitted them in their entirety. Thus Defendants have improperly loaded the record with reams of superfluous matter, the vast majority of which they do not rely on for arguments. *See also Khoja*, 899 F.3d at 1005 ("[A]nother risk in overuse of the incorporation-by-reference doctrine" is that "[w]hen parties pile on volumes of exhibits [in] their motion to dismiss, hoping to squeeze some into the complaint, their submissions can become needlessly unwieldly. Simply reviewing these submissions demands precious time.").

That aside, incorporation by reference of Exhibit 1 is improper based solely on two short allegations that defendants Kurtz and Thunen signed SOX certifications. ¶¶23-24, 164. Plaintiff does not allege any misrepresentations or other facts contained in Exhibit 1, and "'the mere mention of the existence of a document is insufficient to incorporate the contents of a document.'" *Khoja*, 899 F.3d at 1002.

Defendants also improperly seek to incorporate Exhibit 3 to raise a competing inference as to a disputed issue of fact: whether Defendants failed to disclose trends as required under Item 303. Request at 4; Mem. at 4. As *Khoja* holds, "it is improper to assume the truth of an incorporated document if such assumptions only serve to dispute facts stated in a well-pleaded complaint. This admonition is, of course, consistent with the prohibition against resolving factual disputes at the pleading stage." 899 F.3d at 1003.[11]

---

[11] Defendants' use of *Okla. Firefighters Pension & Ret. Sys. v. IXIA*, 2015 WL 1775221, at *15 (C.D. Cal. Apr. 14, 2015) is inapplicable as Defendants do not request Forms 4 be incorporated by reference. Request at 2.

- 11 -

4905-3671-9257.v1

**B.**    **Incorporation By Reference of RxSight's Conference Call Transcripts, RxSight's Form S-3, and a Wells Fargo Report (Exhibits 4, 5, 6, 7, 8, 9, and 12) is Improper**

Defendants rely on conference call transcripts (Exhibits 4, 5, and 12) to challenge the Complaint's allegations regarding adoption, utilization, and customer satisfaction. Mem. at 21-22. For example, Defendants cite Exhibits 5 and 12 (earnings call transcripts) to dispute the Complaint's factual allegations concerning Defendants' July 8, 2025 admissions. *Id.* at 21. Defendants challenge the meaning and implications of those statements—issues that cannot be resolved on a motion to dismiss. Incorporation by reference does not permit courts to resolve factual disputes against a plaintiff's well-pleaded allegations. *See Khoja,* 899 F.3d at 1003; *In re Mattel, Inc. Sec. Litig.*, 2021 WL 1259405, at *6 (C.D. Cal. Jan. 26, 2021) (declining to consider exhibits under incorporation doctrine to the extent they are used to "'resolve factual disputes against the plaintiff's well-plead allegations'"); *Green Dot*, 2024 WL 1356253, at *4 ("'[W]hether a public statement is misleading, or whether adverse facts were adequately disclosed is a mixed question to be decided by the trier of fact.'").[12]

Defendants likewise offer Exhibits 6, 7, and 8—the Form S-3 and two transcripts containing study results and data discussed at conferences—to counter Plaintiff's allegations regarding clinical performance and patient outcomes. Mem. at 8. Whether those statements were misleading, omitted material information, or conveyed a materially incomplete picture are factual issues that cannot be resolved at the pleading stage. *See Green Dot*, 2024 WL 1356253, at *4.

---

[12] Defendants' additional incorporation-by-reference authorities do not support their expansive use. Request at 3; *Kang v. PayPal Holdings, Inc.*, 620 F. Supp. 3d 884, 896 (N.D. Cal. 2022) (incorporating documents that do not dispute facts stated in a well-pleaded complaint); *In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1058 n.10 (9th Cir. 2014) (same); *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1405 n.4 (9th Cir. 1996) (same). By contrast, Defendants here urge the Court to rely on such materials to draw competing inferences on **disputed** issues of fact.

- 12 -

4905-3671-9257.v1

Defendants seek to incorporate Exhibit 9, a Wells Fargo report containing partial disclosures pleaded by Plaintiff (¶89), to inject competing factual assertions about market adoption.  Mem. at 11.  Defendants rely on the Wells Fargo report to argue confusingly that the survey it reported was both inadequate and somehow still confirmed their factual defense of continuing adoption.  *Id.*  But that is not a proper use of incorporation by reference.  The doctrine does not permit a defendant to introduce extrinsic data to dispute well-pleaded facts or construct a merits defense at the pleading stage.  *See Khoja*, 899 F.3d at 1003; *Green Dot*, 2024 WL 1356253, at *3 (quoting *Khoja*, 899 F.3d at 1014) (courts should not assume the truth of incorporated facts "'if the purpose is to dispute or create a defense to a well-pled fact in a complaint'").

## V.     Conclusion

For the foregoing reasons, the Court should deny Defendants' Request. Alternatively, if the Court considers any of the exhibits submitted by Defendants for their truth in deciding the MTD, Plaintiff respectfully requests discovery concerning any such document under Federal Rule of Civil Procedure 56(f) before the Court decides Defendants' MTD.

DATED:  March 20, 2026                    Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
SPENCER A. BURKHOLZ
LAURA ANDRACCHIO
CHRISTOPHER R. KINNON
ASHLEY G. PYLE


                                          s/ Christopher R. Kinnon
                                        CHRISTOPHER R. KINNON

- 13 -

4905-3671-9257.v1

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
spenceb@rgrdlaw.com
landracchio@rgrdlaw.com
ckinnon@rgrdlaw.com
apyle@rgrdlaw.com

Lead Counsel for Lead Plaintiff

WATKINS, PAWLICK, CALATI
  & PRIFTI, PC
LAUREN CRUMMEL
1423 E. Twelve Mile Road
Madison Heights, MI  48071
Telephone:  248/658-0797
248/658-0801 (fax)
lcrummel@wpcplaw.com

Additional Counsel

## LOCAL RULE 11-6.2 CERTIFICATE OF COMPLIANCE

The undersigned counsel of record for Lead Plaintiff Michigan Laborers' Pension Fund certifies that this brief contains 4,507 words, which complies with the word limit of L.R. 11-6.1.

Dated: March 20, 2026

s/ Christopher R. Kinnon
CHRISTOPHER R. KINNON

- 14 -

4905-3671-9257.v1