UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| In re RxSIGHT, INC. SECURITIES LITIGATION | ) ) ) ) | Case No. 8:25-cv-01596-FWS-KES |
|---|---|---|
| | ) | CLASS ACTION |
| This Document Relates To: | ) ) ) | [PROPOSED] ORDER DENYING DEFENDANTS' NOTICE OF INCORPORATION BY REFERENCE |
| ALL ACTIONS. | ) ) ) ) | AND REQUEST FOR JUDICIAL NOTICE |

4898-7479-0809.v1

Before the Court is Defendants' Notice of Incorporation by Reference and Request for Judicial Notice (ECF 48) (the "Request") and Plaintiff's Response thereto (ECF 51).

Having considered the papers submitted in support of and in opposition to the Request, the arguments of counsel, and the record in this matter, the Court finds that Defendants have not established a basis for judicial notice or incorporation by reference of the materials submitted with their Request.  For the reasons set forth below, the Court **DENIES** Defendants' Request in its entirety.

## I.    Defendants' Request for Judicial Notice Is Denied

The Ninth Circuit has cautioned that courts must identify the specific facts being judicially noticed rather than taking notice of entire documents.  *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018).  Defendants' Request largely seeks judicial notice of entire documents without identifying specific facts appropriate for judicial notice.  Request at 7-9.  Moreover, Defendants seek to rely on the contents of those documents to dispute the Amended Complaint for Violations of the Federal Securities Laws (ECF 46) ("Complaint") allegations in Defendants' Memorandum of Points and Authorities in Support of Defendants' Motion to Dismiss (ECF 47-1) ("Mem.").  Mem. at 3-5, 8-9, 19-21.  Courts may not take judicial notice of disputed facts contained in public records.  *See Khoja*, 899 F.3d at 999.  For these reasons, the Court declines to take judicial notice of the documents identified in Defendants' Request.

## II.    Defendants' Notice of Incorporation by Reference Is Denied

Defendants improperly seek to incorporate the exhibits to advance competing inferences on disputed issues of fact and to incorporate documents that the Complaint only briefly references.  Request at 3-5; Mem. at 4-5, 8, 11, 21-22.  The incorporation-by-reference doctrine is limited and may not be used to present an alternative factual narrative or dispute well-pleaded allegations at the motion-to-dismiss stage.  *See Khoja*, 899 F.3d at 1002-1003.  Defendants seek to do exactly what *Khoja* prohibits.

- 1 -

4898-7479-0809.v1

Request at 3-5.  For these reasons, the Court declines to incorporate the documents by reference.

IT IS HEREBY ORDERED:

1.    Defendants' Request for Judicial Notice of Exhibits 1, 2, 3, 4, 5, 6, 7, 8, 10, 11, 12, 13, and 14 is **DENIED**; and

2.    Defendants' Notice of Incorporation by Reference of Exhibits 1, 3, 4, 5, 6, 7, 8, 9, and 12 is **DENIED**.

DATED:  _____    _____

THE HONORABLE FRED W. SLAUGHTER
UNITED STATES DISTRICT JUDGE

- 2 -

4898-7479-0809.v1