GREGORY L. WATTS, State Bar No. 197126
Email:  gwatts@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
95 South State Street, Suite 1000
Salt Lake City, UT 84111
Telephone: (801) 401-8510
Facsimile:  (866) 974-7329

DIANE M. WALTERS, State Bar No. 148136
Email:  dwalters@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, California 94304-1050
Telephone:  (650) 493-9300
Facsimile:    (866) 974-7329

*Attorneys for Defendants*
*RxSight, Inc., Ron Kurtz, and Shelley Thunen*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## SOUTHERN DIVISION

| | |
|---|---|
| In re RxSIGHT, INC. SECURITIES LITIGATION<br><br>_____<br><br>This Document Relates To:<br><br>    ALL ACTIONS. | Case No. 8:25-cv-01596-FWS-KES<br><br>CLASS ACTION<br><br>**DEFENDANTS' REPLY IN SUPPORT OF NOTICE OF INCORPORATION BY REFERENCE AND REQUEST FOR JUDICIAL NOTICE**<br><br>Date: May 28, 2026<br>Time: 10:00 a.m.<br>Courtroom: 10D, 10th Floor<br>Before: Hon. Fred W. Slaughter |

DEFENDANTS' REPLY IN SUPPORT OF
NOTICE OF INCORPORATION BY
REFERENCE AND RJN, CASE NO. 8:25-
CV-01596-FWS-KES

# TABLE OF CONTENTS

**Page**

ARGUMENT ...................................................................................................................1

I. THE COURT MAY CONSIDER DOCUMENTS INCORPORATED BY REFERENCE IN THE CAC ..................................................................3

    A. The Court May Consider the Full Content of Documents Incorporated by Reference ..................................................................3

    B. The Conference Call Transcripts Are Incorporated by Reference (Exs. 4, 5, 7, 8, 12) ..................................................................4

    C. The Wells Fargo Report Is Incorporated by Reference (Ex. 9)............5

    D. Incorporation by Reference of RxSight's SEC Forms 10-K Is Proper (Exs. 1, 3) ..................................................................6

    E. RxSight's SEC Form S-3 Is Incorporated by Reference in the CAC (Ex. 6) ..................................................................7

II. THE COURT ALSO MAY TAKE JUDICIAL NOTICE OF THE EXHIBITS ..................................................................8

    A. SEC Filings ..................................................................10

    B. Conference Call Transcripts ..................................................................13

    C. FDA Website and SEC Form S-3 ..................................................................13

III. PLAINTIFF'S REQUEST FOR RULE 56(d) DISCOVERY IS IMPROPER ..................................................................14

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Alghazwi v. Beauty Health Co.*,
    801 F. Supp. 3d 982 (C.D. Cal. 2025)........................................................5, 11

*Baron v. Hyrecar Inc.*,
    2022 WL 17413562 (C.D. Cal. Dec. 5, 2022) ...............................................11

*Chicago & Vicinity Laborers' Dist. Council Pension Fund v.*
    *Amplitude, Inc.*,
    2025 WL 82206 (N.D. Cal. Jan. 13, 2025) .............................................10, 14

*City of Pontiac Gen. Emps. Ret. Sys. v. First Solar Inc.*,
    2023 WL 155861 (D. Ariz. Jan. 11, 2023)......................................................12

*Curry v. Yelp Inc.*,
    875 F.3d 1219 (9th Cir. 2017)........................................................................12

*Fisher v. Nissel*,
    2022 WL 16961479 (C.D. Cal. Aug. 15, 2022).............................................14

*Golub v. Gigamon, Inc.*,
    2019 WL 4168948 (N.D. Cal. Sept. 3, 2019) ...................................10, 13, 14

*Habelt v. iRhythm Techs., Inc.*,
    2022 WL 971580 (N.D. Cal. Mar. 31, 2022)..................................................12

*In re Biovie Inc. Securities Litigation*,
    2025 WL 947667 (D. Nev. Mar. 27, 2025)......................................................13

*In re Cloudera, Inc. Sec. Litig.*,
    121 F.4th 1180 (9th Cir. 2024).................................................................7, 8

*In re Doximity, Inc. Sec. Litig.*,
    2025 WL 1449598 (N.D. Cal. May 13, 2025) .........................................13, 14

*In re Eargo, Inc. Sec. Litig.*,
    2023 WL 5663154 (N.D. Cal. Aug. 31, 2023), *aff'd sub nom.*
    *Cai v. Eargo, Inc.*, 2025 WL 66041 (9th Cir. Jan. 10, 2025)........................12

*In re Eventbrite, Inc. Sec. Litig.*,
    2020 WL 2042078 (N.D. Cal. Apr. 28, 2020) ......................................*passim*

*In re Fastly, Inc. Sec. Litig.*,
    2021 WL 5494249 (N.D. Cal. Nov. 23, 2021)......................................4, 9, 12

*In re Fusion-io, Inc. Sec. Litig.*,
    2015 WL 661869 (N.D. Cal. Feb. 12, 2015)....................................................3

*In re Green Dot Corp. Sec. Litig.*,
    2024 WL 1356253 (C.D. Cal. Mar. 29, 2024) .........................................7, 10

