GREGORY L. WATTS, State Bar No. 197126
Email:  gwatts@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
95 South State Street, Suite 1000
Salt Lake City, UT 84111
Telephone: (801) 401-8510
Facsimile: (866) 974-7329

DIANE M. WALTERS, State Bar No. 148136
Email:  dwalters@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, California 94304-1050
Telephone:   (650) 493-9300
Facsimile:    (866) 974-7329

*Attorneys for Defendants*
*RxSight, Inc., Ron Kurtz, and Shelley Thunen*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### SOUTHERN DIVISION

| | |
|---|---|
| In re RxSIGHT, INC. SECURITIES LITIGATION | Case No. 8:25-cv-01596-FWS-KES |
| | <u>CLASS ACTION</u> |
| This Document Relates To: | **DEFENDANTS' ANSWER TO AMENDED COMPLAINT** |
| ALL ACTIONS. | |

DEFENDANTS' ANSWER TO AMENDED COMPLAINT, CASE NO. 8:25-CV-01596-FWS-KES

Defendants RxSight, Inc. ("RxSight" or the "Company"), and Dr. Ron Kurtz and Shelley Thunen (collectively, the "Individual Defendants" and, together with RxSight, the "Defendants"), hereby answer the Amended Complaint for Violations of the Federal Securities Laws ("FAC"), ECF No. 46, filed on December 12, 2025, by Lead Plaintiff ("Plaintiff").

To the extent that the paragraphs of the FAC are grouped under headings and subheadings, Defendants respond generally that the headings and subheadings, including the Table of Contents, do not constitute factual averments, and thus they are not included herein. To the extent that a response is deemed necessary, Defendants deny each and every heading and subheading in the FAC and incorporate by reference this response in each paragraph below as if fully set forth therein.

Except as explicitly admitted herein, Defendants deny any and all allegations set forth in the FAC and incorporate by reference this response in each paragraph below as if fully set forth therein. Defendants further answer the numbered paragraphs in the FAC as follows.

1.       Defendants admit that the Court has jurisdiction over the subject matter of this action. Defendants admit that Plaintiff purports to bring claims under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder. Except as expressly admitted herein, Defendants deny the allegations in paragraph 1.

2.       Defendants admit that venue is proper in this District. Defendants admit that RxSight maintained its corporate headquarters in this District during the putative class period. Except as expressly admitted herein, Defendants deny the allegations in paragraph 2.

3.       Defendants admit that they have used the facilities of U.S. national securities exchanges and instrumentalities of U.S. interstate commerce. Except as

DEFENDANTS' ANSWER TO AMENDED COMPLAINT, CASE NO. 8:25-CV-01596-FWS-KES                -1-

expressly admitted herein, Defendants deny the allegations in paragraph 3.[1]

4. Defendants admit that Plaintiff purports to bring this action as a class action on behalf of all purchasers of RxSight common stock between November 9, 2023 and July 8, 2025 against Defendants for alleged violations of the Exchange Act and SEC Rule 10b-5. Defendants deny that they violated the Exchange Act or SEC Rule 10b-5 and deny that class certification is appropriate. Except as expressly admitted herein, Defendants deny the allegations in paragraph 4.

5. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the information that Plaintiff and/or Plaintiff's counsel may have reviewed prior to filing the FAC, and on that basis, deny the allegations. Defendants otherwise deny the allegations in paragraph 5.

6. Defendants admit that RxSight is an ophthalmic medical technology corporation dedicated to improving the vision of patients following cataract surgery. Defendants admit that the proprietary RxSight Light Adjustable Lens system consists of Light Adjustable Lenses® (LAL® / LAL+®), Light Delivery Devices (LDD™), and accessories. Defendants admit that RxSight designed the RxSight system to address the shortcomings of competitive IOL technologies and provide a solution that doctors can trust to improve uncorrected visual outcomes and achieve high levels of patient satisfaction. Defendants admit that the Light Adjustable Lens is implanted using a standard cataract procedure. Defendants admit that the RxSight system enables a treating physician to customize and optimize a patient's uncorrected visual acuity after surgery. Defendants admit that adjustments are performed that correct refractive error and customize a patient's vision. Defendants admit that most LAL patients, in consultation with their doctors, choose minor differences in the refractive correction of each eye, which can result in glasses-free vision across a full range of distances using both eyes. Defendants

---

[1] Defendants admit that Plaintiff refers to RxSight, Dr. Kurtz, and Ms. Thunen collectively in the FAC as "Defendants."

DEFENDANTS' ANSWER TO AMENDED COMPLAINT, CASE NO. 8:25-CV-01596-FWS-KES -2-

admit that LALs are considered premium IOLs.  Defendants admit that the LAL, as a premium IOL, typically involves out-of-pocket costs not covered by standard Medicare or insurance.  Defendants admit that RxSight typically sells LALs for approximately $1,000 each.  Except as expressly admitted herein, Defendants deny the allegations in paragraph 6.

7.    Defendants deny the allegations in paragraph 7.

8.    Defendants deny the allegations in paragraph 8.

9.    Defendants deny the allegations in paragraph 9.

10.    Defendants admit that, on May 13, 2024, RxSight completed a secondary public offering of 2,053,571 shares of its common stock, at a price of $56.00 per share.  Defendants admit that RxSight's gross proceeds from the offering were $115.0 million, before deducting underwriting discounts and commissions and other offering expenses.  Except as expressly admitted herein, Defendants deny the allegations in paragraph 10.

11.    Defendants deny the allegations in paragraph 11.

12.    Defendants deny the allegations in paragraph 12.

13.    Defendants deny the allegations in paragraph 13.

14.    Defendants deny the allegations in paragraph 14.

15.    Defendants admit that, on November 7, 2024, RxSight issued a press release and held an earnings call announcing quarterly financial results for the third quarter of 2024 ("3Q24").  Defendants admit that they disclosed during the earnings call that the Company's average monthly utilization (LAL sales / LDD installs at the end of 2Q24 / 3) was 10.1 during 3Q24, down from 11 in 2Q24 and up from 8.7 in 3Q23.  Defendants refer to the November 7, 2024 press release and earnings call, including audio recordings of the call, for their complete contents.  Except as expressly admitted herein, Defendants deny the allegations in paragraph 15.

16.    Defendants admit that, on January 12, 2025, RxSight issued a press release announcing certain preliminary, unaudited financial and operational results

DEFENDANTS' ANSWER TO AMENDED          -3-
COMPLAINT, CASE NO. 8:25-CV-01596-
FWS-KES

for 4Q24 and fiscal year 2024 ("FY2024"). Defendants admit that the Company reported 4Q24 LDD sales of 83 in the press release. Defendants refer to the January 12, 2025 press release for its complete contents. Except as expressly admitted herein, Defendants deny the allegations in paragraph 16.

17. Defendants admit that RxSight issued a press release on April 2, 2025 announcing preliminary revenue for 1Q25 and reduced annual 2025 revenue guidance. Defendants admit that RxSight held a conference call with analysts and investors on April 3, 2025. Defendants admit that the Company reported 1Q25 LDD sales of 73 and 1Q25 LAL sales of 27,579. Defendants admit that the Company reported a decline in average monthly utilization from 4Q24 to 1Q25. Defendants refer to the April 2, 2025 press release and April 3, 2025 conference call, including audio recordings of the call, for their complete contents. Except as expressly admitted herein, Defendants deny the allegations in paragraph 17.

18. Defendants admit that RxSight issued a press release on July 8, 2025 announcing preliminary revenue for 2Q25 and reduced annual 2025 revenue guidance. Defendants admit that the July 8, 2025 press release reported the sale of 40 LDDs in 2Q25, which represented a decrease from 1Q25. Defendants admit that RxSight reported the sale of 27,380 LALs in 2Q25. Defendants refer to the July 8, 2025 press release for its complete contents. Defendants admit that RxSight held a conference call with analysts and investors on July 8, 2025. Defendants admit that the excerpted text that appears within quotation marks in paragraph 18 reflects partial fragments of statements during the July 8, 2025 call, but deny that Plaintiff's selective quotations and characterizations are accurate, complete, or have been provided with full context. Defendants refer to audio recordings of the July 8, 2025 conference call for the complete contents. Except as expressly admitted herein, Defendants deny the allegations in paragraph 18.

19. Defendants deny the allegations in paragraph 19.

20. Defendants admit that RxSight issued a press release on November 5, 2025, reporting financial results for 3Q25. Defendants admit the second sentence of paragraph 20. Defendants refer to the November 5, 2025 press release for its complete contents. Except as expressly admitted herein, Defendants deny the allegations in paragraph 20.