*In re Mattel, Inc. Sec. Litig.*,
    2021 WL 1259405 (C.D. Cal. Jan. 26, 2021) ................................................7

*In re NVIDIA Corp. Sec. Litig.*,
    768 F.3d 1046 (9th Cir. 2014).......................................................................3

*In re Obalon Therapeutics, Inc.*,
    2019 WL 4729461 (S.D. Cal. Sept. 25, 2019) ............................................14

*In re Rigel Pharms., Inc. Sec. Litig.*,
    2010 WL 8816155 (N.D. Cal. Aug. 24, 2010)................................................9

*In re Semtech Corp. Sec. Litig.*,
    2025 WL 2884810 (C.D. Cal. Oct. 7, 2025) ..........................................13, 14

*In re Stac Elecs. Sec. Litig.*,
    89 F.3d 1399 (9th Cir. 1996).........................................................................2

*In re Twitter, Inc. Sec. Litig.*,
    506 F. Supp. 3d 867 n.1 (N.D. Cal. 2020), *aff'd sub nom.*
    *Weston Fam. P'ship LLLP v. Twitter, Inc.*, 29 F.4th 611, 619
    (9th Cir. 2022) ............................................................................................12

*Kampe v. Volta, Inc.*,
    2024 WL 4534732 (N.D. Cal. Oct. 21, 2024)..............................................10

*Khoja v. Orexigen Therapeutics, Inc.*,
    899 F.3d 988 (9th Cir. 2018)..................................................................*passim*

*Lowe v. Tandem Diabetes Care Inc.*,
    2024 WL 1898473 (S.D. Cal. Apr. 30, 2024) ..........................................4, 5

*Maiman v. Talbott*,
2010 WL 11421950 (C.D. Cal. Aug. 9, 2010)................................................11

*McGovney v. Aerohive Networks, Inc.*,
367 F. Supp. 3d 1038 (N.D. Cal. 2019) ........................................................5

*Metzler Inv. GMBH v. Corinthian Colls., Inc.*,
540 F.3d 1049 (9th Cir. 2008)...............................................................11, 12

*Mulquin v. Nektar Therapeutics*,
510 F. Supp. 3d 854, 862-63 (N.D. Cal. 2020),
*aff'd*, 34 F.4th 828 (9th Cir. 2022) ...............................................................6

*Ng v. Berkeley Lights, Inc.*,
2024 WL 695699 (N.D. Cal. Feb. 20, 2024)............................................5, 12

*Patel v. Parnes*,
253 F.R.D. 531 (C.D. Cal. 2008) ..................................................................13

*Rollins v. Dignity Health*,
338 F. Supp. 3d 1025 (N.D. Cal. 2018) ........................................................13

*Roofers Local No. 149 Pension Fund v.*
*DreamWorks Animation SKG Inc.*,
677 F. App'x 376 (9th Cir. 2017)..................................................................8

*Tellabs, Inc. v. Makor Issues & Rts., Ltd.*,
551 U.S. 308 (2007) ......................................................................1, 3, 6, 12

*United States v. Corinthian Colls.*,
655 F.3d 984 (9th Cir. 2011).........................................................................11

*Waterford Twp. Police v. Mattel, Inc.*,
321 F. Supp. 3d 1133 (C.D. Cal. 2018), *aff'd sub nom.*
*Castro v. Mattel, Inc.*, 794 F. App'x 669 (9th Cir. 2020) .............................10

*Wochos v. Tesla, Inc.*,
985 F.3d 1180 (9th Cir. 2021)........................................................................3

## STATUTES

15 U.S.C. § 78u-4(b)(3)(B).................................................................................14

## RULES

Fed. R. Evid. 201 ...............................................................................................8

17 C.F.R. § 240.10b5-1 ...............................................................................11, 12

Fed. R. Civ. P. 12(b)(6) ......................................................................................1

Fed. R. Civ. P. 56(f)..........................................................................................14

Defendants RxSight, Inc. ("RxSight"), Ron Kurtz, and Shelley Thunen (collectively, "Defendants") respectfully submit this reply in response to Plaintiff's Response to Defendants' Notice of Incorporation by Reference and Request for Judicial Notice, ECF No. 51 ("Plaintiff's Response").

**ARGUMENT**

The Supreme Court has mandated that courts "***must consider*** … documents incorporated into the complaint by reference, and matters of which a court may take judicial notice" when "ruling on Rule 12(b)(6) motions to dismiss" Section 10(b) claims. *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007) (emphasis added). Ignoring the Supreme Court's directive in *Tellabs*, Plaintiff argues that the Court should completely disregard Defendants' exhibits, all of which are either incorporated by reference in Plaintiff's Consolidated Amended Complaint, ECF No. 46 ("CAC" or "¶_") and/or proper subjects of judicial notice.[1] As shown in Defendants' Notice of Incorporation by Reference and Request for Judicial Notice, ECF No. 48 ("Notice of Incorporation & RJN"), and below, Plaintiff's attempts to have the Court ignore the contents of these Exhibits are unavailing.