21. Defendants admit that Plaintiff filed with the Court a certification that purports to reflect transactions in RxSight common stock. Defendants lack knowledge or information sufficient to form a belief as to the allegations regarding Plaintiff's purchases of RxSight common stock during the putative class period, and on that basis, deny the allegations. Except as expressly admitted herein, Defendants deny the allegations in paragraph 21.

22. Defendants admit the allegations in paragraph 22.

23. Defendants admit that Dr. Kurtz has served as RxSight's President and CEO and on RxSight's Board of Directors since 2016. Defendants admit that Dr. Kurtz signed Sarbanes-Oxley certifications for RxSight's Forms 10-Q filed with the SEC on November 9, 2023, May 6, 2024, August 5, 2024, November 7, 2024, and May 7, 2025, and the Forms 10-K filed with the SEC on February 28, 2024 and February 25, 2025. To the extent that paragraph 23 contains Plaintiff's legal conclusions regarding the federal securities laws and SEC disclosure requirements, no response to such legal conclusions is required. Except as expressly admitted herein, Defendants deny the allegations in paragraph 23.

24. Defendants admit that Ms. Thunen joined RxSight in 2016 and served as RxSight's Chief Financial Officer from February 2017 through January 2026. Defendants admit that Ms. Thunen also served as Co-President from August 2024 through January 2026. Defendants admit that Ms. Thunen signed Sarbanes-Oxley certifications for RxSight's Forms 10-Q filed with the SEC on November 9, 2023, May 6, 2024, August 5, 2024, November 7, 2024, and May 7, 2025, and the Forms 10-K filed with the SEC on February 28, 2024 and February 25, 2025. To the extent

DEFENDANTS' ANSWER TO AMENDED COMPLAINT, CASE NO. 8:25-CV-01596-FWS-KES                    -5-

that paragraph 24 contains Plaintiff's legal conclusions regarding the federal securities laws and SEC disclosure requirements, no response to such legal conclusions is required. Except as expressly admitted herein, Defendants deny the allegations in paragraph 24.

25. Defendants admit that the FAC refers to Dr. Kurtz and Ms. Thunen as the "Individual Defendants."

26. Defendants admit that the Individual Defendants were involved in the management of the Company and had access to certain confidential and proprietary information concerning RxSight's operations and financial condition during the putative class period. Except as expressly admitted herein, Defendants deny the allegations in paragraph 26.

27. The first sentence of paragraph 27 contains Plaintiff's legal conclusions regarding the federal securities laws and SEC disclosure requirements, to which no response is required. Except as expressly admitted herein, Defendants deny the allegations in paragraph 27.

28. Defendants admit that Dr. Kurtz and Ms. Thunen were senior officers at RxSight during the putative class period and, in that capacity, were involved in the preparation or review of various SEC filings, press releases, and other public statements by RxSight during the putative class period. Defendants admit that Dr. Kurtz and Ms. Thunen participated in conference calls with analysts and investors during the putative class period. Defendants deny the allegations in paragraph 28 to the extent that Plaintiff attempts to characterize Dr. Kurtz and Ms. Thunen as exercising personal oversight over the details and contents of all filings with the SEC, press releases, and other public statements. Except as expressly admitted herein, Defendants deny the allegations in paragraph 28.

29. Defendants admit the allegations in paragraph 29.

30. Defendants admit the allegations in paragraph 30.

31. Defendants deny the allegations in paragraph 31.

32. Defendants admit that premium IOL surgeries represent about one-fifth of cataract surgeries performed in the United States. Except as expressly admitted herein, Defendants deny the allegations in paragraph 32.

33. Defendants admit that the RxSight system includes LAL or LAL+ and an LDD. Except as expressly admitted herein, Defendants deny the allegations in paragraph 33.

34. Defendants admit that LALs are implanted during a standard cataract surgery. Defendants admit that, post-surgery, patients return to the doctor's office and receive a diagnostic exam to determine the appropriate lens prescription. Defendants admit that the doctor customizes or "adjusts" the shape and refractive power of the implanted LAL within the patient's eye to optimize the patient's uncorrected vision using patterns of ultra-violet light generated by an LDD. Defendants admit that, following the adjustments, the LAL is "locked-in." Defendants admit that "lock-ins" may require up to two additional visits. Except as expressly admitted herein, Defendants deny the allegations in paragraph 34.

35. Defendants admit that the FDA granted approval in 2017 following completion of an FDA Phase 3 pivotal randomized clinical study of 600 subjects, designed to evaluate the safety and effectiveness of performing light treatments to correct postoperative spherical and cylindrical refractive error. In this study, 391 subjects had the LAL implanted in one eye and the results were compared at the six-month postoperative visit against 193 subjects with a monofocal control IOL implanted in one eye. Except as expressly admitted herein, Defendants deny the allegations in paragraph 35.

36. Defendants admit that RxSight began commercializing the RxSight System in 2019 and that many patients and doctors choose a blended vision approach. Except as expressly admitted herein, Defendants deny the allegations in paragraph 36.

DEFENDANTS' ANSWER TO AMENDED COMPLAINT, CASE NO. 8:25-CV-01596-FWS-KES                -7-

37.     Defendants admit that RxSight's securities began trading on July 30, 2021 following an initial public offering priced at $16 per share.  Except as expressly admitted herein, Defendants deny the allegations in paragraph 37.

38.     Defendants admit that their commercial efforts have been primarily focused in the United States on building the LDD installed base to enable ongoing growth in LAL procedure volumes.  Defendants further admit that the business model generally requires a surgeon or practice to obtain an LDD and undergo training or partner with another party with such capabilities.  Except as expressly admitted herein, Defendants deny the allegations in paragraph 38.

39.     Defendants admit that "utilization" is a business metric.  Except as expressly admitted herein, Defendants deny the allegations in paragraph 39.

40.     Defendants admit the allegations in the first sentence of paragraph 40. Defendants admit that the Company publicly disclosed utilization and/or its inputs (LALs sold and total LDDs installed) every quarter.  Defendants admit that utilization was calculated or calculable by analysts and investors using the Company's publicly disclosed information.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the generalized allegations regarding the beliefs of unidentified analysts, and on that basis, deny the allegations. Except as expressly admitted herein, Defendants deny the allegations in paragraph 40.

41.     Defendants deny the allegations in paragraph 41.

42.     Defendants admit that the excerpted text that is within quotation marks in paragraph 42 reflects portions of language in RxSight's SEC Form 10-K for FY2023, filed with the SEC on February 28, 2024, but deny that Plaintiff's selective quotations and characterizations are accurate, complete, or have been provided with full context.  Defendants deny any emphasis added by Plaintiff through the use of italicized font.  Except as expressly admitted herein, Defendants deny the allegations in paragraph 42.

43. Because Plaintiff purports to vaguely characterize various public statements made over a nearly two-year period without identifying specific dates or statements, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 43, and on that basis, deny the allegations. Defendants further deny that Plaintiff's characterizations are accurate, complete, or have been provided with full context.

44. Defendants deny the allegations in paragraph 44.

45. Defendants deny the allegations in paragraph 45.

46. Defendants admit that new customer contracts typically include the sale of an LDD at a price between approximately $120,000 - $130,000, and the sale of LALs for approximately $1,000 each. Defendants admit that RxSight works closely with every new customer to conduct a thorough training and onboarding process. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the staffing practices of all "[m]anaging physicians," and on that basis, deny the allegations. Except as expressly admitted herein, Defendants deny the allegations in paragraph 46.

47. Because Plaintiff purports to vaguely characterize various public statements made over a nearly two-year period without identifying specific dates or statements, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 47, and on that basis, deny the allegations. Defendants further deny that Plaintiff's characterizations are accurate, complete, or have been provided with full context.

48. Defendants deny the allegations in paragraph 48.

49. Defendants deny the allegations in paragraph 49.

50. Defendants deny the allegations in paragraph 50.

51. Defendants deny the allegations in paragraph 51.

52. Defendants deny the allegations in paragraph 52.

53. Defendants deny the allegations in paragraph 53.

54. Defendants admit that RxSight's closing stock price on November 9, 2023 was $23.80. Except as expressly admitted herein, Defendants deny the allegations in paragraph 54.

55. Defendants admit that, on May 13, 2024, RxSight completed a secondary public offering of 2,053,571 shares of its common stock, at a price of $56.00 per share. Defendants admit that RxSight's gross proceeds from the offering were $115.0 million, before deducting underwriting discounts and commissions and other offering expenses. Except as expressly admitted herein, Defendants deny the allegations in paragraph 55.