As is routine in securities class actions, Defendants submitted a number of exhibits in support of their motion to dismiss.[2] Plaintiff does not dispute the authenticity of any of the exhibits. *See* Plaintiff's Response at 1-13. Nor can Plaintiff credibly dispute that nine exhibits are incorporated by reference in the CAC because the exhibits either: (i) form the basis of Plaintiff's alleged securities fraud claims (*e.g.*, transcripts of conference calls and SEC filings that Plaintiff claims

---

[1] Plaintiff's Response does not contain a single citation to *Tellabs*. *See* Plaintiff's Response at 1-13.

[2] All exhibits are attached to the Declaration of Diane M. Walters in Support of Defendants' Motion to Dismiss (ECF No. 47-2).

DEFENDANTS' REPLY IN SUPPORT OF NOTICE OF INCORPORATION BY REFERENCE AND RJN, CASE NO. 8:25-CV-01596-FWS-KES    -1-

include allegedly misleading statements), or (ii) are cited extensively in the CAC (*e.g.*, a July 2025 Wells Fargo report). *See* Notice of Incorporation & RJN at 1-9.

Instead, Plaintiff argues that the documents are "extraneous" and purportedly are being used to present "an alternative set of 'facts.'" Plaintiff's Response at 1-2. Far from being "extraneous" (*id.*), nine of the exhibits form the basis of Plaintiff's claims. Throughout Plaintiff's Response, Plaintiff relies heavily on *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988 (9th Cir. 2018), but ignores that *Orexigen* makes clear that the incorporation by reference doctrine permits courts to consider the full text of documents that are incorporated by reference in a complaint in order to "prevent plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims." *Id.* at 1002. Thus, Plaintiff cannot selectively quote portions of a document that is incorporated by reference into the CAC and ask the Court—as Plaintiff does here—to turn a blind eye to other language in the same document. *See In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1405 n.4 (9th Cir. 1996) (consideration of the "full text" of documents, "including portions which were not mentioned in the complaints," is appropriate).

Plaintiff's suggestion that the exhibits are not also separately subject to judicial notice fails. *See* Notice of Incorporation & RJN at 5-9. Indeed, most of Defendants' exhibits are SEC filings and conference call transcripts, which courts routinely consider in evaluating securities fraud claims. *Id.*

As set forth in Defendants' Notice of Incorporation & RJN and herein, the Court should consider Defendants' exhibits under the doctrine of incorporation by reference and/or judicial notice.

## I.      THE COURT MAY CONSIDER DOCUMENTS INCORPORATED BY REFERENCE IN THE CAC

### A.      The Court May Consider the Full Content of Documents Incorporated by Reference

The Supreme Court and the Ninth Circuit have made it clear that it is appropriate for courts to consider documents incorporated by reference in the complaint in evaluating whether the complaint satisfies the heightened pleading requirement of the PSLRA.  *See* Notice of Incorporation & RJN at 1-5; *supra* at 1 (citing *Tellabs*, 551 U.S. at 322); *see also Wochos v. Tesla, Inc.*, 985 F.3d 1180, 1185 (9th Cir. 2021) ("When reviewing a motion to dismiss," courts may "also consider 'materials incorporated into the complaint by reference' and any 'matters of which [courts] may take judicial notice.'") (citation omitted).

Plaintiff objects to the length of the exhibits (Plaintiff's Response at 3-4, 11), but it is black-letter law that the Court may consider the entire contents of a document that is incorporated by reference.  As the Ninth Circuit held in *In re NVIDIA Corporation Securities Litigation*, 768 F.3d 1046 (9th Cir. 2014), "'[o]nce a document is deemed incorporated by reference, the *entire document* is assumed to be true for purposes of a motion to dismiss, and both parties—and the Court—are free to refer to any of its contents.'"  *Id.* at 1058 n.10 (citation omitted) (emphasis added); *see also In re Fusion-io, Inc. Sec. Litig.*, 2015 WL 661869, at *9 (N.D. Cal. Feb. 12, 2015) (treating SEC filings and earnings call transcripts as "'part of the complaint'" and assuming their "'contents are true for purposes of a motion to dismiss'") (citation omitted).[3]

---

[3] Plaintiff suggests Defendants mislabeled Exhibits 1 and 3 as "excerpts" and "submitted them in their entirety."  Plaintiff's Response at 10-11.  Defendants refer to these two Forms 10-K as excerpts because the exhibits to the Forms 10-K are not included.