56. Defendants admit that Dr. Kurtz sold 165,000 shares of RxSight stock between December 2023 and May 2024, pursuant to a Rule 10b5-1 plan that he entered into prior to the start of the putative class period. Defendants admit that Ms. Thunen sold 180,174 shares of RxSight stock between December 2023 and October 2024, many of which were sold pursuant to Rule 10b5-1 plans that she entered into prior to the start of the putative class period. Except as expressly admitted herein, Defendants deny the allegations in paragraph 56.

57. Defendants admit that Eric Weinberg sold 50,000 shares of RxSight stock between December 2023 and February 2024 pursuant to a Rule 10b5-1 plan that he entered into prior to the start of the putative class period. Defendants admit that Ilya Goldshleger sold 166,861 shares of RxSight stock between December 2023 and November 2024 pursuant to Rule 10b5-1 plans. Except as expressly admitted herein, Defendants deny the allegations in paragraph 57.

58. Defendants deny the allegations in paragraph 58.

59. Defendants deny the allegations in paragraph 59.

60. Defendants admit that Wells Fargo issued a report on July 10, 2024 regarding a survey that was conducted of 50 cataract surgeons. Defendants admit that the closing price of RxSight stock on July 9, 2024 was $56.99. Defendants

DEFENDANTS' ANSWER TO AMENDED COMPLAINT, CASE NO. 8:25-CV-01596-FWS-KES     -10-

admit that the closing price of RxSight stock on July 10, 2024 was $51.11. Except as expressly admitted herein, Defendants deny the allegations in paragraph 60.

61. Defendants deny the allegations in paragraph 61.

62. Defendants admit that, on November 7, 2024, RxSight issued a press release and held an earnings call regarding 3Q24 financial results. Defendants admit that RxSight reported the sale of 78 LDDs and the sale of 24,554 LALs in 3Q24. Defendants admit that they disclosed during the November 7, 2024 earnings call that the Company's average monthly utilization (LAL sales / LDD installs at the end of 2Q24 / 3) was 10.1 during 3Q24, down from 11 in 2Q24 and up from 8.7 in 3Q23. Defendants refer to the November 7, 2024 press release and audio recordings of the November 7, 2024 call for their complete contents. Except as expressly admitted herein, Defendants deny the allegations in paragraph 62.

63. Defendants admit that, on January 12, 2025, RxSight issued a press release announcing certain preliminary, unaudited financial and operational results for 4Q24 and FY2024. Defendants admit that the Company reported 4Q24 LDD sales of 83 in the press release. Defendants refer to the January 12, 2025 press release for its complete contents. Except as expressly admitted herein, Defendants deny the allegations in paragraph 63.

64. Defendants admit that RxSight issued a press release on April 2, 2025 announcing preliminary revenue for 1Q25 and revised annual 2025 revenue guidance. Defendants admit that the April 2, 2025 press release reported that preliminary 1Q25 revenue was expected to be approximately $37.9 million, which represented growth of 28% compared to the prior year period, and a decrease of 6% compared to 4Q24. Defendants admit that the Company reported 1Q25 LDD sales of 73 and 1Q25 LAL sales of 27,579. Defendants admit that RxSight's annual revenue guidance range for fiscal 2025 was reduced from a range of $185 million - $197 million to a range of $160 million - $175 million. Defendants refer to the April 2, 2025 press release for its complete contents. Defendants admit that RxSight held

DEFENDANTS' ANSWER TO AMENDED COMPLAINT, CASE NO. 8:25-CV-01596-FWS-KES

-11-

a conference call with analysts and investors on April 3, 2025 in connection with RxSight's April 2, 2025 press release. Defendants admit that the Company reported a decline in average monthly utilization from 4Q24 to 1Q25. Defendants admit that certain of the excerpted text that appears within quotation marks in paragraph 64 reflects portions of statements made by the Individual Defendants during the April 3, 2025 conference call, but deny that Plaintiff's selective quotations and characterizations are accurate, complete, or have been provided with full context. Defendants refer to audio recordings of the April 3, 2025 conference call for the complete contents. Except as expressly admitted herein, Defendants deny the allegations in paragraph 64.

65. Defendants deny the allegations in paragraph 65.

66. Defendants admit that, on July 8, 2025, RxSight issued a press release announcing preliminary financial results for 2Q25. Defendants admit that the July 8, 2025 press release reported the sale of 40 LDDs, a decrease from 1Q25. Defendants admit that the July 8, 2025 press release reported 2Q25 sales of 27,380 LALs. Defendants admit that RxSight's 2025 annual revenue guidance was reduced to a range of $120 million - $130 million from $160 million - $175 million. Defendants refer to the July 8, 2025 press release for its complete contents. Except as expressly admitted herein, Defendants deny the allegations in paragraph 66.

67. Defendants admit that certain of the excerpted text that appears within quotation marks in paragraph 67 reflects portions of statements made by Dr. Kurtz during the July 8, 2025 conference call, but deny that Plaintiff's selective quotations and characterizations are accurate, complete, or have been provided with full context. Defendants refer to audio recordings of the July 8, 2025 conference call for the complete contents. Except as expressly admitted herein, Defendants deny the allegations in paragraph 67.

68. Defendants deny the allegations in paragraph 68.

69.     Defendants admit that RxSight's closing stock price on July 8, 2025 was $12.79.  Defendants admit that RxSight's closing stock price on July 9, 2025 was $7.95.  Except as expressly admitted herein, Defendants deny the allegations in paragraph 69.

70.     Defendants deny the allegations in paragraph 70.

71.     Defendants deny the allegations in paragraph 71.

72.     Defendants admit that, on November 9, 2023, RxSight issued a press release announcing its financial results for 3Q23.  Defendants admit that RxSight reported 3Q23 revenue of $22.2 million, an increase of 76% compared to 3Q22. Defendants admit that RxSight reported the sale of 66 LDDs in 3Q23, a 35% increase over 3Q22, which increased its installed base to 589 LDDs in the United States, and the sale of 13,657 LALs, a 107% increase in procedures compared to 3Q22. Defendants admit that the excerpted text that appears within quotation marks in paragraph 72 reflects a portion of a statement by Dr. Kurtz in the press release, but deny that Plaintiff's selective quotation is complete or has been provided with full context.  Defendants refer to the November 9, 2023 press release for its complete contents.  Except as expressly admitted herein, Defendants deny the allegations in paragraph 72.

73.     Defendants admit that RxSight held an earnings call on November 9, 2023.  Defendants admit that the excerpted text that appears within quotation marks in paragraph 73 reflects portions of statements made by Dr. Kurtz during the November 9, 2023 earnings call, but deny that Plaintiff's selective quotations and characterizations are accurate, complete, or have been provided with full context. Defendants refer to audio recordings of the November 9, 2023 earnings call for the complete contents.  Defendants deny any emphasis added by Plaintiff through the

use of italicized font.  Except as expressly admitted herein, Defendants deny the allegations in paragraph 73.[2]

74.    Defendants admit that certain of the excerpted text that appears within quotation marks in paragraph 74 reflects portions of statements contained in analyst reports issued by BTIG, Oppenheimer, and J.P. Morgan on or about November 9, 2023, but deny that Plaintiff's selective quotations and characterizations are accurate, complete, or have been provided with full context.  Except as expressly admitted herein, Defendants deny the allegations in paragraph 74.

75.    Defendants admit that Dr. Kurtz and Ms. Thunen spoke at a January 10, 2024 J.P. Morgan Healthcare Conference.  Defendants admit that S&P Global prepared a transcript of certain statements during the January 10, 2024 conference.  Defendants lack knowledge or information sufficient to form a belief as to the accuracy of such transcript and therefore lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 75 concerning the excerpted statements by Dr. Kurtz, and on that basis, deny the allegations.  Defendants note that the transcript prepared by S&P expressly states that S&P "do[es] not guarantee the accuracy, completeness, timeliness or availability of the Content [in the transcript]."  Defendants further deny that the excerpted statements are complete or have been provided with full context.  Except as expressly admitted herein, Defendants deny the allegations in paragraph 75.

76.    Defendants admit that, on February 28, 2024, RxSight issued a press release and held an earnings call in connection with reporting results for 4Q23 and FY2023.  Defendants admit that the excerpted text that appears within quotation marks in paragraph 76 reflects portions of statements made by Dr. Kurtz during the February 28, 2024 earnings call, but deny that Plaintiff's selective quotations and characterizations are accurate, complete, or have been provided with full context.

[2] Defendants deny any emphasis added in the FAC by Plaintiff through the use of bolded and italicized font.

DEFENDANTS' ANSWER TO AMENDED COMPLAINT, CASE NO. 8:25-CV-01596-FWS-KES                -14-

Defendants refer to the February 28, 2024 press release and audio recordings of the February 28, 2024 earnings call for their complete contents.  Defendants deny any emphasis added by Plaintiff through the use of italicized font.  Except as expressly admitted herein, Defendants deny the allegations in paragraph 76.