DEFENDANTS' REPLY IN SUPPORT OF          -3-
NOTICE OF INCORPORATION BY
REFERENCE AND RJN, CASE NO. 8:25-
CV-01596-FWS-KES

Plaintiff's Response erroneously suggests that, under *Orexigen*, all of the exhibits are improperly used to create a counter-narrative.  Plaintiff's Response at 10-13.  Plaintiff misinterprets *Orexigen*'s holding.  In that case, the court stated that it was only inappropriate to assume the truth of an incorporated document if "such assumptions *only serve* to dispute facts stated in a well-pl[ed] complaint."  899 F.3d at 1003 (emphasis added).  Courts have made clear that "[*Orexigen*] does not prevent a defendant from using the doctrines of judicial notice or incorporation by reference to create factual disputes with a plaintiff's *conclusory* allegations ….  Moreover, nothing in [*Orexigen*] prevents this Court from analyzing an alleged false statement in context."  *In re Eventbrite, Inc. Sec. Litig.*, 2020 WL 2042078, at *7-8 (N.D. Cal. Apr. 28, 2020).  *Orexigen* "thus did not eradicate the rule that alleged false statements 'must be analyzed in context.'"  *Id.* at *7 (citation omitted); *see also In re Fastly, Inc. Sec. Litig.*, 2021 WL 5494249, at *5 (N.D. Cal. Nov. 23, 2021) (considering documents incorporated by reference, despite plaintiff's argument that the court should "reject defendants' efforts to have the court resolve issues of fact based" on the documents).  Plaintiff also ignores that *Orexigen* actually affirmed the district court's incorporation by reference and judicial notice of many of the exhibits at issue.  *Orexigen*, 899 F.3d at 1018.

Here, the Court should consider Exhibits 1, 3-9, and 12 under the doctrine of incorporation by reference.

**B.     The Conference Call Transcripts Are Incorporated by Reference (Exs. 4, 5, 7, 8, 12)**

Plaintiff concedes that the CAC extensively quotes, and challenges, statements made during conference calls with analysts.  Plaintiff's Response at 12-13.  That should be the end of the inquiry since the conference call transcripts form the basis of Plaintiff's claims.  *See Lowe v. Tandem Diabetes Care Inc.*, 2024 WL 1898473, at *5 (S.D. Cal. Apr. 30, 2024) (incorporating by reference conference call

transcripts because "Plaintiffs quote from these conference calls extensively and many of Defendants' allegedly false or misleading statements upon which Plaintiffs base their claims occurred during these calls"); *Ng v. Berkeley Lights, Inc.*, 2024 WL 695699, at *4 (N.D. Cal. Feb. 20, 2024) (finding conference call transcripts were "incorporated by reference because the complaint explicitly and repeatedly refers to excerpts of these exhibits to support its claims"); *McGovney v. Aerohive Networks, Inc.*, 367 F. Supp. 3d 1038, 1050-51 (N.D. Cal. 2019) (same).[4]

Plaintiff's argument that the conference call transcripts are used to "challenge the Complaint's allegations" and to "counter Plaintiff's allegations" misses the mark. Plaintiff's Response at 12. Contrary to Plaintiff's contentions, Defendants cite these exhibits so that the Court may consider the full text and context of the allegedly misleading statements and omissions, *i.e.*, precisely what the doctrine of incorporation by reference permits. Notice of Incorporation & RJN at 1-5; *see also*, *e.g.*, MTD at 21 (citing Exhibit 5 and noting that "Plaintiff's allegations regarding the excerpted statements from the July 8, 2025 earnings call … as with Plaintiff's other excerpts … are incomplete"). Even if Plaintiff were correct that Defendants seek to dispute Plaintiff's factual allegations, that would be a permissible usage since the allegations in the CAC are wholly conclusory and not well-pleaded. *Eventbrite*, 2020 WL 2042078, at *7-8.

### C.    The Wells Fargo Report Is Incorporated by Reference (Ex. 9)

Plaintiff does not dispute that the Wells Fargo report is incorporated by reference, which is unsurprising considering the Wells Fargo report is referenced *ad nauseum* in the CAC and forms the basis of Plaintiff's claims. *See* ¶¶14, 60-61, 89,

---

[4] Plaintiff's case is in accord. *See Alghazwi v. Beauty Health Co.*, 801 F. Supp. 3d 982, 999 (C.D. Cal. 2025) (incorporating by reference investor day transcript because "Plaintiffs reference the substance of the Investor Day call extensively" and "statements made during the Investor Day call form the basis of Plaintiffs' claims of misleading statements").

DEFENDANTS' REPLY IN SUPPORT OF          -5-
NOTICE OF INCORPORATION BY
REFERENCE AND RJN, CASE NO. 8:25-
CV-01596-FWS-KES

126-27; Notice of Incorporation & RJN at 1-5. By offering the report, Defendants do not seek to "construct a merits defense at the pleading stage," as Plaintiff erroneously contends. Plaintiff's Response at 13. Rather, Defendants present the full context of the report, which is relevant to the Court's consideration of falsity and scienter. MTD at 11 (noting details about the report that were omitted from the CAC); *id.* at 17 n.11; *supra* at 3-4 (court may consider the full contents of documents incorporated by reference); Notice of Incorporation & RJN at 1-5. That the omitted portions of the report "weaken" or "doom" Plaintiff's claims does not preclude the Court from considering the full contents of the report. *Orexigen*, 899 F.3d at 1002. Indeed, the incorporation by reference doctrine is designed to prevent the very stratagem Plaintiff employs here—cherry-picking statements out of a document, using them as support for their claims, and then asking the court to ignore the rest of the document's contents and context. *Id.*; *Mulquin v. Nektar Therapeutics*, 510 F. Supp. 3d 854, 862-63 (N.D. Cal. 2020) (same), *aff'd*, 34 F.4th 828 (9th Cir. 2022).