77.    Defendants admit that the excerpted text that appears within quotation marks in paragraph 77 reflects portions of statements contained in an analyst report issued by Oppenheimer on or about February 29, 2024, but deny that Plaintiff's selective quotations and characterizations are accurate, complete, or have been provided with full context.  Except as expressly admitted herein, Defendants deny the allegations in paragraph 77.

78.    Defendants admit that, on March 13, 2024, Dr. Kurtz and Ms. Thunen spoke at an Oppenheimer Healthcare MedTech & Services conference.  Defendants admit that the excerpted text that appears within quotation marks in paragraph 78 reflects portions of statements made by Dr. Kurtz during the Oppenheimer Healthcare MedTech & Services Conference on March 13, 2024, but deny that Plaintiff's selective quotations and characterizations are accurate, complete, or have been provided with full context.  Defendants refer to audio recordings of the March 13, 2024 conference for the complete contents.  Defendants deny any emphasis added by Plaintiff through the use of italicized font.  Except as expressly admitted herein, Defendants deny the allegations in paragraph 78.

79.    Defendants deny the allegations in paragraph 79.

80.    Defendants admit that, on May 6, 2024, RxSight issued a press release and held an earnings call in connection with reporting results for 1Q24.  Defendants admit that the excerpted text that appears within quotation marks in paragraph 80 reflects portions of statements made by Dr. Kurtz during the May 6, 2024 earnings call, but deny that Plaintiff's selective quotation and characterization are accurate, complete, or have been provided with full context.  Defendants refer to audio recordings of the May 6, 2024 earnings call for the complete contents.  Defendants

DEFENDANTS' ANSWER TO AMENDED COMPLAINT, CASE NO. 8:25-CV-01596-FWS-KES          -15-

deny any emphasis added by Plaintiff through the use of italicized font. Except as expressly admitted herein, Defendants deny the allegations in paragraph 80.

81. Defendants admit that, on May 13, 2024, RxSight completed a secondary public offering of 2,053,571 shares of its common stock, at a price of $56.00 per share. Defendants admit that RxSight's gross proceeds from the offering were $115.0 million, before deducting underwriting discounts and commissions and other offering expenses. Except as expressly admitted herein, Defendants deny the allegations in paragraph 81.

82. Defendants deny the allegations in paragraph 82.

83. Defendants admit that the excerpted text that appears within quotation marks in paragraph 83 reflects portions of statements contained in the Offering Materials, but deny that Plaintiff's selective quotations and characterizations are accurate, complete, or have been provided with full context. Defendants refer to the final prospectus filed with the SEC on May 9, 2024 for its complete contents. Defendants deny any emphasis added by Plaintiff through the use of italicized font. Except as expressly admitted herein, Defendants deny the allegations in paragraph 83.

84. Defendants admit that the excerpted text that appears within quotation marks in paragraph 84 reflects portions of statements contained in an analyst report issued by J.P. Morgan on or about May 6, 2024 and an analyst report issued by Oppenheimer on or about May 7, 2024, but deny that Plaintiff's selective quotations and characterizations are accurate, complete, or have been provided with full context. Except as expressly admitted herein, Defendants deny the allegations in paragraph 84.

85. Defendants admit that Dr. Kurtz and Ms. Thunen spoke at a Bank of America Health Care Conference on May 15, 2024. Defendants admit that S&P Global prepared a transcript of certain statements during the conference. Defendants lack knowledge or information sufficient to form a belief as to the accuracy of such

DEFENDANTS' ANSWER TO AMENDED COMPLAINT, CASE NO. 8:25-CV-01596-FWS-KES                    -16-

transcript and therefore lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 85 concerning the excerpted statements by Dr. Kurtz, and on that basis, deny the allegations. Defendants note that the transcript prepared by S&P expressly states that S&P "do[es] not guarantee the accuracy, completeness, timeliness or availability of the Content [in the transcript]." Defendants further deny that the excerpted statements are complete or have been provided with full context. Except as expressly admitted herein, Defendants deny the allegations in paragraph 85.

86. Defendants admit that Ms. Thunen spoke at a Truist Securities MedTech Conference on June 18, 2024. Defendants admit that the excerpted text that appears in indented quotation format in paragraph 86 reflects portions of statements made by Ms. Thunen during the June 18, 2024 conference, but deny that Plaintiff's selective quotations and characterizations are accurate, complete, or have been provided with full context. Defendants refer to audio recordings of the June 18, 2024 conference for the complete contents. Defendants deny any emphasis added by Plaintiff through the use of italicized font. Except as expressly admitted herein, Defendants deny the allegations in paragraph 86.

87. Defendants deny the allegations in paragraph 87.

88. Defendants admit that the excerpted text that appears within quotation marks in paragraph 88 reflects portions of statements made by Ms. Thunen during the June 18, 2024 Truist Securities MedTech Conference, but deny that Plaintiff's selective quotations and characterizations are accurate, complete, or have been provided with full context. Defendants refer to audio recordings of the June 18, 2024 conference for the complete contents. Except as expressly admitted herein, Defendants deny the allegations in paragraph 88.

89. Defendants admit that Wells Fargo issued a report on July 10, 2024 regarding a survey that was conducted of 50 cataract surgeons. Defendants admit that BTIG issued a report on August 5, 2024. Defendants admit that the closing

DEFENDANTS' ANSWER TO AMENDED    -17-
COMPLAINT, CASE NO. 8:25-CV-01596-
FWS-KES

price of RxSight stock on July 9, 2024 was $56.99. Defendants admit that the closing price of RxSight stock on July 10, 2024 was $51.11. Except as expressly admitted herein, Defendants deny the allegations in paragraph 89.

90. Defendants admit that RxSight issued a press release on August 5, 2024 announcing its financial results for 2Q24. Defendants admit that RxSight held an earnings call after the market closed on August 5, 2024. Except as expressly admitted herein, Defendants deny the allegations in paragraph 90.

91. Defendants admit that the excerpted text that appears within quotation marks in paragraph 91 reflects portions of analyst questions and statements made by Dr. Kurtz and Ms. Thunen during the August 5, 2024 earnings call, but deny that Plaintiff's selective quotations and characterizations are accurate, complete, or have been provided with full context. Defendants refer to audio recordings of the August 5, 2024 earnings call for the complete contents. Defendants deny any emphasis added by Plaintiff through the use of italicized font. Except as expressly admitted herein, Defendants deny the allegations in paragraph 91.

92. Defendants admit that the excerpted text that appears within quotation marks in paragraph 92 reflects portions of statements made by Dr. Kurtz and Ms. Thunen during the August 5, 2024 earnings call, but deny that Plaintiff's selective quotations and characterizations are accurate, complete, or have been provided with full context. Defendants refer to audio recordings of the August 5, 2024 earnings call for the complete contents. Defendants deny any emphasis added by Plaintiff through the use of italicized font. Except as expressly admitted herein, Defendants deny the allegations in paragraph 92.

93. Defendants admit that RxSight's stock price closed at $40.78 on August 5, 2024. Defendants admit that RxSight's stock price closed at $47.85 on August 6, 2024. Defendants admit that RxSight's stock price closed at $56.39 per share on August 30, 2024. Except as expressly admitted herein, Defendants deny the allegations in paragraph 93.

DEFENDANTS' ANSWER TO AMENDED COMPLAINT, CASE NO. 8:25-CV-01596-FWS-KES                -18-

94. Defendants admit that the excerpted text that appears within quotation marks in paragraph 94 reflects portions of statements contained in analyst reports issued by Morgan Stanley, BTIG, and J.P. Morgan on or about August 5, 2024 and an analyst report issued by BofA on or about August 6, 2024, but deny that Plaintiff's selective quotations and characterizations are accurate, complete, or have been provided with full context. Except as expressly admitted herein, Defendants deny the allegations in paragraph 94.

95. Defendants admit that Dr. Kurtz and Ms. Thunen spoke at the September 4, 2024 Morgan Stanley Global Healthcare Conference. Defendants admit that certain of the excerpted text that appears within quotation marks in paragraph 95 reflects portions of statements made by Ms. Thunen during the September 4, 2024 conference, but deny that Plaintiff's selective quotations and characterizations are accurate, complete, or have been provided with full context. Defendants deny any emphasis added by Plaintiff through the use of italicized font. Except as expressly admitted herein, Defendants deny the allegations in paragraph 95.