**D.    Incorporation by Reference of RxSight's SEC Forms 10-K Is Proper (Exs. 1, 3)**

Plaintiff alleges that RxSight's 2024 SEC Form 10-K (Ex. 3) was misleading because it purportedly failed to disclose known trends in violation of Item 303. ¶144. Plaintiff nevertheless asks the Court to disregard the contents of the 2024 10-K in evaluating that very claim, *i.e.*, whether Plaintiff has sufficiently pleaded an Item 303 claim. Plaintiff argues that Defendants use Exhibit 3 to raise a "competing inference," Plaintiff's Response at 11, which is a peculiar argument since competing inferences are exactly what this Court is required to consider. *See Tellabs*, 551 U.S. at 323 ("court must take into account plausible opposing inferences"). Defendants offer Exhibit 3 for the full context of the information that was disclosed to investors, which is an entirely appropriate purpose. *See Eventbrite*, 2020 WL 2042078, at *7.

DEFENDANTS' REPLY IN SUPPORT OF          -6-
NOTICE OF INCORPORATION BY
REFERENCE AND RJN, CASE NO. 8:25-
CV-01596-FWS-KES

Plaintiff contends that incorporation by reference of Exhibit 1 (the 2023 SEC Form 10-K) is improper because there are only "two short allegations" citing it in the CAC. But Plaintiff does not dispute, and thus concedes, that the allegations that Dr. Kurtz and Ms. Thunen signed SOX certifications form the basis of the claims (*i.e*., allegedly evidence of scienter). *See* Notice of Incorporation & RJN at 3; ¶164; *Orexigen*, 899 F.3d at 1004 (affirming incorporation by reference where reports "form the basis" of claims even though the "quotes are not as extensive" in the complaint). The Court may thus consider the full contents of Exhibit 1 in evaluating Defendants' motion to dismiss.[5]

**E. RxSight's SEC Form S-3 Is Incorporated by Reference in the CAC (Ex. 6)**

The CAC extensively references Exhibit 6 (the SEC Form S-3 defined as the "Offering Materials"), which forms the basis of Plaintiff's claims because Plaintiff alleges that it contains misleading statements. Notice of Incorporation & RJN at 1-4. Plaintiff does not dispute these facts, which is fatal. *See* Plaintiff's Response at 12. Instead, Plaintiff argues that incorporation by reference is improper because whether a statement was misleading or omitted material information "are factual issues that cannot be resolved at the pleading stage." *Id.* That is not the law. Courts, including the Ninth Circuit, consider documents incorporated by reference in evaluating whether a complaint's allegations satisfy the PSLRA's heightened pleading requirements. *See In re Cloudera, Inc. Sec. Litig.*, 121 F.4th 1180, 1188 (9th Cir. 2024) (considering blog post as "incorporated by reference" and holding

---

[5] Plaintiff's cases are inapposite or support Defendants' argument. *See In re Green Dot Corp. Sec. Litig.*, 2024 WL 1356253, at *3 n.1 (C.D. Cal. Mar. 29, 2024) (defendants' RJN made "no mention of the incorporation by reference doctrine, let alone any substantive argument"); *In re Mattel, Inc. Sec. Litig.*, 2021 WL 1259405, at *6 (C.D. Cal. Jan. 26, 2021) (incorporating documents by reference with *Orexigen*'s narrow caveat).

DEFENDANTS' REPLY IN SUPPORT OF NOTICE OF INCORPORATION BY REFERENCE AND RJN, CASE NO. 8:25-CV-01596-FWS-KES                    -7-

that it did not render the challenged statements false or misleading); *Roofer's Local No. 149 Pension Fund v. DreamWorks Animation SKG Inc.*, 677 F. App'x 376, 377 (9th Cir. 2017) ("Assessing the alleged misstatements made in July and October of 2013, in the context of the 'SEC filings incorporated by reference in the complaint,' . . . we conclude that Defendants provided accurate information . . . .") (citation omitted); *Eventbrite*, 2020 WL 2042078, at *7 (alleged false statements must be analyzed in context).

## II.   THE COURT ALSO MAY TAKE JUDICIAL NOTICE OF THE EXHIBITS

As an initial matter, the Court need not reach the separate question of whether judicial notice also is appropriate for Exhibits 1, 3-9, and 12 since those documents are incorporated by reference. *See* Notice of Incorporation & RJN at 1-5; *see supra* at 3-7. Only Exhibit 2 (an RxSight press release filed with the SEC on Form 8-K), Exhibits 10 and 11 (SEC Forms 4 for Kurtz and Thunen), Exhibit 13 (an RxSight proxy statement filed with the SEC on Form DEF14A), and Exhibit 14 (the FDA Summary of Safety and Effectiveness for the RxSight system located on the U.S. Food and Drug Administration's website) were not explicitly incorporated by reference in the CAC and therefore require a determination that they are judicially noticeable.