96. Defendants admit that the excerpted text that appears within quotation marks in paragraph 96 reflects portions of statements contained in analyst reports issued by Morgan Stanley on or about September 4, 2024 and by Needham & Co. on or about September 13, 2024, but deny that Plaintiff's selective quotations and characterizations are accurate, complete, or have been provided with full context. Except as expressly admitted herein, Defendants deny the allegations in paragraph 96.

97. Defendants deny the allegations in paragraph 97.

98. Defendants admit that RxSight issued a press release and held an earnings call on November 7, 2024 regarding financial results for 3Q24. Defendants admit that RxSight reported the sale of 78 LDDs and the sale of 24,554 LALs. Defendants admit that they disclosed during the November 7, 2024 earnings call that

DEFENDANTS' ANSWER TO AMENDED COMPLAINT, CASE NO. 8:25-CV-01596-FWS-KES   -19-

the Company's average monthly utilization (LAL sales / LDD installs at the end of 2Q24 / 3) was 10.1 during 3Q24, down from 11 in 2Q24 and up from 8.7 in 3Q23. Defendants refer to the November 7, 2024 press release and audio recordings of the November 7, 2024 call for their complete contents. Except as expressly admitted herein, Defendants deny the allegations in paragraph 98.

99. Defendants admit that they held an earnings call on November 7, 2024 after the market closed. Defendants admit that the excerpted text that appears within quotation marks in paragraph 99 reflects portions of statements made by Dr. Kurtz during the November 7, 2024 earnings call, but deny that Plaintiff's selective quotations and characterizations are accurate, complete, or have been provided with full context. Defendants refer to audio recordings of the November 7, 2024 earnings call for the complete contents. Defendants deny any emphasis added by Plaintiff through the use of italicized font. Except as expressly admitted herein, Defendants deny the allegations in paragraph 99.

100. Defendants admit that certain of the excerpted text that appears within quotation marks in paragraph 100 reflects portions of statements made by Ms. Thunen during the November 7, 2024 earnings call, but deny that Plaintiff's selective quotations and characterizations are accurate, complete, or have been provided with full context. Defendants refer to audio recordings of the November 7, 2024 earnings call for the complete contents. Except as expressly admitted herein, Defendants deny the allegations in paragraph 100.

101. Defendants admit that certain of the excerpted text that appears within quotation marks in paragraph 101 reflects portions of statements contained in analyst reports issued by Jefferies, Wells Fargo, BTIG, BofA, and J.P. Morgan on or about November 7, 2024 and by Morgan Stanley on or about November 8, 2024, but deny that Plaintiff's selective quotations and characterizations are accurate, complete, or have been provided with full context. Except as expressly admitted herein, Defendants deny the allegations in paragraph 101.

102.   Defendants deny the allegations in paragraph 102.

103.   Defendants admit that RxSight issued a press release on January 12, 2025, announcing certain preliminary, unaudited financial and operational results for 4Q24 and FY2024.  Defendants admit that the Company reported 4Q24 LDD sales of 83 and 4Q24 LAL sales of 29,069 in the press release.  Defendants refer to the January 12, 2025 press release for its complete contents.  Except as expressly admitted herein, Defendants deny the allegations in paragraph 103.

104.   Defendants admit that Dr. Kurtz and Ms. Thunen spoke at a J.P. Morgan Healthcare Conference on January 15, 2025.  Defendants admit that the excerpted text that appears within quotation marks in paragraph 104 reflects portions of statements made by Dr. Kurtz during the conference on January 15, 2025, but deny that Plaintiff's selective quotations and characterizations are accurate, complete, or have been provided with full context.  Defendants deny any emphasis added by Plaintiff through the use of italicized font.  Except as expressly admitted herein, Defendants deny the allegations in paragraph 104.

105.   Defendants admit that the excerpted text that appears within quotation marks in paragraph 105 reflects portions of statements contained in analyst reports issued by J.P. Morgan and Wells Fargo on or about January 12, 2025 and by Morgan Stanley on or about January 13, 2025, but deny that Plaintiff's selective quotations and characterizations are accurate, complete, or have been provided with full context.  Except as expressly admitted herein, Defendants deny the allegations in paragraph 105.

106.   Defendants admit that RxSight issued a press release on February 25, 2025, announcing financial results for 4Q24 and FY24.  Defendants admit that RxSight held an earnings call on February 25, 2025.  Defendants admit that the excerpted text in indented quotation format in paragraph 106 reflects portions of statements made by Ms. Thunen during the February 25, 2025 earnings call, but deny that Plaintiff's selective quotations and characterizations are accurate,

DEFENDANTS' ANSWER TO AMENDED          -21-
COMPLAINT, CASE NO. 8:25-CV-01596-
FWS-KES

complete, or have been provided with full context. Defendants refer to audio recordings of the February 25, 2025 earnings call for the complete contents. Defendants deny any emphasis added by Plaintiff through the use of italicized font. Except as expressly admitted herein, Defendants deny the allegations in paragraph 106.

107. Defendants deny the allegations in paragraph 107.

108. Defendants admit that the excerpted text that appears within quotation marks in paragraph 108 reflects portions of statements contained in analyst reports issued by BTIG and Wells Fargo on or about February 25, 2025 and by UBS and Oppenheimer on or about February 26, 2025, but deny that Plaintiff's selective quotations and characterizations are accurate, complete, or have been provided with full context. Except as expressly admitted herein, Defendants deny the allegations in paragraph 108.

109. Defendants admit that RxSight issued a press release on April 2, 2025 announcing preliminary revenue for 1Q25 and revised annual 2025 revenue guidance. Defendants admit that the April 2, 2025 press release reported that preliminary 1Q25 revenue was expected to be approximately $37.9 million, which represented growth of 28% compared to the prior year period, and a decrease of 6% compared to 4Q24. Defendants admit that RxSight lowered its annual revenue guidance range for FY2025 from a range of $185 million - $197 million to a range of $160 million - $175 million. Defendants refer to the April 2, 2025 press release for its complete contents. Except as expressly admitted herein, Defendants deny the allegations in paragraph 109.

110. Defendants deny the allegations in paragraph 110.

111. Defendants admit that RxSight held a conference call with analysts and investors on April 3, 2025 in connection with RxSight's April 2, 2025 press release. Defendants admit that the Company reported 1Q25 LDD sales of 73 and 1Q25 LAL sales of 27,579. Defendants admit that the Company reported a decline in average

monthly utilization from 4Q24 to 1Q25.  Defendants admit that the excerpted text that appears within quotation marks in paragraph 111 reflects portions of statements made by Ms. Thunen during the April 3, 2025 conference call, but deny that Plaintiff's selective quotations and characterizations are accurate, complete, or have been provided with full context.  Defendants refer to audio recordings of the April 3, 2025 conference call for the complete contents.  Except as expressly admitted herein, Defendants deny the allegations in paragraph 111.

112.   Defendants admit that RxSight held a conference call with analysts and investors on April 3, 2025 in connection with RxSight's April 2, 2025 press release. Defendants admit that the excerpted text that appears within quotation marks in paragraph 112 reflects portions of statements made by Dr. Kurtz during the April 3, 2025 conference call, but deny that Plaintiff's selective quotations and characterizations are accurate, complete, or have been provided with full context.  Defendants refer to audio recordings of the April 3, 2025 conference call for the complete contents.  Defendants deny any emphasis added by Plaintiff through the use of italicized font.  Except as expressly admitted herein, Defendants deny the allegations in paragraph 112.

113.   Defendants admit that the excerpted text that appears within quotation marks in paragraph 113 reflects portions of an analyst's questions and portions of statements made by Dr. Kurtz during the April 3, 2025 call, but deny that Plaintiff's selective quotations and characterizations are accurate, complete, or have been provided with full context.  Defendants refer to audio recordings of the April 3, 2025 conference call for the complete contents.  Defendants deny any emphasis added by Plaintiff through the use of italicized font.  Except as expressly admitted herein, Defendants deny the allegations in paragraph 113.

114.   Defendants deny the allegations in paragraph 114.

115.   Defendants admit that the excerpted text that appears within quotation marks in paragraph 115 reflects portions of statements contained in analyst reports

issued by BofA and BTIG on or about April 3, 2025 and by UBS on or about April 8, 2025, but deny that Plaintiff's selective quotations and characterizations are accurate, complete, or have been provided with full context. Except as expressly admitted herein, Defendants deny the allegations in paragraph 115.

116. Defendants admit that RxSight's closing stock price on April 2, 2025 was $26.12. Defendants admit that RxSight's closing stock price on April 3, 2025 was $16.21. Except as expressly admitted herein, Defendants deny the allegations in paragraph 116.