All of these exhibits, as well as the SEC filings and conference call transcripts incorporated by reference in the CAC (*supra* at 3-7), separately represent the types of documents of which courts routinely take judicial notice.

Federal Rule of Evidence 201 authorizes a court to take judicial notice of facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201. Courts routinely consider the content of such documents in a variety of contexts, including, among others, evaluating whether a complaint satisfies the PSLRA's heightened pleading requirements for

falsity and scienter. *See In re Rigel Pharms., Inc. Sec. Litig.*, 2010 WL 8816155, at *14 (N.D. Cal. Aug. 24, 2010) ("upon a thorough and holistic review of Plaintiff's allegations and the facts upon which the Court may take judicial notice, the Court finds that a reasonable person would not 'deem the inference of scienter cogent and at least as compelling as any opposing inference one could draw from the facts alleged'") (citation omitted), *aff'd*, 697 F.3d 869 (9th Cir. 2012); *Fastly*, 2021 WL 5494249, at *8 (judicially noticeable document was relevant to "consideration of whether defendants misled investors").

Plaintiff does not seriously contend that any of the exhibits are inaccurate or subject to reasonable dispute. Instead, Plaintiff claims that Defendants improperly use these exhibits to show that they did not mislead investors. But Plaintiff ignores that Defendants can use judicially noticeable facts to provide the Court with the necessary context to evaluate whether a complaint adequately states a securities fraud claim. *Eventbrite*, 2020 WL 2042078, at *7-8. As the court recognized in *Orexigen*, courts are "'not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." 899 F.3d at 1008 (citation omitted). Indeed, if companies were not permitted to dispute whether they committed securities fraud, motions to dismiss securities class actions would be meaningless.

Plaintiff objects to judicial notice of the exhibits on the grounds that Defendants purportedly did not identify "a single specific fact for the Court to notice." Plaintiff's Response at 3. That is not accurate. Defendants quote relevant portions of each exhibit in their motion to dismiss. Defendants seek judicial notice of the existence of the exhibits and the content contained in the referenced portions

DEFENDANTS' REPLY IN SUPPORT OF          -9-
NOTICE OF INCORPORATION BY
REFERENCE AND RJN, CASE NO. 8:25-
CV-01596-FWS-KES

of each exhibit.  This is an entirely standard and appropriate approach.[6]  In fact, courts routinely take judicial notice of the contents of *entire* exhibits.  *See, e.g.*, *Waterford Twp. Police v. Mattel, Inc.*, 321 F. Supp. 3d 1133, 1144 (C.D. Cal. 2018), *aff'd sub nom. Castro v. Mattel, Inc.*, 794 F. App'x 669 (9th Cir. 2020).

### A.    SEC Filings

Courts routinely take judicial notice of SEC filings.  Notice of Incorporation & RJN at 5-7 (citing *Metzler*, *Bryant*, *Waterford*, *ScrippsAmerica*, *IXIA*, *Yelp*, *GoPro*, *LendingClub*, *SolarCity*).  Plaintiff admits that "courts may take judicial notice of the existence and contents of SEC filings."  Plaintiff's Response at 4.  Plaintiff also does not contest the accuracy or authenticity of the SEC filings.  Instead, Plaintiff argues that Defendants rely on the exhibits "for the truth of representations in them and to dispute Plaintiff's well-pleaded allegations."  *Id.* at 5.  That is a mischaracterization of Defendants' request.  Defendants offer the SEC filings for the purpose of evaluating Defendants' motion to dismiss pursuant to the PSLRA and "for the purpose of determining what information was available to the market," which is entirely appropriate and routine.  *Chicago & Vicinity Laborers' Dist. Council Pension Fund v. Amplitude, Inc.*, 2025 WL 82206, at *1 (N.D. Cal. Jan. 13, 2025); *see* Notice of Incorporation & RJN at 1, 5-7; *see also, e.g.*, *Kampe v. Volta, Inc.*, 2024 WL 4534732, at *5 (N.D. Cal. Oct. 21, 2024) (taking judicial notice of SEC filings "for the purpose of considering what was disclosed to the market").  Regardless, the Court may consider SEC filings that contradict Plaintiff's conclusory allegations.  *See Golub v. Gigamon, Inc.*, 2019 WL 4168948, at *6 (N.D. Cal. Sept. 3, 2019) (taking judicial notice of exhibits, including SEC filings, because courts need not "accept as true 'allegations that contradict matters properly subject to

---

[6] Plaintiff's case is readily distinguishable.  *See Green Dot*, 2024 WL 1356253, at *3 & n.1 (defendants' RJN "shunt[s] discussion" and "lists, in chart form, dozens of documents spanning hundreds of pages").

DEFENDANTS' REPLY IN SUPPORT OF        -10-
NOTICE OF INCORPORATION BY
REFERENCE AND RJN, CASE NO. 8:25-
CV-01596-FWS-KES

judicial notice;' a party may not avoid dismissal by raising an unreasonable factual dispute") (citation omitted), *aff'd*, 994 F.3d 1102 (9th Cir. 2021).