117. Defendants admit that, on May 7, 2025, RxSight issued a press release and held an earnings call in connection with reporting results for 1Q25. Defendants admit that the excerpted text that appears within quotation marks in paragraph 117 reflects portions of statements made during the May 7, 2025 earnings call, but deny that Plaintiff's selective quotations and characterizations are accurate, complete, or have been provided with full context. Defendants refer to audio recordings of the May 7, 2025 earnings call for the complete contents. Except as expressly admitted herein, Defendants deny the allegations in paragraph 117.

118. Defendants admit that, on May 7, 2025, RxSight held an earnings call in connection with reporting results for 1Q25. Defendants admit that the excerpted text that appears within quotation marks in paragraph 118 reflects portions of an analyst's question and portions of statements made by Dr. Kurtz during the May 7, 2025 earnings call, but deny that Plaintiff's selective quotations and characterizations are accurate, complete, or have been provided with full context. Defendants refer to audio recordings of the May 7, 2025 earnings call for the complete contents. Defendants deny any emphasis added by Plaintiff through the use of italicized font. Except as expressly admitted herein, Defendants deny the allegations in paragraph 118.

119. Defendants deny the allegations in paragraph 119.

DEFENDANTS' ANSWER TO AMENDED       -24-
COMPLAINT, CASE NO. 8:25-CV-01596-
FWS-KES

120.   Defendants admit that the excerpted text that appears within quotation marks in paragraph 120 reflects portions of statements contained in analyst reports issued by BTIG, Jefferies, and Piper Sandler on or about May 7, 2025 and by BofA and Oppenheimer on or about May 8, 2025, but deny that Plaintiff's selective quotations and characterizations are accurate, complete, or have been provided with full context.  Except as expressly admitted herein, Defendants deny the allegations in paragraph 120.

121.   Defendants admit that RxSight issued a press release on July 8, 2025 announcing preliminary revenue for 2Q25 and revised annual 2025 revenue guidance.  Defendants admit that the July 8, 2025 press release reported the sale of 40 LDDs in 2Q25, which represented a decrease from 1Q25.  Defendants admit that the July 8, 2025 press release reported quarterly sales of 27,380 LALs.  Defendants admit that RxSight's 2025 annual revenue guidance was reduced to a range of $120 million - $130 million from $160 million - $175 million.  Defendants refer to the July 8, 2025 press release for its complete contents.  Except as expressly admitted herein, Defendants deny the allegations in paragraph 121.

122.   Defendants admit that RxSight held a conference call with analysts and investors on July 8, 2025.  Defendants admit that the excerpted text that appears within quotation marks in paragraph 122 reflects portions of statements during the July 8, 2025 call, but deny that Plaintiff's selective quotations are accurate, complete, or have been provided with full context.  Defendants refer to audio recordings of the July 8, 2025 conference call for the complete contents.  Except as expressly admitted herein, Defendants deny the allegations in paragraph 122.

123.   Defendants admit that RxSight's closing stock price on July 8, 2025 was $12.79.  Defendants admit that RxSight's closing stock price on July 9, 2025 was $7.95.  Except as expressly admitted herein, Defendants deny the allegations in paragraph 123.

124.   Defendants deny the allegations in paragraph 124.

125.   Defendants deny the allegations in paragraph 125.

126.   Defendants deny the allegations in paragraph 126.

127.   Defendants admit that RxSight's closing stock price on July 9, 2024 was $56.99.  Defendants admit that RxSight's closing stock price on July 10, 2024 was $51.11.  Except as expressly admitted herein, Defendants deny the allegations in paragraph 127.

128.   Defendants admit that, on November 7, 2024, RxSight disclosed LAL sales for 3Q24.  Defendants otherwise deny the allegations in paragraph 128.

129.   Defendants admit that the excerpted text that appears within quotation marks in paragraph 129 reflects portions of statements contained in analyst reports issued by Jefferies and BofA on or about November 7, 2024, but deny that Plaintiff's selective quotations and characterizations are accurate, complete, or have been provided with full context.  Except as expressly admitted herein, Defendants deny the allegations in paragraph 129.

130.   Defendants admit that RxSight's closing stock price on November 7, 2024 was $50.85.  Defendants admit that RxSight's closing stock price on November 8, 2024 was $48.01.  Except as expressly admitted herein, Defendants deny the allegations in paragraph 130.

131.   Defendants deny the allegations in paragraph 131.

132.   Defendants admit that the excerpted text that appears within quotation marks in paragraph 132 reflects portions of statements contained in analyst reports issued by J.P. Morgan and Wells Fargo on or about January 12, 2025 and by Morgan Stanley on or about January 13, 2025, but deny that Plaintiff's selective quotations and characterizations are accurate, complete, or have been provided with full context.  Except as expressly admitted herein, Defendants deny the allegations in paragraph 132.

133.   Defendants admit that RxSight's closing stock price on January 10, 2025 was $33.43.  Defendants admit that RxSight's closing stock price on January

DEFENDANTS' ANSWER TO AMENDED COMPLAINT, CASE NO. 8:25-CV-01596-FWS-KES                -26-

13, 2025 was $30.72.  Except as expressly admitted herein, Defendants deny the allegations in paragraph 133.

134.    Defendants admit that RxSight held a conference call with analysts and investors on April 3, 2025.  Defendants admit that the Company reported 1Q25 LDD sales of 73 and 1Q25 LAL sales of 27,579.  Defendants admit that the Company reported a decline in average monthly utilization from 4Q24 to 1Q25.  Defendants admit that RxSight's annual revenue guidance for fiscal 2025 was lowered from a range of $185 million - $197 million to a range of $160 million - $175 million.  Defendants refer to audio recordings of the April 3, 2025 conference call for the complete contents.  Except as expressly admitted herein, Defendants deny the allegations in paragraph 134.

135.    Defendants admit that the excerpted text that appears within quotation marks in paragraph 135 reflects portions of statements contained in analyst reports issued by BofA and BTIG on or about April 3, 2025, but deny that Plaintiff's selective quotations and characterizations are accurate, complete, or have been provided with full context.  Except as expressly admitted herein, Defendants deny the allegations in paragraph 135.

136.    Defendants admit that RxSight's closing stock price on April 2, 2025 was $26.12.  Defendants admit that RxSight's closing stock price on April 3, 2025 was $16.21.  Except as expressly admitted herein, Defendants deny the allegations in paragraph 136.

137.    Defendants admit that RxSight issued a press release on July 8, 2025 announcing preliminary revenue for 2Q25 and revised annual 2025 revenue guidance.  Defendants admit that the July 8, 2025 press release reported the sale of 40 LDDs, which represented a decrease from 1Q25.  Defendants admit that the July 8, 2025 press release reported quarterly sales of 27,380 LALs.  Defendants admit that RxSight's 2025 annual revenue guidance was reduced to a range of $120 million - $130 million from $160 million - $175 million.  Defendants refer to the July 8,

DEFENDANTS' ANSWER TO AMENDED          -27-
COMPLAINT, CASE NO. 8:25-CV-01596-
FWS-KES

2025 press release for its complete contents. Except as expressly admitted herein, Defendants deny the allegations in paragraph 137.

138. Defendants admit that RxSight held a conference call with analysts and investors on July 8, 2025. Defendants admit that certain of the excerpted text that appears within quotation marks in paragraph 138 reflects portions of statements during the July 8, 2025 call, but deny that Plaintiff's selective quotations and characterizations are accurate, complete, or have been provided with full context. Defendants refer to audio recordings of the July 8, 2025 conference call for the complete contents. Except as expressly admitted herein, Defendants deny the allegations in paragraph 138.

139. Defendants admit that certain of the excerpted text that appears within quotation marks in paragraph 139 reflects portions of statements contained in analyst reports issued by UBS and Wells Fargo on or about July 8, 2025 and by BofA on or about July 9, 2025, but deny that Plaintiff's selective quotations and characterizations are accurate, complete, or have been provided with full context. Except as expressly admitted herein, Defendants deny the allegations in paragraph 139.

140. Defendants admit that RxSight's closing stock price on July 8, 2025 was $12.79. Defendants admit that RxSight's closing stock price on July 9, 2025 was $7.95. Except as expressly admitted herein, Defendants deny the allegations in paragraph 140.

141. Defendants deny the allegations in paragraph 141.

142. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding market and industry sectors, and on that basis, deny the allegations. Defendants otherwise deny the allegations in paragraph 142.

143. Defendants deny the allegations in paragraph 143.

DEFENDANTS' ANSWER TO AMENDED          -28-
COMPLAINT, CASE NO. 8:25-CV-01596-
FWS-KES

144. Defendants admit that the excerpted text that appears within quotation marks in the last sentence of paragraph 144 reflects portions of Item 303 of SEC Regulation S-K, 17 C.F.R. §299.303, but deny that Plaintiff's selective quotations and characterizations are accurate, complete, or have been provided with full context. Except as expressly admitted herein, Defendants deny the allegations in paragraph 144.