Plaintiff argues that judicial notice of RxSight's February 25, 2025 SEC Form 8-K and attached press release announcing its 4Q2024 and FY 2024 results (Exhibit 2) is "improper because this press release is not alleged in the Complaint." Plaintiff's Response at 5. Plaintiff fails to mention that the CAC alleges that statements made during RxSight's February 25, 2025 earnings call, which followed the filing of the Form 8-K and expressly cross-references it (Ex. 12, at 4), were allegedly false and misleading. ¶106. In any event, Plaintiff's very argument was rejected by Plaintiff's own case. *See Alghazwi*, 801 F. Supp. 3d at 1000 (taking judicial notice of exhibits and rejecting plaintiff's argument that judicial notice was "inappropriate because [some exhibits] were not cited in the [complaint]").[7]

Plaintiff's attempts to have the Court ignore Defendants' SEC Form 4 filings are equally unavailing. Defendants seek judicial notice of Forms 4 (Exs. 10-11), which indicate that the individual defendants' stock transactions were largely pursuant to Rule 10b5-1 plans that were entered into prior to the start of the class period. Notice of Incorporation & RJN at 6-7. Courts routinely take judicial notice of SEC Forms 4 filings. *See id.* at 5-7 (citing *Yelp*, *GoPro*, *LendingClub*, *SolarCity*); *see also Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1064 n.7, 1067 n.11 (9th Cir. 2008) (holding that the district court properly took judicial notice of SEC filings and finding that "[s]ales according to pre-determined plans may 'rebut

---

[7] Plaintiff's other cases are inapposite or cut against their argument. *See United States v. Corinthian Colls.*, 655 F.3d 984, 998-99 (9th Cir. 2011) (defendant sought judicial notice of a matter of fact in a letter which was disputed); *Maiman v. Talbott*, 2010 WL 11421950, at *6-7 (C.D. Cal. Aug. 9, 2010) (declining to take judicial notice of defendants' stock purchases, a subject matter not alleged in the complaint); *Baron v. Hyrecar Inc.*, 2022 WL 17413562, at *6 (C.D. Cal. Dec. 5, 2022) (taking judicial notice of SEC filings).

DEFENDANTS' REPLY IN SUPPORT OF          -11-
NOTICE OF INCORPORATION BY
REFERENCE AND RJN, CASE NO. 8:25-
CV-01596-FWS-KES

[ ] an inference of scienter'"); *In re Twitter, Inc. Sec. Litig.*, 506 F. Supp. 3d 867, 874 n.1 (N.D. Cal. 2020) (taking judicial notice of SEC Forms 4 "'even when not referenced in the pleading, to prove that stock sales were made pursuant to a Rule 10b5-1 trading plan'") (citation omitted), *aff'd sub nom. Weston Fam. P'ship LLLP v. Twitter, Inc.*, 29 F.4th 611, 619 (9th Cir. 2022).

Plaintiff is incorrect (Plaintiff's Response at 7 n.6) that "recent case law" prohibits judicial notice of Forms 4.  As a number of recent decisions reflect, courts continue to take judicial notice of SEC Forms 4 in considering Rule 10b5-1 plans. *See Berkeley Lights*, 2024 WL 695699, at *5, *15 (taking judicial notice of stock sale exhibits; "sales made according to pre-determined plans weigh against an inference of scienter"); *In re Eargo, Inc. Sec. Litig.*, 2023 WL 5663154, at *1 (N.D. Cal. Aug. 31, 2023) ("Non-discretionary trades generally 'do[] not support an inference of scienter.'") (citation omitted), *aff'd sub nom. Cai v. Eargo, Inc.*, 2025 WL 66041 (9th Cir. Jan. 10, 2025); *City of Pontiac Gen. Emps. Ret. Sys. v. First Solar Inc.*, 2023 WL 155861, at *8 n.4, *9 (D. Ariz. Jan. 11, 2023) (taking judicial notice of Forms 4; "the existence of Rule 10b5-1 trading plans … rebut[s] a strong inference of scienter"); *Habelt v. iRhythm Techs., Inc.*, 2022 WL 971580, at *6, *20 (N.D. Cal. Mar. 31, 2022) (relying on Form 4 in concluding sales pursuant to 10b5-1 plan did not support strong scienter inference); *Fastly*, 2021 WL 5494249, at *8, *17 (judicially noticing Forms 4 and holding that Rule 10b5-1 plans "cut against a finding of scienter"); *Twitter*, 506 F. Supp. 3d at 874 n.1.

Moreover, Plaintiff disregards that the Supreme Court requires the consideration of plausible opposing inferences (*i.e.*, non-fraud explanations for stock sales).  *See Tellabs*, 551 U.S. at 323; *see also Curry v. Yelp Inc.*, 875 F.3d 1219, 1226-27 n.2 (9th Cir. 2017) (the fact that "the vast majority of Individual Defendants' stock sales were made pursuant to a Rule 10b5-1 plan," undercuts scienter); *Metzler*, 540 F.3d at 1067 n.11.