145. Defendants admit that the excerpted text that appears within quotation marks in paragraph 145 reflects portions of statements in the referenced SEC filings, but deny that Plaintiff's selective quotations and characterizations are accurate, complete, or have been provided with full context. Defendants refer to RxSight's Forms 10-Q filed with the SEC on May 6, 2024, August 5, 2024, November 7, 2024, and May 7, 2025, and Form 10-K, filed with the SEC on February 25, 2025, for their complete contents. Defendants deny any emphasis added by Plaintiff through the use of italicized font. Except as expressly admitted herein, Defendants deny the allegations in paragraph 145.

146. Defendants deny the allegations in paragraph 146.

147. Defendants deny the allegations in paragraph 147.

148. Defendants deny the allegations in paragraph 148.

149. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the unidentified public filings and statements in the first sentence of paragraph 149, and on that basis, deny the allegations. Defendants otherwise deny the allegations in paragraph 149.

150. Defendants deny the allegations in paragraph 150.

151. Defendants deny the allegations in paragraph 151.

152. Defendants deny the allegations in paragraph 152.

153. Defendants deny the allegations in paragraph 153.

154. Defendants deny the allegations in the first sentence of paragraph 154. Defendants admit that Ms. Thunen spoke at a January 10, 2024 J.P. Morgan

Healthcare Conference.  Defendants admit that S&P Global prepared a transcript of certain statements during the conference.  Defendants lack knowledge or information sufficient to form a belief as to the accuracy of such transcript and therefore lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 154 concerning the excerpted statements purportedly made by Ms. Thunen, and on that basis, deny the allegations.  Defendants note that the transcript prepared by S&P expressly states that S&P "do[es] not guarantee the accuracy, completeness, timeliness or availability of the Content [in the transcript]." Defendants further deny that the excerpted statements are complete or have been provided with full context.  Except as expressly admitted herein, Defendants deny the allegations in paragraph 154.

155.  Defendants admit that Dr. Kurtz spoke at a Bank of America Health Care Conference on May 15, 2024.  Defendants admit that S&P Global prepared a transcript of certain statements during the conference.  Defendants lack knowledge or information sufficient to form a belief as to the accuracy of such transcript and therefore lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 155 concerning the excerpted statements by Dr. Kurtz, and on that basis, deny the allegations.  Defendants note that the transcript prepared by S&P expressly states that S&P "do[es] not guarantee the accuracy, completeness, timeliness or availability of the Content [in the transcript]."  Defendants further deny that the excerpted statements are complete or have been provided with full context.  Except as expressly admitted herein, Defendants deny the allegations in paragraph 155.

156.  Defendants admit that Dr. Kurtz spoke at the September 4, 2024 Morgan Stanley Global Healthcare Conference.  Defendants admit that the excerpted text that appears within quotation marks in paragraph 156 reflects portions of statements made by Dr. Kurtz during the September 4, 2024 conference, but deny that Plaintiff's selective quotations and characterizations are accurate, complete, or

have been provided with full context.  Defendants deny any emphasis added by Plaintiff through the use of italicized font.  Defendants refer to audio recordings of the September 4, 2024 conference for the complete contents.  Except as expressly admitted herein, Defendants deny the allegations in paragraph 156.

157.   Defendants admit that Dr. Kurtz spoke at the September 5, 2024 Wells Fargo Healthcare Conference.  Defendants admit that the excerpted text that appears in indented quotation format in paragraph 157 reflects portions of statements made by Dr. Kurtz during the September 5, 2024 conference, but deny that Plaintiff's selective quotations and characterizations are accurate, complete, or have been provided with full context. Defendants deny any emphasis added by Plaintiff through the use of italicized font.  Defendants refer to audio recordings of the September 5, 2024 conference for the complete contents.  Except as expressly admitted herein, Defendants deny the allegations in paragraph 157.

158.   Defendants admit that the excerpted text that appears within quotation marks in paragraph 158 reflects portions of statements made by Ms. Thunen during the November 7, 2024 earnings call, but deny that Plaintiff's selective quotations and characterizations are accurate, complete, or have been provided with full context.  Defendants refer to audio recordings of the November 7, 2024 earnings call for the complete contents. Defendants deny any emphasis added by Plaintiff through the use of italicized font.  Except as expressly admitted herein, Defendants deny the allegations in paragraph 158.

159.   Defendants admit that the excerpted text that appears within quotation marks in paragraph 159 reflects a portion of statements made by Ms. Thunen during the November 7, 2024 earnings call, but deny that Plaintiff's selective quotation and characterization are accurate, complete, or have been provided with full context.  Defendants refer to audio recordings of the November 7, 2024 earnings call for the complete contents.  Defendants deny any emphasis added by Plaintiff through

DEFENDANTS' ANSWER TO AMENDED         -31-
COMPLAINT, CASE NO. 8:25-CV-01596-
FWS-KES

the use of italicized font.  Except as expressly admitted herein, Defendants deny the allegations in paragraph 159.

160.  Defendants admit that Dr. Kurtz and Ms. Thunen were senior officers at RxSight during the putative class period and, in that capacity, were involved in certain elements of the management of RxSight.  Except as expressly admitted herein, Defendants deny the allegations in paragraph 160.

161.  Defendants admit that Dr. Kurtz and Ms. Thunen made public statements on earnings calls and investor conferences about RxSight's products.  Except as expressly admitted herein, Defendants deny the allegations in paragraph 161 and incorporate by reference herein Defendants' responses to the listed paragraphs.

162.  Defendants admit that Dr. Kurtz and Ms. Thunen are knowledgeable about RxSight's products.  Except as expressly admitted herein, Defendants deny the allegations in paragraph 162 and incorporate by reference herein Defendants' responses to the listed paragraphs.

163.  Defendants admit that Dr. Kurtz and Ms. Thunen had access to certain confidential information regarding the Company's business.  Defendants admit that Dr. Kurtz and Ms. Thunen attended Board meetings.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the vague allegations regarding unidentified meetings, reports, and calls, and on that basis, deny the allegations.  Except as expressly admitted herein, Defendants deny the allegations in paragraph 163.

164.  Defendants admit that Dr. Kurtz and Ms. Thunen signed SOX certifications.  To the extent that paragraph 164 contains Plaintiff's legal conclusions regarding the federal securities laws and SEC disclosure requirements, no response to such legal conclusions is required.  Except as expressly admitted herein, Defendants deny the allegations in paragraph 164.

165. Defendants admit that Dr. Kurtz and Ms. Thunen were senior officers at RxSight during the putative class period and, in that capacity, were involved in the preparation or review of various SEC filings, press releases, and other public statements by RxSight during the putative class period consistent with their respective positions at the Company. Defendants admit that Dr. Kurtz and Ms. Thunen attended earnings calls during the putative class period. Defendants admit that Dr. Kurtz and Ms. Thunen signed Forms 10-K and 10-Q during the putative class period. Defendants deny the allegations in paragraph 165 to the extent that Plaintiff attempts to characterize Dr. Kurtz and Ms. Thunen as exercising personal oversight over the details and contents of all filings with the SEC, press releases, and other public statements. Except as expressly admitted herein, Defendants deny the allegations in paragraph 165.

166. Defendants admit that Dr. Kurtz sold 165,000 shares of RxSight stock between December 2023 and May 2024, pursuant to a Rule 10b5-1 plan that he entered into prior to the start of the class period. Defendants admit that Ms. Thunen sold 180,174 shares of RxSight stock between December 2023 and October 2024, many of which were sold pursuant to Rule 10b5-1 plans entered into prior to the start of the class period. Except as expressly admitted herein, Defendants deny the allegations in paragraph 166.

167. Defendants admit that Eric Weinberg sold 50,000 shares of RxSight stock between December 2023 and February 2024 pursuant to a Rule 10b5-1 plan that he entered into prior to the start of the class period. Defendants admit that Ilya Goldshleger sold 166,861 shares of RxSight stock between December 2023 and November 2024 pursuant to Rule 10b5-1 plans. Except as expressly admitted herein, Defendants deny the allegations in paragraph 167.

168. Defendants admit that, on May 13, 2024, RxSight completed a secondary public offering of 2,053,571 shares of its common stock, at a price of $56.00 per share. Defendants admit that RxSight's gross proceeds from the offering

DEFENDANTS' ANSWER TO AMENDED COMPLAINT, CASE NO. 8:25-CV-01596-FWS-KES                    -33-

were $115.0 million, before deducting underwriting discounts and commissions and other offering expenses. Except as expressly admitted herein, Defendants deny the allegations in paragraph 168.