DEFENDANTS' REPLY IN SUPPORT OF           -12-
NOTICE OF INCORPORATION BY
REFERENCE AND RJN, CASE NO. 8:25-
CV-01596-FWS-KES

## B.    Conference Call Transcripts

Courts also routinely take judicial notice of conference call transcripts. *See* Notice of Incorporation & RJN at 7-8 (citing *Waterford*, *Patel*, *Gigamon*, *Tandem*). In opposing Defendant's request for judicial notice of conference call transcripts, Plaintiff cites the standard disclaimer in the transcripts that the accuracy of the transcriptions is not guaranteed, but Plaintiff does not identify any inaccuracies in any of the transcripts. Plaintiff's Response at 8. Instead, Plaintiff contests Defendants' "interpretations" of the transcripts—not the transcriptions. Plaintiff's Response at 8 n.7.[8] Judicial notice is permitted for the purpose of considering the full context of challenged statements and contradicting conclusory allegations. *Supra* at 9; *Patel v. Parnes*, 253 F.R.D. 531, 547-48 (C.D. Cal. 2008); *see also Gigamon*, 2019 WL 4168948, at *6.[9]

In any event, Plaintiff's judicial notice arguments about the contents of Exhibits 4, 5, 7, 8, and 12 (Plaintiff's Response at 8-10) are irrelevant since all of these transcripts are incorporated by reference in the CAC. *Supra* at 4-5.

## C.    FDA Website and SEC Form S-3

Plaintiff contests judicial notice for Exhibit 6 and 14 on the grounds that they "counter Plaintiff's allegations that Defendants misled investors about the efficacy

---

[8] *In re Biovie Inc. Securities Litigation* supports Defendants. 2025 WL 947667, at *7 (D. Nev. Mar. 27, 2025) (judicially noticing conference call transcripts but declining to notice "healthcare conferences and webinars"). *Orexigen* is also distinguishable. 899 F.3d at 1000 (defendants' statements in transcript were contradictory).

[9] The remaining cases do not help Plaintiff. *See Rollins v. Dignity Health*, 338 F. Supp. 3d 1025, 1031-32 (N.D. Cal. 2018) (not addressing transcripts; exhibits consisted of material taken from company website and "records of private parties"); *In re Semtech Corp. Sec. Litig.*, 2025 WL 2884810, at *4 (C.D. Cal. Oct. 7, 2025) (incorporating earnings call transcript by reference); *In re Doximity, Inc. Sec. Litig.*, 2025 WL 1449598, at *2 (N.D. Cal. May 13, 2025) (same).

of the RxSight System." Plaintiff's Response at 6. But the Court need not accept Plaintiff's conclusory allegations regarding FDA studies as true since they are contradicted by documents which are properly subject to judicial notice. *See Fisher v. Nissel*, 2022 WL 16961479, at \*4 (C.D. Cal. Aug. 15, 2022) ("the Court need not accept as true allegations in the FAC that are contradicted by matters properly subject to judicial notice"); *see also Gigamon*, 2019 WL 4168948, at \*6. In any event, Exhibit 6 is incorporated by reference (*supra* at 7-8). Further, Defendants do not offer Exhibit 14 (the FDA website) to "present disputed facts," (Plaintiff's Response at 7 n.5), but rather cite the exhibit to show that details about the studies' methodology were publicly available. *See* MTD at 8; *Amplitude*, 2025 WL 82206, at \*1 (judicial notice for information available to the market).[10]

## III.   PLAINTIFF'S REQUEST FOR RULE 56(d) DISCOVERY IS IMPROPER

Plaintiff's request for discovery is improper. Plaintiff's Response at 13. At this stage of the proceedings, discovery is automatically stayed pursuant to the PSLRA. 15 U.S.C. § 78u-4(b)(3)(B). Moreover, the purpose of the incorporation by reference doctrine and judicial notice is to allow the court to consider certain additional materials, such as the exhibits submitted with Defendants' motion to dismiss, without converting a motion to dismiss into a motion for summary judgment. *Khoja*, 899 F.3d at 999. Indeed, the Supreme Court and the Ninth Circuit have held that consideration of matters that are incorporated by reference or subject to judicial notice is proper at the motion to dismiss stage. *Supra* at 1, 3.

\*       \*       \*

---

[10] The defendants in Plaintiff's cases tried to use exhibits to rebut *well-pleaded* factual allegations, which is not the case about the efficacy allegations here. *See Semtech*, 2025 WL 2884810, at \*4; *Doximity*, 2025 WL 1449598, at \*2; *In re Obalon Therapeutics, Inc.*, 2019 WL 4729461, at \*4 (S.D. Cal. Sept. 25, 2019).

DEFENDANTS' REPLY IN SUPPORT OF       -14-
NOTICE OF INCORPORATION BY
REFERENCE AND RJN, CASE NO. 8:25-
CV-01596-FWS-KES

Defendants respectfully request that the Court consider and incorporate by reference and/or take judicial notice of Exhibits 1-14 in connection with Defendants' MTD.

Dated: April 24, 2026

WILSON SONSINI GOODRICH & ROSATI,
Professional Corporation

By: /s/ *Diane M. Walters*
Diane M. Walters

*Attorneys for Defendants RxSight, Inc., Ron Kurtz, and Shelley Thunen*