169. Defendants deny the allegations in paragraph 169.

170. Defendants deny the allegations in paragraph 170.

171. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning when Plaintiff or other potential class members may have purchased RxSight shares, and on that basis, deny the allegations. Except as expressly admitted herein, Defendants deny the allegations in paragraph 171.

172. Defendants admit that RxSight common stock traded on the NASDAQ during the putative class period. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning average daily trading volume, and on that basis, deny the allegations. Defendants admit that RxSight filed periodic reports with the SEC. Defendants admit that multiple financial analysts covered RxSight during the putative class period. Defendants admit that RxSight was eligible to file a registration statement on SEC Form S-3. Defendants admit that RxSight communicated with investors and analysts during the putative class period. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations that RxSight common stock traded in an efficient market throughout the putative class period, which requires expert analysis, and on that basis, deny the allegations. Except as expressly admitted herein, Defendants deny the allegations in paragraph 172.

173. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations that RxSight stock promptly digested material information from all publicly available sources, which requires expert analysis, and on that basis, deny the allegations. Defendants deny the remaining allegations in paragraph 173.

DEFENDANTS' ANSWER TO AMENDED           -34-
COMPLAINT, CASE NO. 8:25-CV-01596-
FWS-KES

174. Defendants admit that Plaintiff purports to bring this action as a class action on behalf of a putative class of all those who purchased or otherwise acquired RxSight common stock between November 9, 2023 and July 8, 2025, excluding Defendants, presiding judicial officers, and their families and affiliates. Defendants deny that class certification is appropriate. Except as expressly admitted herein, Defendants deny the allegations in paragraph 174.

175. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning the number of putative class members, and on that basis, deny the allegations. Defendants admit that RxSight stock traded on the NASDAQ during the period November 9, 2023 through July 8, 2025. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning the number of shares of RxSight common stock that traded on the NASDAQ during the putative class period, and on that basis, deny the allegations. Defendants admit that RxSight and/or its transfer agent possess certain records that reflect record owners of RxSight's shares. Except as expressly admitted herein, Defendants deny the allegations in paragraph 175.

176. Defendants deny the allegations in paragraph 176.

177. Defendants deny the allegations in paragraph 177.

178. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 178, and on that basis, deny the allegations in paragraph 178.

179. Defendants deny the allegations in paragraph 179.

180. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 180 regarding Plaintiff, and on that basis, deny the allegations.

181. Defendants incorporate their responses to paragraphs 1-180 as though fully set forth herein.

182. Defendants deny the allegations in paragraph 182.

DEFENDANTS' ANSWER TO AMENDED COMPLAINT, CASE NO. 8:25-CV-01596-FWS-KES          -35-

183.   Defendants deny the allegations in paragraph 183.

184.   Defendants deny the allegations in paragraph 184.

185.   Defendants deny the allegations in paragraph 185.

186.   Defendants deny the allegations in paragraph 186.

187.   Defendants deny the allegations in paragraph 187.

188.   Defendants deny the allegations in paragraph 188.

189.   Defendants deny the allegations in paragraph 189.

190.   The Individual Defendants incorporate their responses to paragraphs 1-189 as though fully set forth herein.

191.   The Individual Defendants deny the allegations in paragraph 191.

192.   The Individual Defendants deny the allegations in paragraph 192.

193.   The Individual Defendants deny the allegations in paragraph 193.

194.   The Individual Defendants deny the allegations in paragraph 194.

To the extent any response is required to Plaintiff's Prayer for Relief, Defendants deny each and every allegation therein.

## AFFIRMATIVE DEFENSES

Defendants affirmatively state the following separate and affirmative defenses to the FAC, and in doing so, do not assume the burden to establish any fact or proposition necessary to that affirmative defense where that burden is properly imposed on Plaintiff.  Defendants expressly reserve the right to seek leave to amend or delete any of the following defenses as warranted by discovery or other investigation or as justice may require.

### First Affirmative Defense

The claims of Plaintiff and members of the putative class are barred, in whole or in part, because the risks of investing in RxSight securities were publicly disclosed to Plaintiff and the market at all relevant times.  Each putative class member knew or should have known of the risks associated with RxSight's business, and in failing to consider these risks, each class member assumed the risk that such person or entity might be damaged by purchasing or acquiring RxSight securities.

### Second Affirmative Defense

The claims of Plaintiff and members of the putative class are barred, in whole or in part, because each and every Individual Defendant alleged to be a control person under Section 20(a) of the Exchange Act acted in good faith and did not directly or indirectly induce the act or acts constituting the alleged violations and causes of action.

### Third Affirmative Defense

The claims of Plaintiff and members of the putative class are barred, in whole or in part, because many of the matters now claimed by the FAC to be the subject of misrepresentations or omissions were publicly disclosed or were in the public domain at the relevant time and, as such, were available to Plaintiff and other

members of the putative class and were at all times reflected in the price of RxSight's securities.

## Fourth Affirmative Defense

The claims of members of the putative class who purchased RxSight stock despite knowledge of alleged misrepresentations or omissions are barred, in whole or in part, by the equitable doctrine of waiver.

## Fifth Affirmative Defense

To the extent that Plaintiff and other members of the putative plaintiff class failed to make reasonable efforts to mitigate any alleged injury or damage, including for example, upon learning of any purported misrepresentations or omissions, they are barred, in whole or in part, from recovering for their alleged injury or damage.

## Sixth Affirmative Defense

The losses by Plaintiff or other putative class members, if any, were not caused by any misstatement or omission by Defendants, and this action is barred in whole or in part, because any increase or decrease in the value of RxSight's securities was and is, wholly or partially, the result of market conditions or other factors and not the result of any alleged wrongful conduct by Defendants.

## Seventh Affirmative Defense

Any recovery for damages allegedly incurred by Plaintiff and members of the Class, if any, is subject to offset in the amount of any benefits, including the amount of any tax benefits, actually received by Plaintiff or members of the Class through their investments.

## Eighth Affirmative Defense

With respect to Plaintiff's claims under Section 10(b) of the Exchange Act, any recovery for damages allegedly incurred by Plaintiff and members of the putative class, if any, is limited to the percentage of responsibility of each Defendant in proportion to the total fault of all persons, named as parties to this action or not, who caused or contributed to the alleged damages of Plaintiff and members of the

DEFENDANTS' ANSWER TO AMENDED COMPLAINT, CASE NO. 8:25-CV-01596-FWS-KES

-38-

putative class, pursuant to the proportionate liability provisions of Section 21D(f) of the Exchange Act, 15 U.S.C. § 78u-4(f).

## Ninth Affirmative Defense

Plaintiff's insider trading and fraud claims are barred, in whole or in part, to the extent that the challenged stock transactions in the FAC were made pursuant to Rule 10b5-1 trading plans.  17 C.F.R. § 240.10b5-1(c).

## Tenth Affirmative Defense

The claims of Plaintiff and members of the putative class are barred, in whole or in part, to the extent that Plaintiff and members of the putative class (i) were aware of the challenged statements; and/or (ii) did not rely upon any of the challenged statements in purchasing RxSight's securities; and/or (iii) would have acquired RxSight securities even if, when those securities were acquired, Plaintiff and each member of the putative class would have known of the alleged misrepresentations or omissions, or other alleged wrongful conduct upon which RxSight's purported liability rests.

## Eleventh Affirmative Defense

Plaintiff's claims are barred, in whole, or in part, because Defendants relied in good faith on the advice and professional judgment of experts and professional advisors as to matters which they reasonably believed to be within such persons' professional or expert competence.

## Additional Affirmative Defenses

Defendants reserve the right to assert any further or additional defenses upon receiving more complete information regarding the matters alleged in the FAC, through discovery or otherwise.

***

DEFENDANTS' ANSWER TO AMENDED COMPLAINT, CASE NO. 8:25-CV-01596-FWS-KES

-39-

WHEREFORE, Defendants pray that the Court enter judgment as follows:

1. That judgment be entered in favor of Defendants;

2. That Plaintiff and the putative class take nothing from Defendants by this FAC, and that the same be dismissed with prejudice;

3. For costs, attorneys' fees, and expert witness fees incurred herein; and

4. For such other relief as the Court deems just and proper.

Dated:  June 9, 2026

WILSON SONSINI GOODRICH & ROSATI,
Professional Corporation

By:   /s/ *Gregory L. Watts*
Gregory L. Watts
Email: gwatts@wsgr.com

*Attorneys for Defendants RxSight, Inc., Ron Kurtz, and Shelley Thunen*

DEFENDANTS' ANSWER TO AMENDED COMPLAINT, CASE NO. 8:25-CV-01596-FWS-KES

-40-